# FORM FOR USE IN APPLICATIONS
## FOR HABEAS CORPUS UNDER 28 U.S.C. † 2254

Name: Charles Smith, Sr.

Prison Number: #129560

Place of Confinement: Draper Correctional Facility, Post Office Box 1107 – Elmore, Ala 36025-1107

United States District Court **Middle** District of **Alabama**

Case No. 2:05 CV 935-T
(To be supplied by Clerk of U. S. District Court)

Charles Smith, Sr.
(Full Name) (Include name under which you were convicted), PETITIONER

James Deloach
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner), RESPONDENT

and

THE ATTORNEY GENERAL OF THE STATE OF **Alabama**
Troy King: Attorney General., ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is</u>:

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack _Montgomery County Circuit Court (Montgomery, Alabama)_
2. Date of judgment of conviction _October 29, 2002_
3. Length of sentence _20 yrs._ Sentencing Judge _Sally Greenhaw_

(b) As to any second petition, application or motion give the same information:
   (1) Name of court _Alabama Court of Criminal Appeals_
   (2) Nature of proceeding _Appealing post-conviction petition from the Circuit court of Montgomery county, Ala._
   (3) Grounds raised _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
   (5) Result _A_
   (6) Date of result _____

(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _Alabama Court of Criminal Appeals_
   (2) Nature of proceeding _Application for rehearing_
   (3) Grounds raised _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
   (5) Result _Denied or not accepted by this court._
   (6) Date of result _April 11, 2005. (certificate of Judgment)._

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc. _Direct Appeal_ Yes ( ) No (✓)
   (2) Second petition, etc. Yes (✓) No (✓)
   (3) Third petition, etc. Yes (✓) No ( )

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _Concerning my Direct Appeal, counsel for the defendant; Ms. Kelly Vickees of post office Box 230803 - Montgomery, Alabama 36123, did not want to pursue appealing my Direct Appeal concerning a application for rehearing to the Alabama court of criminal appeals and then appealing my direct appeal to the Alabama Supreme court in a writ of Certeorari; in which is the highest court of Alabama. I have also exhibited a letter from this attorney in whom I filed a complaint to the Ala. State Bar as of December 31, 2003. This is part of my post-conviction petition filed with the Montgomery County circuit court._

4. Nature of offense or offenses for which you were convicted: Robbery in the first degree

5. What was your plea? (check one)
   (a) Not guilty (✓)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury (✓)
   (b) Judge only ( )

7. Did you testify at the trial? Yes (✓) No ( )

8. Did you appeal from the judgment of conviction? Yes (✓) No ( )

9. If you did appeal, answer the following:
   (a) Name of court Ala. Court of Criminal Appeals
   (b) Result Affirmed by a unpublished memorandum opinion
   (c) Date of result Certificate of Judgment June 10, 2003
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: Appellate attorney: Ms. Kelly Vickers is failure to perfect the defendants appeal by exhausting the defendants appeal process to the Ala. Supreme Court on a Writ of Certeorari.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (✓) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court Montgomery County Circuit Court
        (2) Nature of proceeding Rule 32 motion (post-conviction petition).
        (3) Grounds raised (1) The trial court erred by denying the petitioner's two oral motions seeking a judgment of acquittal during trial.; (2) The trial court erred in denying the petitioner's motion for new counsel and for a continuance thus depriving him of effective assistance of trial counsel.; (3) see attached sheet.
        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
        (5) Result Denied by circuit courts ORDER
        (6) Date of result October 5, 2004

Continuation from Number eleven (11)

11.

If your answer to 10 was "yes", give the following information:

(a) (1) Name of court  Montgomery County Circuit Court

(2) Nature of proceeding  Rule 32 motion (post-conviction petition.

(3) Grounds Raised ;(3) The trial court erred by ruling the petitioner's Due Process rights were violated by the Montgomery Police Department's inadvertent loss of the video-tape shot from the police vehicle that chased the petitioner on the night the offense in question was committed.;(4) The trial court erred by sentencing the defendant to a 20-year term of imprisonment without stating the reasons therefor.; (5) The trial court erred in sentencing the defendant under the Habitual Felony Offender Act, section 13A-5-9 (HFOA).; (6) The trial court had no jurisdiction to impose sentence due to a faulty arrest warrant and indictment

; (7) The indictment was fatally flawed on its face, thus depriving the court of jurisdiction to render judgment and impose sentence; (8) Did trial counsel render the appellant effective assistance of counsel under the 6th Amendment of the United States Constitution, at trial level?; (9) Did appellate counsel also render the appellant effective assistance of counsel under the Sixth Amendment of the United States Constitution at the appellant's direct appeal level for failing to properly raise ineffectiveness of trial counsel?

