IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES SMITH, SR., <br> AIS #129560, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) <br> ) | CIVIL ACTION NO. |
| vs. | ) <br> ) | 2:05-CV-935-T |
| WARDEN JAMES DELOACH, <br> and the ALABAMA ATTORNEY <br> GENERAL, | ) <br> ) <br> ) <br> ) | |
| Respondents. | ) | |

**ANSWER**

Come now Respondents, by and through the Alabama Attorney General, following this Court's order issued October 6, 2005, and answer Smith's instant Section 2254 petition as follows:

1. Respondents admit Smith was convicted by a jury in the Montgomery County, Alabama, Circuit Court on October 28 and 29, 2002, of first degree robbery and was sentenced on November 12, 2002, to twenty years in the penitentiary. His incarceration is the lawful result of that conviction and sentence.

2. Respondents aver that the instant Section 2254 petition is barred by the one-year period of limitation of Title 28 U.S.C. §2244(d).

3. Respondents deny that Smith's conviction was the result of ineffective assistance of trial and appellate counsel and aver that these claims are procedurally defaulted.

4. Respondents deny that Smith's conviction was the result of the trial court's erroneous denial of Smith's motion for continuance and for new counsel. This claim is procedurally defaulted.

5. Respondents deny that Smith's conviction resulted from a misnomer of the victim's name in the indictment. This claim is procedurally defaulted.

6. Respondents deny that Smith's sentence under the Alabama Habitual Felony Offender Law exceeds the maximum authorized by law. This claim is procedurally defaulted.

7. Respondents deny that Smith is entitled to any of the relief he has requested.

**PROCEDURAL HISTORY**

8. On October 29, 2005, a Montgomery County jury found Smith guilty of first degree robbery. (Exhibit A, C. 3, 23) He was sentenced to twenty years in the penitentiary. (Exhibit A, C. 2) Smith appealed his conviction and sentence to the Alabama Court of Criminal Appeals. (Exhibit A, C. 2) Briefs were filed by the parties. (Exhibits B and C) Smith raised issues on direct appeal, as follows:

2

    I.      Did the trial court correctly deny Smith's motions for judgment of acquittal, because the evidence was sufficient to support his conviction of robbery in the first degree?

    II.     Did the trial court exercise sound discretion by denying Smith's motion for new counsel and for a continuance?

    III.    Did the trial court correctly hold that the recycling of a videotape by police did not amount to a violation of due process?

(Exhibits B and D) On May 23, 2003, the Alabama Court of Criminal Appeals affirmed by memorandum, holding that Smith's issues were procedurally barred or meritless. (Exhibit D) Smith did not file an application for rehearing in the Court of Criminal Appeals, and he did not file a petition for writ of certiorari in the Supreme Court of Alabama. (Smith's §2254 Petition, Paragraph 11(d)) The certificate of judgment was issued on June 10, 2003. (Exhibit E)

On January 27, 2004, Smith filed a Rule 32 petition in the Montgomery County Circuit Court and alleged several issues, as follows:

    I.      The Trial Court erred by denying the Petitioner's two oral motions seeking a judgment of acquittal during trial;

    II.     The Trial Court erred in denying the Petitioner's motion for new counsel and for a continuance thus depriving him of effective assistance of trial counsel;

    III.    The Trial Court erred by ruling the Petitioner's Due Process rights were not violated by the Montgomery Police Department's inadvertent loss of the videotape shot from the police vehicle that chased the Petitioner on the night the offense in question was committed;

3

IV. The Trial Court erred by sentencing the defendant to a 20-year term of imprisonment without stating the reasons therefore;

V. The Trial Court erred in sentencing the defendant under the Habitual Felony Offender Act, Section 13A-5-9 (HFOA);

VI. The Trial Court had no jurisdiction to impose sentence due to a faulty arrest warrant and indictment; and,

VII. The indictment was fatally flawed on its face, thus depriving the court of jurisdiction to render judgment and impose sentence.

(Exhibit F, C. 64-67) No evidentiary hearing was held in the matter.

