No. CR-02-0327

In the COURT of CRIMINAL APPEALS
of ALABAMA

CHARLES SMITH,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

*On Appeal from the Circuit Court of
Montgomery County
(CC-02-920)*

**BRIEF OF APPELLEE**

William H. Pryor Jr.
*Attorney General*

J. Thomas Leverette*
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300*

April 14, 2003

EXHIBIT C

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

i

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................... i

TABLE OF CONTENTS.......................................... ii

TABLE OF AUTHORITIES...................................... iii

STATEMENT OF THE CASE....................................... 1

ISSUES PRESENTED FOR REVIEW................................. 2

STATEMENT OF THE FACTS...................................... 2

STATEMENT OF THE STANDARDS OF REVIEW........................ 4

SUMMARY OF THE ARGUMENT..................................... 5

ARGUMENT.................................................... 6

  I. The Trial Court Correctly Denied Smith's Motions
  For Judgment Of Acquittal, Because The Evidence Was
  Sufficient To Support His Conviction Of Robbery In
  The First Degree. ........................................ 6

  II. The Trial Court Exercised Sound Discretion By
  Denying Smith's Motion For New Counsel And For A
  Continuance. ............................................. 8

  III. The Trial Court Correctly Held That The Recycling
  Of A Videotape By Police Did Not Amount To A Violation
  Of Due Process. ......................................... 10

CONCLUSION................................................. 12

CERTIFICATE OF SERVICE..................................... 13

# TABLE OF AUTHORITIES

**Cases**

Bayhi v. State, 629 So. 2d 782 (Ala. Crim. App. 1993)..... 7

May v. State, 710 So. 2d 1362 (Ala. Crim. App. 1997)..... 10

Moore v. State, 474 So. 2d 190Ala. Crim. App. 1985)....... 6

Robinson v. State, 581 So. 2d 1197 (Ala. Crim. App.
   1990) ..................................................... 8

## STATEMENT OF THE CASE

This is the direct appeal by Charles Smith (Smith) of his conviction in the Circuit Court of Montgomery County, Alabama, for robbery in the first degree. Judge Sally Greenhaw presided.

During the July 2002 Term of the Montgomery County Grand Jury, Smith was indicted for robbery in the first degree. (C. 4, 5) On August 1, 2002, Smith was arraigned in open court and entered a plea of not guilty. (C. 1) The case was tried before a jury on October 28 and 29, 2002, and Smith was found guilty of robbery in the first degree. (C. 3, 23)

On November 12, 2002, Smith was sentenced to twenty years in the penitentiary. (C. 2) He was also ordered to pay the applicable fines, restitution, fees, and costs for his offense. (C. 2) Smith gave oral notice of appeal at sentencing. (C. 2)

**ISSUES PRESENTED FOR REVIEW**

1. Did the trial court correctly deny Smith's motions for judgment of acquittal, because the evidence was sufficient to support his conviction of robbery in the first degree?

2. Did the trial court exercise sound discretion by denying Smith's motion for new counsel and for a continuance?

3. Did the trial court correctly hold that the recycling of a videotape by police did not amount to a violation of due process?

**STATEMENT OF THE FACTS**

On April 28, 2002, LaKeshia Atkins was the closing manager of the Arby's Restaurant on the Atlanta Highway in Montgomery. (R. 39) She and two other employees, Trudale Jackson and Shontrice Roberson, had locked up that night, when a masked man suddenly appeared. (R. 42, 78, 92) Ms. Atkins was forced at gunpoint to open safes and give the money to the masked robber. (R. 43-46) The robber put the gun to Trudale Jackson's head and forced him to put the

2

money in a blue bank bag and two small white bags. (R. 49, 95, 96) All three employees noted that the robber wore a hospital-scrub shirt, white gloves, and a mask. (R. 56-61, 82, 101) The mask had holes for the mouth and eyes, and the robber's moustache was observed by the victims. (R. 56-59, 82, 101)

After getting the money, the robber ran out the door and got into a white Jeep. (R. 84, 100) At this time, Corporal E.L. Johnson, a K-9 unit officer, drove into the Arby's parking lot, after seeing a person walking fast away from the building. (R. 120) Trudale Jackson met Corporal Johnson and told him that Arby's had just been robbed, and the robber was escaping in the white Jeep. (R. 99, 100, 120-122) A high-speed chase ensued, and the Jeep was ultimately stopped. (R. 122-131) The driver of the Jeep was Charles Smith, and he was wearing a hospital-scrub shirt. (R. 132, 133) One of the Arby's bank bags was found inside the Jeep. (R. 156) A subsequent search of the chase route by officers produced two more Arby's bank bags and Smith's mask. (R. 162, 174) The pistol used by Smith during the robbery was not found. (R. 174)

