# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



RELEASED
MAY 2 3 2003
CLERK
ALA COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-02-0327                 Montgomery Circuit Court CC-02-920

<u>Charles Smith, alias v. State of Alabama</u>

Cobb, Judge.

   On October 29, 2002, Smith was convicted of first-degree robbery, a violation of § 13A-8-41(a)(1), Ala. Code 1975. The trial court sentenced him, as a habitual offender with one prior conviction, to twenty years in prison. The trial court also applied the twenty-year-minimum-sentence provision in § 13A-5-6(a)(4). Smith did not file any postconviction motions. This appeal followed.

   The facts adduced at trial indicate that, on April 28, 2002, a masked man wearing a hospital-scrub shirt and white gloves forced an Arby's Restaurant employee to open the restaurant's safe and give him money. The robber put a gun to another employee's head and forced him to place the money in three bank bags. After collecting the money, the robber

1


EXHIBIT D

quickly left the restaurant and drove away in a white Jeep Cherokee.

Officer E.L. Johnson was driving past Arby's and saw a person running across the parking lot with something in his hand. Officer Johnson turned around and pulled into the parking lot, but had lost sight of the person. One of the Arby's employees shouted at Officer Johnson, "He's in the white truck." (R. 122.) Officer Johnson exited the parking lot onto the highway and attempted to catch up to the Jeep Cherokee.

After a high-speed chase, the Jeep Cherokee was stopped and Smith was found to be the driver, with one of the Arby's bank bags found in the car. Officers searched the chase route and found the other two Arby's bank bags and a mask. No weapon was ever recovered.

On appeal, Smith raises three issues. We address each in turn.

I.

First, Smith argues that the trial court erroneously denied his two motions for judgment of acquittal. Specifically, he takes issue with the fact that, because he wore a mask and the eyewitnesses did not see his face, the majority of the evidence against him was circumstantial.

> "'[C]ircumstantial evidence' is often the only evidence there is and may support a conviction. See Cumbo v. State, 368 So. 2d 871 (Ala.Cr.App.), writ denied, 368 So.2d 877 (Ala. 1979). Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused. When reviewing a sufficiency of the evidence claim, we view the evidence in the light most favorable to the state. Johnson v. State, 611 So. 2d 457 (Ala.Cr.App.1992)."

2

Bush v. State, 611 So. 2d 1205 (Ala. Crim. App. 1992).

The testimony of the eyewitnesses, who identified Smith's clothing, the bank bags, and Smith's moustache, when combined with the officer's testimony that he saw Smith running from Arby's and eventually found Smith to be wearing the same clothes described by the eyewitnesses, and the evidence found in Smith's car and on the chase route, although circumstantial, certainly point to Smith's being the masked, armed robber on the day in question. Therefore, the State presented sufficient evidence to prove that Smith was the robber in this case, and his sufficiency-of-the-evidence argument on appeal is without merit.

## II.

Second, Smith argues that the trial court erroneously denied his motion for a continuance and his request for new counsel.[1] At trial, the following exchange occurred:

> "[THE COURT]: What did you want to tell the court?
>
> "[THE DEFENDANT]: Oh, yes. I'm not ready to go to court, because I feel like I have a bond trust [sic] -- bridge trust [sic] in my attorney. I would like to get me another attorney.
>
> "[THE COURT]: Mr. Smith, we're -- you're going to trial today. Mr. Durant is a -- he's a very good attorney. He'll represent you well. And we aren't going to wait just to -- when the jury is standing out there ready to be brought in. So if you're

---

[1] To the extent that Smith also attempts to argue that trial counsel rendered ineffective assistance during the trial. Smith never presented this argument to the trial court, and, therefore, has not preserved it for appellate review.

3

asking for a motion for a continuance, that's denied. And motion for another attorney, that's denied."

(R. 6-7.)

As the State points out,

> "When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel. If the defendant can establish 'good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead . . . to an apparently unjust verdict,' the court must substitute new counsel. However, the mere loss of confidence in his appointed counsel does not establish 'good cause.' Defendant must have some well founded reason for believing that the appointed attorney cannot or will not competently represent him. . . . The defendant cannot insist upon new counsel because he doesn't like the appointed counsel's 'attitude,' association with the prosecutor, or approach on matters of strategy. While ideally a 'relationship of trust and confidence' should exist between accused and his attorney, the Sixth Amendment, the Supreme Court has noted, guarantees only competent representation, not 'a meaningful attorney-client relationship.'"

"2 W. LaFave & J. Israel, Criminal Procedure § 11.4

4

at 36-37 (1984).

"...'The right to chose counsel is a shield and part of an accused's due process rights. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice. Tate v. State, 346 So.2d 515, 521 (Ala. Cr. App. 1977)." Richardson v. State, 476 So.2d 1247, 1248 (Ala. Cr. App. 1985) (wherein the court found no error in denying motion to substitute counsel on the day of trial).

Robinson v. State, 581 So. 2d 1197, 1200 (Ala. Crim. App. 1990).

Smith's objection at trial did not specify any particular reason for wanting a new attorney other than a mere loss of confidence, if anything. He did not allege that counsel was affected by a conflict of interest, or that he and counsel had had a complete breakdown of communication or an irreconcilable conflict. Although Smith offers on appeal several reasons for wanting a new attorney, those reasons were not timely presented to the trial court. Additionally, those reasons are general and insufficient to establish the need for new counsel -- a lack of sufficient communication with the client and a failure to submit pretrial motions. From aught that appears in the record, there was no reason to move the trial court for new counsel, except to delay the proceedings. Therefore, the trial court's denial of Smith's motion was correct, and his argument is without merit.

### III.

Finally, Smith argues that the trial court erroneously ruled "there was no problem in the recycling of potential exculpatory evidence (the video tape)." (Appellant's brief on appeal.) During trial, one of the police officers involved in chasing Smith as he fled the scene of the robbery testified

that the video camera in his car filmed the chase. Defense counsel demanded the tape. The prosecutor stated that he had never heard of such a tape. After a hearing, the trial court found that the tape had been inadvertently erased and recycled at the police department, and there was no reversible error because of the inadvertent recycling.

As he did at trial, Smith claims on appeal that the video tape "could have contained exculpatory evidence." (Appellant's brief on appeal.) He does not specify what this exculpatory evidence would have consisted of. Essentially, Smith claims a violation of Brady v. Maryland. 373 U.S. 83 (1963).

In Davis v. State, 720 So. 2d 1006, 1026 (Ala. Crim. App. 1998), this Court stated:

> "'"In order to establish a Brady violation, appellant must prove: '(1) The prosecution's suppression of evidence; (2) The favorable character of the suppressed evidence for the defense; (3) The materiality of the suppressed evidence.'" Knight v. State, 478 So. 2d 332, 335 (Ala.Cr.App. 1985). Impeachment evidence, as well as exculpatory evidence, falls within the Brady rule. See Giglio v. United States, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972).'"

Smith has not established, and the record does not reflect, that the prosecution suppressed any evidence. Smith has not established, or even alleged, the favorable character of the suppressed evidence for the defense. Therefore, he has not established a Brady violation, and his argument is without merit.

For the reasons stated above, the judgment of the trial court is affirmed.

AFFIRMED.

McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.