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: <u>INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL</u>

Supporting FACTS (tell your story briefly without citing cases or law): ON THE DAY OF TRIAL, TRIAL COUNSEL WANTED ONLY TO WITHDRAW FROM PETITIONER'S CASE BUT WAS FORCED TO CONTINUE BY TRIAL COURT; ON THE DAY OF TRIAL, COUNSEL DID NOT HAVE ANY FACTS IN HIS FILE CONCERNING PETITIONER'S CASE, AND WAS UNPREPARED FOR TRIAL, COUNSEL FAILED TO OBJECT TO AND PROPERLY PRESERVE ISSUES FOR APPEAL, SUCH AS, THE FLAWED INDICTMENT, AND THE MISSING VIDEO TAPE OF AN ALLEGED CHASE ████████ THAT COULD HAVE EXONERATED PETITIONER, OR AT THE LEAST, CAST SERIOUS DOUBT. APPELLATE COUNSEL TO RAISE THESE AND OTHER ISSUES UNDER INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHICH RENDERED HER ASSISTANCE ON APPEAL INEFFECTIVE.

B. Ground two: <u>TRIAL COURT ERRED DENYING PETITIONER'S MOTION FOR CONTINUANCE AND NEW COUNSEL</u>

Supporting FACTS (tell your story briefly without citing cases or law): THE COMMULATIVE EFFECTS OF A, C, AND D, IN THE INTEREST OF FAIRNESS AND JUSTICE, PETITIONER'S MOTION FOR A CONTINUANCE AND NEW TRIAL COUNSEL HAVE BEEN GRANTED

C. Ground three: <u>TRIAL COURT WAS WITHOUT JURISDICTION BECAUSE THE INDICTMENT WAS FATALLY FLAWED ON ITS FACE</u>

Supporting FACTS (tell your story briefly without citing cases or law): THE VICTIM'S NAMED ON THE INDICTMENT WAS NOT THE VICTIM NAMED AND PROVEN AT TRIAL

D. Ground four: <u>COURT ERRED IN SENTENCING PETITIONER UNDER H.F.O.A. AND/OR SENTENCE EXCEEDS THE MAXIMUM ALLOWED BY STATUTE</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): <u>STATE FAILED TO GIVE REQUIRED TIMELY AND PROPER NOTICE OF INTENT TO SENTENCE PETITIONER UNDER THE HABITUAL FELONY OFFENDER ACT; THE STATE FAILED TO PRESENT THREE (3) CERTIFIED COPIES OF THREE (3) PRIOR FELONY CONVICTIONS</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: <u>PETITIONER IMPLIED BUT DID NOT CLEARLY STATE THAT THE TOTALITY OF A, B, C AND D EFFECTIVELY DENIED PETITIONER OF THE RIGHT TO FAIR AND IMPARTIAL TRIAL, AND THE RIGHT TO EQUAL JUSTICE, AS GUARANTEED BY THE FIFTH (5TH), SIXTH (6TH) AND FOURTEENTH (14TH) AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND THE 1901 CONSTITUTION OF ALABAMA</u>

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?   Yes ( )   No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing <u>I WAS DENIED A PRELIMINARY HEARING AND HAD NO ATTORNEY DURING THIS STAGE.</u>
(b) At arraignment and plea <u>MR. WINSTON DURRANT OF 445-C SOUTH MCDONOUGH STREET - MONTGOMERY, ALA 36104</u>
(c) At trial <u>MR. W. DURRANT (SAME ADDRESS ABOVE.</u>
(d) At sentencing <u>MR. W. DURRANT</u>
(e) On appeal <u>MS. KELLY VICKERS (ATTORNEY AT LAW) OF POST OFFICE BOX 230803 - MONTGOMERY, ALA 36123</u>

(f) In any post-conviction proceeding __None. Have already Received an certificate of Judgment (April 11, 2005).__

(g) On appeal from any adverse ruling in a post-conviction proceeding: __None — see also Above (f).__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ( )   No (✓)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( )   No (✓)

   (a) If so, give name and location of court which imposed sentence to be served in the future: __None__

   (b) And give date and length of sentence to be served in the future: __None__

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( )   No (✓)

   Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

__No Attorney__
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____
                                                                            (date)

__Charles Smith Sr.__
Signature of Petitioner