On October 5, 2004, the trial court issued a written order denying Smith's Rule 32 petition. (Exhibit F, C. 78-81) Smith appealed that denial to the Alabama Court of Criminal Appeals. (Exhibit F, C. 82) Briefs were filed by the parties. (Exhibits G and H) Smith raised these same claims in his Rule 32 appeal. (Exhibits G and I)

The Court of Criminal Appeals affirmed by memorandum on February 18, 2005. (Exhibit I) Smith's application for rehearing was overruled on March 18, 2005. (Exhibits J and K) His petition for writ of certiorari was dismissed, as untimely filed, on April 11, 2005. (Exhibits L and M) The certificate of judgment was issued that same date. (Exhibits N)

On September 27, 2005, Smith filed the instant Section 2254 petition and alleged claims, as follows:

4

    I.      Ineffective assistance of trial and appellate counsel;

    II.     Trial court erred by denying Smith's motion for continuance and for new counsel;

    III.    Flawed indictment, because victim named in indictment was different to victim proved at trial; and,

    IV.    Sentence exceeded maximum authorized by law.

All of these issues are exhausted, or it would be futile to try to exhaust them now. They are all procedurally defaulted and time-barred.

### One-Year Period Of Limitation Under 28 U.S.C. §2244(d)

9. Smith's petition is barred by the one-year period of limitation of Title 28 U.S.C. §2244(d). Smith's direct appeal ended on June 10, 2003, with the issuance of the certificate of judgment, where Smith did not petition the Supreme Court of Alabama for certiorari, well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat 1212 (1996) codified in pertinent part at Title 28 U.S.C. §2244(d). The one-year period of limitation applicable to his case should run from June 10, 2003, because Smith did not seek review in the Supreme Court of Alabama. (See 28 U.S.C. §2244(d)(1)(A)). Therefore, Smith's Section 2254 petition, to be timely, should have been filed no later than June 11, 2004. It was, in fact, filed no earlier than

September 27, 2005, which was more than fifteen months after the expiration of the one-year period.

Under Title 28 U.S.C. §2244(d)(2), the legislatively-created one-year period of limitation may be tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending…". On January 27, 2004, seven months and seventeen days into Smith's one-year time period for filing a Section 2254 petition, Smith filed a Rule 32 petition in the Montgomery County Circuit Court. (Exhibit F, C. 2-59) This petition remained pending in the state courts until April 11, 2005, when Smith's petition for writ of certiorari, filed in the Supreme Court of Alabama, was dismissed as untimely filed. (Exhibits F-M) Smith then had four months and thirteen days remaining of his one-year time period to file a timely Section 2254 petition, up to August 25, 2005. Smith's Section 2254 petition was not filed until September 27, 2005, a month and two days late. His habeas corpus petition is time-barred.

## PROCEDURAL DEFAULT

10. Smith's issues, now being raised in his Section 2254 petition, were never timely presented to the Supreme Court of Alabama and cannot now be timely presented under Rule 32.2(c), A.R.Crim.P.. They are procedurally

defaulted.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  Smith did not file a

petition for writ of certiorari in the Supreme Court of Alabama on direct appeal, so

no claims were presented there.  Furthermore, Smith's certiorari petition filed in

the Supreme Court of Alabama during his Rule 32 appeal was untimely.  All the

claims presented in that petition were, therefore, procedurally barred, and the

Supreme Court held as much by dismissing the petition as untimely filed.  (Exhibit

M)  Smith has not shown cause and prejudice or a fundamental miscarriage of

justice to excuse his procedural defaults.  Schlup v. Delo, 513 U.S. 298, 314

(1995); Murray v. Carrier, 477 U.S. 478, 496 (1986).

WHEREFORE, THE PREMISES CONSIDERED, Respondents pray for the

dismissal of the instant Section 2254 petition and/or its denial for the reasons

stated.

Respectfully submitted,

Troy King – KIN047
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*
LEV007

7

## CERTIFICATE OF SERVICE

I hereby certify on this <u>25th</u> day of October, 2005, I served a copy of the foregoing (including exhibits) on the Petitioner, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

>Charles Smith
>AIS #129560
>Hamilton Aged & Infirmed
>223 Sasser Drive
>Hamilton, AL  35570-1568

>/s/ J. Thomas Leverette
>J. Thomas Leverette
>Assistant Attorney General
>LEV007

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
226177/86551-001

8