3

Smith testified in his own behalf at his trial and denied robbing the Arby's employees. (R. 208-218) He admitted being in the area of the Atlanta Highway Arby's, but that he had nothing to do with any robbery. Smith stated that the incriminating evidence found in his Jeep was planted there by the police officers, and that all the officers, who implicated him in the robbery, were lying. (R. 216, 223) He admitted that he had previously been convicted of armed robbery. (R. 217)

**STATEMENT OF THE STANDARDS OF REVIEW**

The standard of review in determining the sufficiency of the evidence is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt, not whether such evidence excludes every reasonable hypothesis, but whether the jury might reasonably so conclude. Woodall v. State, 730 So. 2d 652 (Ala. 1998).

The standard of review of the trial court's denial of a motion for continuance and discovery motion is an abuse of discretion. Ex Parte Land, 775 So. 2d 840, 842 (Ala.

4

1998); Price v. State, 725 So. 2d 1003, 1060 (Ala. Crim. App. 1997).

## SUMMARY OF THE ARGUMENT

The evidence presented by the State presented a prima facie case of robbery in the first degree. The trial court correctly submitted the case to the jury.

Smith's motion for continuance, because he wanted another attorney, was properly denied. Smith asserted no justifiable grounds for a continuance.

The trial court exercised sound discretion in holding that there had been no bad faith suppression of exculpatory evidence by the prosecution. Smith was not denied a fundamentally fair trial.

**ARGUMENT**

I.  **The Trial Court Correctly Denied Smith's Motions For Judgment Of Acquittal, Because The Evidence Was Sufficient To Support His Conviction Of Robbery In The First Degree.**

Smith first contends that the evidence presented by the State was purely circumstantial, and it was not sufficient to support his conviction for robbery in the first degree. This contention lacks merit.

In Moore v. State, 474 So. 2d 190, 194-5 (Ala. Crim. App. 1985), this Court discussed the applicable standard to be applied, as follows:

> According to the appellant, the circumstantial evidence presented by the State was not sufficient and thus the trial court erred when it failed to grant the defense motion to exclude the evidence and dismiss the indictment at the end of the State's case. Of course, under Alabama law, circumstantial evidence is considered proper evidence. This court has repeatedly stated that the test which must be applied is not whether the circumstantial evidence excludes every reasonable hypothesis of guilt, but rather, whether a jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. *Davis v. State*, 418 So.2d 959 (Ala.Cr.App. 1982); *Jolly v. State*, 395 So.2d 1135 (Ala.Cr.App. 1981); *Dolvin v. State*, 391 So.2d 129 (Ala.Cr.App. 1980); *Cumbo v. State*, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). Additionally, circumstantial evidence will support a conviction as strongly as direct evidence, provided that the circumstantial evidence points

6

to the guilt of the accused. *Andrews v. State*, 437 So.2d 661 (Ala.Cr.App. 1983); *Davis*, supra; *Gullatt v. State*, 409 So.2d 466 (Ala.Cr.App. 1981). Based on the testimony outlined above, it is apparent that the State carried its burden of proof in presenting a *prima facie* case.

See also Bayhi v. State, 629 So. 2d 782, 788 (Ala. Crim. App. 1993), wherein this Court held, as follows:

> In deciding whether there is sufficient evidence to support the judgment, we must view the evidence in the light most favorable to the prosecution. *Cumbo v. State*, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). Conflicting evidence presents a jury question not subject to our review, provided that the state's evidence establishes a prima facie case. *Gunn v. State*, 387 So.2d 280 (Ala.Cr.App.), cert. denied, 387 So.2d 283 (Ala. 1980). The trial court's denial of a motion for a judgment of acquittal must be reviewed by determining whether there was legal evidence before the jury, when the motion was made, from which the jury by fair inference could have found the defendant guilty beyond a reasonable doubt. *Thomas v. State*, 363 So.2d 1010 (Ala.Cr.App. 1978).

Here, the evidence reflected that Smith was caught red-handed. Although the victims were unable to identify Smith, because he was wearing a mask, they were able to identify his clothing, which was still being worn by him when apprehended shortly after the robbery. One of the stolen bank bags was found in Smith's Jeep. Perhaps the strongest evidence against Smith, however, was the fact

7

that he was initially encountered at the robbery site by the police and ultimately stopped, without ever being out of the officers' sight. Furthermore, two other bank bags and Smith's mask were found along the chase route. Smith's conflicting claim that the police planted evidence against him was a question for the jury. The trial court correctly submitted this case to the jury.

II. **The Trial Court Exercised Sound Discretion By Denying Smith's Motion For New Counsel And For A Continuance.**

Immediately before voir dire examination of prospective jurors at Smith's trial, Smith asked the trial court for another attorney and for a continuance of the trial. (R. 6) Both motions were denied. Smith now argues that it was reversible error to deny him a continuance, when he did not believe his attorney had adequately prepared him for trial. Such argument lacks merit.

In Robinson v. State, 581 So. 2d 1197, 1200 (Ala. Crim. App. 1990), this Court held that:

> "When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current

8

counsel. If the defendant can establish 'good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead … to an apparently unjust verdict,' the court must substitute new counsel. However, the mere loss of confidence in his appointed counsel does not establish 'good cause.' Defendant must have some well founded reason for believing that the appointed attorney cannot or will not competently represent . … [T]he defendant cannot insist upon new counsel because he doesn't like the appointed counsel's 'attitude,' association with the prosecutor, or approach on matters of strategy. While ideally a 'relationship of trust and confidence' should exist between accused and his attorney, the Sixth Amendment, the Supreme Court has noted, guarantees only competent representation, not 'a meaningful attorney-client relationship.'"

2 W. LaFave & J. Israel, *Criminal Procedure*, §11.4 at 36-37 (1984).

. . . . .

"The right to chose counsel is a shield and part of an accused's due process right. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice. *Tate v. State*, 346 So.2d 515, 521 (Ala.Cr.App. 1977)." *Richardson v. State*, 476 So.2d 1247, 1248 (Ala.Cr.App. 1984)(wherein the court found no error in denying motion to substitute counsel on the day of trial).

Here, Smith did not state any grounds in support of his motions, other than to say that he wanted to get another attorney. His grounds, now being argued in this appeal,

9

that his attorney was ineffective for a number of reasons were never presented to the trial court. They are not preserved for appellate review. The trial court exercised sound discretion in denying Smith's motions for a continuance and for a new attorney.

### III. The Trial Court Correctly Held That The Recycling Of A Videotape By Police Did Not Amount To A Violation Of Due Process.

Smith was chased by police officers after he robbed the Arby's employees. Two bank bags and Smith's mask were found along that chase route. One of the police officers giving chase had video equipment operating during the chase in his vehicle. The resulting videotape, however, was recycled and taped over at a later time. Smith contends that his rights under Brady v. Maryland, 373 U.S. 83 (1963) were violated, because the videotape could have contained potentially exculpatory evidence. Smith did not show bad faith by the police or prosecution, and no reversible error occurred.

In May v. State, 710 So. 2d 1362, 1369 (Ala. Crim. App. 1997), this Court held, as follows:

10

The Alabama Supreme Court, in *Ex parte Gingo*, 605 So.2d 1237 (Ala. 1992), adopted the United States Supreme Court's position in *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), regarding the allegations that the state failed to preserve evidence potentially useful to the defense:

> " '[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.' *Youngblood*, 488 U.S. at 58, 109 S.Ct. at 337. 'The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed.' *Youngblood*, 488 U.S. at 57 (footnote), 109 S.Ct. at 337 (footnote), citing *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959)."

605 So.2d at 1240-41. *Gingo* additionally recognized that a defendant's right to due process can be violated when the loss or destruction is of evidence so critical to the defense that its loss or destruction makes the trial fundamentally unfair. (citing *Youngblood*, 488 U.S. at 67, 109 S.Ct. at 342).

Here, the record reflects that the recycling of the videotape was completely inadvertent. (R. 229, 230) Smith failed to show bad faith or that he was denied a fundamentally fair trial. This issue lacks merit.

11

## CONCLUSION

Smith's conviction for robbery in the first degree is due to be affirmed.

Respectfully submitted,

William H. Pryor Jr.
*Attorney General*

*[signature]*

J. Thomas Leverette
*Assistant Attorney General*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2003, I served a copy of the foregoing on the attorney for the appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

    Kelly Vickers
    P. O. Box 230803
    Montgomery, Alabama 36123

                          J. Thomas Leverette
                          Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
99941/LEVERETTE
40242/001

13