**VOLUME I OF I**

COURT OF CRIMINAL APPEALS No. _CR-04-0183_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

## FROM

CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC-02-920.60_

CIRCUIT JUDGE _Truman Hobbs_

Type of Conviction / Order Appealed From: _Dismissal of Rule 32_

Sentence Imposed: _____

Defendant Indigent:  ☒ YES   ☐ NO

_Charles Smith Jr_
NAME OF APPELLANT

_Charles Smith # 121560_
(Appellant's Attorney)                    (Telephone No.)
_P.O. Box 1107_
(Address)
_Elmore, AL_          _36025_
(City)         (State)         (Zip Code)

V.

STATE OF ALABAMA

(State represented by Attorney General)          NAME OF APPELLEE

NOTE: If municipal appeal, indicate above, and enter name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

_EXHIBIT F:_

# INDEX
## CLERK'S RECORD

| | |
|---|---|
| CASE ACTION SUMMARY…………………………………………………………… | 1 |
| RULE 32 PETITION…………………………………………………………………….. | 2-59 |
| ORDER FOR STATE TO RESPOND…………………………………………………….. | 60 |
| STATE'S ANSWER & MOTION FOR EXTENSION OF TIME…………………….. | 61-62 |
| MOTION FOR SUMMARY DISMISSAL………………………………………………... | 63-77 |
| ORDER DENYING RULE 32 PETITION………………………………………………... | 78-81 |
| NOTICE OF APPEAL…………………………………………………………………... | 82 |
| DOCKETING STATEMENT…………………………………………………………… | 83-84 |
| REPORTER'S TRANSCRIPT ORDER…………………………………………………… | 85 |
| CERTIFICATE OF APPEAL…………………………………………………………… | 86 |
| CERTIFICATE OF COMPLETION…………………………………………………….. | 87 |

I RECEIVED LESS than $100 per month from family to buy
Things I needed in prison.

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓

If the answer is "yes", describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____

(Date)

_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ .20 _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said Draper Cor Fac _____ institution:

3-19-04
DATE

F.S. Brown - Acct Clark
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

3

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
DRAPER CORRECTIONAL FACILITY

S #: 129560       NAME: SMITH, CHARLES              AS OF: 04/01/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| APR   | 29        | $0.00             | $0.00            |
| MAY   | 31        | $0.00             | $0.00            |
| JUN   | 30        | $0.00             | $0.00            |
| JUL   | 31        | $0.00             | $0.00            |
| AUG   | 31        | $0.00             | $0.00            |
| SEP   | 30        | $0.00             | $0.00            |
| OCT   | 31        | $0.00             | $0.00            |
| NOV   | 30        | $0.00             | $0.00            |
| DEC   | 31        | $0.00             | $0.00            |
| JAN   | 31        | $0.00             | $0.00            |
| FEB   | 28        | $3.80             | $26.60           |
| MAR   | 31        | $2.12             | $40.00           |
| APR   | 1         | $0.06             | $0.00            |

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

Case Number

CC _02_ _900-60_
ID   YR   NUMBER _TMH_

IN THE _Circuit_ _____ COURT OF _montgomery_ ____ ALABAMA

_Charles Smith_ ____ vs. _State of alabama_

Petitioner (Full Name)                          Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _#129560_ ____ Place of Confinement _Elmore, corr. facility_

County of conviction _Montgomery_

**NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Montgomery Circuit Court_ _Montgomery , County_

2. Date of judgment of conviction _Oct 29, 2002, Guilty, Nov. 13 2004, sentenced_

3. Length of sentence _20 years_

4. Nature of offense involved (all counts) _Robbery (1)_

5. What was your plea?   (Check one)
   (a)  Guilty _____
   (b)  Not guilty _✓_
   (c)  Not guilty by reason of mental disease or defect _____
   (d)  Not guilty and not guilty by reason of mental disease or defect _____

APR 2004
FILED
Melissa Rittenour
Circuit Clerk

6. Kind of trial: (Check one)

(a)  Jury _____ ✓

(b)  Judge only _____

7.  Did you testify at the trial?

Yes _____ ✓

No _____

8.  Did you appeal from the judgment of conviction?

Yes _____ ✓

No _____

9.  if you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court _Circuit Court of Montgomery, Undirect appeal to the Criminal Court of appeals._

(2)  Result _AFFirmed_

(3)  Date of result _July June 10, 2003_

(b)  if you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

(c)  if you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

any petitions, applications, ~ motions with respect to this judgmer* *n any court, state or federal?

Case 2:05-cv-00935-MHT-TFM    Document 8-10    Filed 10/25/2005    Page 7 of 87
Yes _____    No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

    (a)  (1)  Name of court _____

        (2)  Nature of proceeding _____

        (3)  Grounds raised _____

              _____

              _____

              _____

              _____

              (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

              Yes _____              No _____

        (5)  Result _____

        (6)  Date of result _____

    (b)  As to any second petition, application, or motion, give the same information:

        (1)  Name of court _____

        (2)  Nature of proceeding _____

        (3)  Grounds raised _____

               _____

              _____

              _____

              _____

              (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

              Yes _____              No _____

        (5)  Result _____

        (6)  Date of result _____

    (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

        (1)  Name of court _____

3

(2)  Nature of proceed

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)  Result _____

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No _____

(2)  Second petition, etc.          Yes _____          No _____

(2)  Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

Attorney Kelly Dickers Appointed by Circuit Court
Appealed to Criminal Court Of Appeals the Court Affirmed
She did not proceed to exhaust State Remedies.

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_____  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___✓___ E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should have received the sentence that he did.

    If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

    If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

    "<u>Successive Petitions</u>.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No  ✓\_\_\_\_\_

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _____

(b) Result _____

(c) Date of result _____
    (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

    On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No  ✓\_\_\_\_\_

15. Give the name and address if known, of each attorney who represented you at the following stages of the proceedings against you:

(a) At preliminary hearing _Charles Law_

(b) At arraignment and plea _No Lawyer Present_

(c) At trial _Winston Durrant_
_445-c South McDonough monta. Ala 36164_

(d) At sentencing _Winston Durrant_
_445-c South McDonough montg. Ala 36114_

(e) On appeal _Kelly Vickers_
_P.o. Box 230803, Montgomery, AL. 36123_

(f) In any post-conviction proceeding _____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No _✓_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No _✓_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No _____

18. What date is this petition being mailed?

_11/27/04_

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___1/27/04_____.
                   (Date)

_____*Charles Smith*_____
                   Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 27th day of January, 2004

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES SEPT. 21, 2007
BONDED THRU STEGALL NOTARY SERVICE

_____*Angie H. Woods*_____
                   Notary Public

## OR *

# ATTORNEY'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

correct. Executed on _____.
                        (Date)

_____
       Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
                   Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____
_____
_____
_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

IN the Circuit Court of Montgomery County.

Montgomery, Alabama

CASE NO.

Charles Smith,

Plaintiff

V.

State of Alabama,

Defendants,

RULE 32 BRIEF

CASE NO. CC, 2002,920,

Charles  Smith #129560

Elmore, County, corr, Facility,

P.O.BOX   1107

Elmore, Alabama, 36025,

# Table of Contents

Cover page

Table Contents ............................................. I

Oral Argument Not Requested ............................. II

Table of Authorities ....................................... III

Jurisdiction ............................................... IV-VII

Statement of the Case .................................... 1-6

Issue 1 .................................................... 7-10

Issue 2 .................................................... 10-13

Issue 3 .................................................... 13-14

Issue 4 .................................................... 15-17

Issue 5 .................................................... 18-20

Issue 6 .................................................... 21-26

Issue 7 .................................................... 27-28

Conclusion ................................................ 29

Relief Sought ............................................. 30

Certificate of Service ..................................... 31

...tion for appointment of Counsel ....................... 32-35

I

ORAl ARGuMENT NOt REQuested

II

# TABLE of other Authorities

Arrington V. State CR-00-0995 (Ala. Crim. App. 830-2002)
Brown V. State 395 So. 2d 121 (Ala Crim. App. 1980)
Brady V. maryland 373 U.S. 83. (1963)
Burgett V. Texas 389 U.S. 109. 88. Ct 258, 19L.Ed 2d 319
Cumbo V. State 368 So. 2d 871. 874 (Ala. Cr. App. 1978) cert denied 368 So 2d 877 (Ala. 1979).
Expart Acree 63 Ala. 234 (1879). Cumbo 368 So 2d At 875
Ex parte Glover. 508 So 2d 218 (Ala. 1987).
Ex parte William, 510 So. 2d 135 (Ala. 1987).
Ex parte windsor, 683 So 2d, 1042 (Ala. 1996) cert, denied, 520, U.S. 1171, 1175, Ct 1438, 137 L2d 545 (1997)
Fowler James 899 F. 2d 1033 (11th CR. 1990)
German V. State 429 So. 2d 1138, 1140, (Ala. CR. App. 1982)
Goodloe, 783 So. 2d At 935
L V. State 650 So 2d 530, 531, 32 (Ala. C. App. 1994)
Haismith V. State 615 So 2d 1323 (Ala. CR. App. 1993)
Jefferson V. State 645 So 2d 313 (Ala. CR. App. 1994)
Jefferson County (571. So 2d 332)
Jackson V. State 566 So 2d 752 (Ala. CR. App 1989)
Kearley V. State 293. So 2d 322 (Ala. CR. App. 1974)
Lisilmen V. Chancellor 1091 F2d 209 (5th CR. 1982).
Poole V. Lambert 819. F2d 1025, 1028 (11th CR. 1987)
R.W. V. State 808. So. 2d 1228 (Ala. CR. App. 2001)
Simpson V. State 465 So. 2d 472 (Ala. CR. App 1984)
Sasser V. State 494 So 2d 857 (Ala. CR. App 1986)
Smith V. State 471 So 2d 503 (Ala. CR. App 1984)
High smith V. State 55 (Ala. App. 272, 314, So 2d 874)
U.S. V. Cruik Shank 92, U.S. 542. 556, 236, Ed 588 (1875)
United State V. hutchenson. 312. U.S. 219, 239, Set, 463, 8L788 (1941)
Wahl V. mailer 773, F2d 1169, 1174 (11th CR. 1985)
Webb V. State 539 So 2d. 343, 351, 356. (Ala. CR. App. 1987)
Webb 539. So 2d At 355.

## Jurisdiction

petition Charles Smith submitts to the Hon. Court that Issues presented at trial and on appeal are precluded in Rule 32.2 (4)(5) petition will present the same Issues that have been previasul presented for Review with the exception that the door of Review is the jurisdictead Issuse of ineffertive assistance of counsel on prat of appellant kelly Vicker failing to exhaust (all) state Remedies which has forced petition to file Rule 32 past conviction. nedies as the only mean to exercise his right to collateral attack His conviction of bobbery handed down by the hon. Greenhaw in montgomery Circwit Court.

petitioner was never informed by appellant counsel of the dispostion of appeal in the criminal court of appeal and counsel venify that she had so informed petition by letter, because No institutiona of incarcenation has a record of her notice by legal mail referance.

Petitioner was never informed by appellant counsel of the disposition of appeal in the criminal court of appeal and

IV

Counsel cannot verify that she had so informed petition by letter, because no institutions of incarceration has a record of how notice by legal mail reference.

Petitioner had written a letter to the criminal court of appeal requesting disposition. The court replied by letter dated Oct. 31, 2003, that appeal was affirmed by memorandum on may 23, 2003 "(G)".

See exhibits (A + B) this court will see that appellant believed she had exhausted state remedy, by raising the only issues she felt were available to her expertise and when the criminal court of appeals affirmed the appeal, attorney Vickers believed it was unneccessary to file for a rehearing and/or writ of certiorai into the supreme court for review. her honesty is quite noticed, but attorney Vickers does not posses the right nor authority to determine or decide what will or will not be good without petitioner being so informed, it is petitioner rights at state not attorney. She does not have the power or ability to decide what the supreme court Ruling will be, therefore to sacrifice petitioners right due

Ⅴ

ecess Right to Exhaust State Remedy, was done so by Attorney. Vickers I believe + I think presumpton what will be the outcome is Not A basis to sacrifice petitioner case and withdraw from Exhaustation of appeal process.

It was the duty of appellant counsel to exhaust state remedy, Ratter she had faith in her own Arguments on Not, she was Not appointed to win the case, Rather to plead the case and in its appeal process, Complety.

Look At Exhibit (B) attorney Vickers Encourraged petitioner to file Rule 32 petition, and file against trial Counsel.

Petitioner submitts that this Court is the Court of Conviction and Request that the Rule 32 will be granted on the above mentioned basis.

VI

## Statement of the Issues

(1) Did the trial court err in denying the two verbal motions for judgment of acquittal on the sufficiency of the evidence?

(2) Did the trial court err in denying the petitioner request for new counsel and a continuance?

(3) Did the trial court err in ruling there was no problem in the recycling of potential evidence ( the video tape)?

(4) The Trial Judge committed a reversable error. By imposing a sentence of 20th years or petitioner by not stating why the 20th year sentence was imposed.

(5) the court erred by invoking the Habitual offender act in the case at har, required by due process of law; because the state failed to proce prior convictions as required by due process of law.

6) the court had no jurisdiction to impose a sentence of 20 years, upon a faitally defective warrant, & indictment the indictment contrived by the state, handed down by the grand jury, found guilty by petit jury is fatally defective on its face.

<u>Statement of the Case</u>

On the 24th of July, 2002 the appellant was indicted for one felony count: Robbery in the first degree, furthering Alleging the use of a handgun. (C.1,4,5) He was arraigned and plead Not guilty in open court in the Company of his appointed counsel on August 8, 2002. (C.1) the Notice of discovery filed by the District Attorney's office indicated that the Defendant had been Convicted of the same Charge over ten years earlier (C.11).

October 28th and 29th of 2003 the appellant was tried before a jury with montgomery county Judge Greenhaw presiding (C3) Note Judge Greenhaw has since Retired and Hon. Judge Hobbs has taken her position. Prior to the trial Charles Smith asked for a Continuance and for a New attorney. his Request was denied.

6) Lakeshia Atkins, the manager of the Atlanta Highway Arby's, gave testimony that she had Locked up after Closing when a masked man Suddenly appeared. She was forced at gunpoint to open Safes and

(1)



give the money to the masked Robber (R43)
She heard the robber threaten to Kill another employee,
trudale, and watched as the robber put the gun to
trudale's head. (R43) she another employee, Shontrice
Roberson, also witnessed the event. (R51)
ms. atkins confirmed the clothes worn and the must-
ache which exposed from the mask the matched
the mustache of Charles Smith, who was arrested
after a chase. (R58) the robber ran out the back
~ dr. (R60) Arbys employee Shontrice Roberson also
confirmed she recognized the mustache and clothes
as matching the Charles Smith. (R82) she also confirmed
that she saw the white Jeep that sped off after
the robbery. (R84) she could not did recognize the
appellant as the robber based on his appearance
in court-he had shaved his mustache. (R 90) trudale
jackson testified regarding the gun being pressed
t~ his head (R94). trudale helped stuff the money
in the bags (R96). He watched the robber go out the

(2)



ck door and get into the white jeep. Trudale flagged down a police officer K-9 unit who then followed the white jeep. (R100) Later trudale spotted a hole in the ceiling tile in the men's room where they speculated the robber his until after closing. (R105) Corporal Johnson testified that he was the K-9 unit officer that followed the white jeep after the Robbery. (R109) He confirmed the appearance of the person in the jeep as well as the clothes and mustache. (R133) He claimed the car chase exceeded 100 miles per hour at times. (R142) After the car chase Corporal Johnson said he found a bank bag labeled as arby's in the jeep. (156). Corporal Roberts said took the stand and testified he found bank bags along the route of the car chase. (R162) Sergeant Higgins then testified that he found the ski mask on the route of the car chase (R174). Finally Detective Butterbaugh, the case ent, took the stand (R181). He inventoried the evidence in the jeep which included the cash taken

(3)



rm Arbyis and the items found on the car chase path (R183). he also took numerous photos of evidence which were introduced (R192). the prosecution rested after these witnesses and the defense entered a motion for judgment of acquittal based on the (sufficiency of the evidence – and the lack thereof. (R207) the motion was denied. the Charles Smith took the stand in his own defense (R208). Charles Smith said he sped from the police because he did not have insurance (R214) He further claimed that the evidence found in his jeep was planted by the officers (R216) his attorney has Charles Smith reveal that he committed an armed robbery twenty years earlier (R217). Charles Smith admits the clothes shown as evidence are his (R219) and confirms he had a mustache at the time of arrest, which he had since shaved (R220). Charles Smith stated all the officers are lying when they implicate in the robbery (R224) the defense then rests and no rebuttal is offered by the prosecution.

(4)

'e defense once again renewed its motion for a judgment of acquittal which was, again, denied. (R226) An issue was discussed regarding a video tape that was in one of the officer's cars. (R228) Neither the district attorney nor the defense attorney were aware the chase was filmed until the trial. Counsel for the defendant made a motion to have the tape turned over due to the possibility exculpatory evidence was on the tape. The next morning they took testimony from Detective Butterbaugh again who informed them the tape was not collected and was "recycled" meaning they used it again and the evidence was lost (R235). The court considered the evidence and came to the conclusion that there was intent to withhold evidence from the defense. (R237) Each side gave closing arguments. After deliberation the jury found Charles Smith guilty of robbery in the first degree as charged in the indictment. (R268), C23)

t stated that it found the evidence to support the verdict and entered the judgment. (R268) The

26

rosecution gave notice one prior felony and intent to invoke the gun enhancement. (R269)

On November 12th 2002 the appellant appeared for sentencing. (R271.C2) the court gave the appellant a sentence of twenty years in the department of corrections, which was the minimum possible sentence.

(6)

## ARGUMENT

There were violations of the appellants Rights which indicate the need for a Reversal or Remand. Counsel for the appellant has received correspondence from the appellant regarding issues which he felt needed to be presented and each of those issues are presented herein. It is hoped that considering the issues cumulatively, the appellate court will grant a Reversal or Remand.

## ISSUES 1

The Court erred in denying the verbal motions and the written motion for judgment of acquittal on the sufficiency of the evidence. The main witness, the store manager, Lakesia Atkins, could not indentify the defendant as the perpetrator of the crime (R. 73). Shentrice Roberson could not indentify the defendant as the perpetrator of the crime (R. 90). The hand gun which was allegedly used is never introduced as evidence. There is no mention the amount of money which was allegedly recovered. There was no fingerprint or shoeprint evidence introduced.

(7)

and finally, it is hard to believe that the video tape which an officer filmed of the car chase (which could have exonerated or implicated the appellant) was simply "RECYCLED." (R160) the evidence was largely circumstantial:

"Just as the mere presence of a person at the time and place of a crime is not sufficient to justify a conviction for the commission of that crime -----so the mere presence of the accused in a place where the controlled substance is found is not in and of itself evidence of possession. German v. State, 429 So.2d 1138, 1140 (Ala. Crim App. 1982)."

It is recognized that in an appeal on the issue of the sufficiency of the evidence, the evidence is considered in favor of the State. but where there is clearly a discernible reasonable doubt or a lack of evidence the appellate court can and should reverse the rule of the jury and the court:



"...is Court is well aware of the applicable standard of review concerning the sufficiency ~of~ the ~~~ evidence. In order to sustain a conviction based on circumstantial evidence, this court must consider the evidence in a light most favorable to the State and determine whether the [factfinder] might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt." Goodloe, 783 so.2d At 935, quoting Cumbo v. State. 368 so.2d 871, 874 (Ala.crim.App. 1978), cert. denied. 368 so2d-817 (Ala. 1979).

However, Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence.

"the humane provisions of the law are, that a prisoner charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty, such proof is always insufficient, unless exclude, to a moral certainty, every other reasonable hypothesis, but that of the ~~circumstances if they could be~~

(9)

with of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof that the law requires. Ex parte Acree, 63 ala. 234 (1879)." Cumbo: 368 so. 2d at 675.

R.W. v. State, 808 so. 2d 1228 (Ala. Crim. App. 2001)

{ Emphasis added }

The facts of this case, considered in light of the above case law, are not sufficient to sustain a conviction of Robbery, Respectfully, we ask this court to reverse the finding of guilt of the charge of Robbery.

ISSUE 2

The trail court erred in denying the appellant's request for New Counsel and a continuance.

The appellant personally addressed the court and expressed that he was dissatisfied with his appointed counsel and asked for another appointed attorney and a continuance (R6). According to the

(10)

appellant. Hon. Winston Durrant did not communicate with the appellant until four days prior to the trial. the appellant state that winston Durrant did Not provide copies of the discovery as Requested.

it is to be Noted that the trial counsel never submitted any motion whatsoever - Not even a motion for discovery and particularly No Request for Expressed ~~to the court~~ Evidence (see Clerk's Record). the appellant expressed to the court he had No confidence in the appointed Counsel and did not believe such counsel had adequately prepared for the trial. (R6) the court denied the Request for New Counsel and for the Continuance. it would have been completely reasonable particularly to allow the defendant to have ~~completely~~ more time to assist his counsel in preparing the case. the court's Ruling denied the defendant his Fundamental Right to a fair trial.

irther, REgaRDing the effectiveness of the trial counsel,
it is outrageous that the trial counsel had the appellant
Reveal that he had a previous Robbery conviction which
occurred nearly twenty years earlier (R 217) this
fact was extremely prejudicial to the appellant - so
much so the Court should have intervened. this informat-
-ion did not need to be Revealed since the conviction
was more than ten years old (see the Alabama Rules
~~of Evidence~~ of Evidence at Rule 609).

Though it occurs Rarely, it is violation of a defendant's
Right to Effective counsel to have a too speedy trial.
see: Kearley v. State, 293 so. 2d 322 (Ala. crim. App 1974),
Brown v. State, 395 So. 2d 121 (Ala. crim. App 1980) and
Simpson v. State, 465 So 2d 472 (Ala. crim. App 1984)
the Court should have granted the continuance.

the appellant, at the very least, is entitled to a hearing
on whether the alleged ineffective assistance of counsel
'versely affected the trial process - thus violating the
Appellant's Right under the 6th Amendment of the U.S.

(12)



institution, see also Holt V. State, 650 so 2d 530,

531-32 (Ala. Cr. App. 1994).

Accordingly, on this issue as well, a reversal or remand

is respectfully request and warranted.

<u>Issue three</u>

the trial court erred in ruling there was no problem in

the recycling of potential exculpatory evidence

(the video tape). one of the officers who was involved

in the car chase stated that his video camera filmed

the entire chase sequence and the aftermath (R 160).

one of the issues of circumstantial evidence pre-

-sented against the Defendant was that items were

allegedly thrown from the fleeing vehicle and later

recovered along the route of the chase (R 162, 174).

counsel for the appellant demanded the tape which

could have contained exculpatory evidence

(R 228). the court conducted a hearing on the issue

of the missing tape where it was claimed that the

tape was "recycled," used again, obliterating the

(13)



-idence (R 235). it is bad enough that there was No fingerprint or footprint evidence collected, but for the police to carelessly destroy the crucial video tape evidence is inexcusable. the fact that they did so opens the question of intentional suppression of exculpatory evidence. the Court considered this issue, but concluded there was no harm (R 237). failure of the State to PRODUCE EXCULPATORY evidence is a violation of Brady vs. Maryland, 373 U.S. 83 (1963). JEFFERSON v. State, 645 So.2d 313 (Ala. Crim. app. 1994) State that "the existence of any small piece of evidence favorable to the defense may in a particular case, create just the doubt that prevents the jury from returning a verdict of guilty." SEE Also Arrington v. State, CR-00-0995-(Ala. Crim. app. 8-30-2002) the waste of the potentially Exculpatory evidence is fundamentally unjust, and, considered Along with the other issues presented -ein dictates A REVERSE or REMAND.

## Issue - 4

The Trial Judge Committed a REVERSIBLE ERROR By Imposing a sentence of 20 years on petitioner by Not stating why the 20 years Sentence was imposed.

Petitioner directs the Court to (R-271), "Well" I'm going to sentence you to Twenty years. Order Doc to give sixty days Notice prior to any E.O.S."

this statement made by the Court is Unconstitutionally Vague, it does Not inform petitioner why he was sentenced to 20 years and why the DOC is to Contact the court before E.O.S the sentence.

For this, it demands the court to Remand petitioner Case back For A Re sentencing hearing to correct the Record, so petitioner will be aware of why a 20 year Sentence had been Imposed.

Petitioner directs the Court to (R-271) Mr. Powell"

"A weapon enhancement" and "habitual felony offender it in this case".

"we're looking at a Range of twenty to Life"

(15)



failure to impose the weapon enhancement and failure to impose habitual offender by the court becomes unavailing in a resentencing hearing. Mr. Powell in the case at han submitts both enhancement as to like. the court sentence petitioner to 20 years. petitioner can assum the court's intention was a 20 year sentence for both enhancements, this is the reasonable concept, but still unconstitutioned vague.

The court cannot assume that 20 years was for the robby I conviction aloue whey both enhancement were mentioned before the court imposed sentence.

This is not a harmless error situation and petitioner is entitled to due process of law the appropiate reason why petitioner freedom has been deprived under the 5, 6th, 14th amendments. I would be a miscarriage D Justice to resentence petitioner in a resentence hear to correct when in fact this court does not have the mind of the sentence court & intention thereof. For this court to impose a greater sentence is

(16)



. Reconstitued and to say that Both weapon. &
habitual offender were a part of sentence is
unconstitul vague. It be hooves the Court that
sentence should be "Vacated" and petitioner RELEASE
from his present Custody as one illegally INCARCERATED.
To IMPOSE A greater sentence for any REASON and to
Impose a different sentence is (unconstitutal)."



## ISSUES

the court erred by invoking the Habitual offender act in the case at bar because the State failed to place prior convictions as required by due process of law.

the defendant was notified in writing during trial that, the State intended to invoke the habitual felony offender act, at sentencing, in that notice the State set out one(1) prior felony convictions (1) prior which it intended to rely the prior convictions was listed as follows:
(1) Robby "(1)", Jefferson County's;

defendance covessen of prior not establ or prove that conviction sentence purpose under the habitual one(1) felony of defendance Jet. see <u>Webb v. State</u> 539 so 2d 343, 551, 56, (Ala.cr. app. 1989), the admisse of on the defendant's trial counsel Stating, petition was conviction of Robby one(1) 20, years ago is prejudice on his part, but even that does not meet the due process requirement to invoke the habitual offender act, in and of itself, does not constitute judicial admission nor waver of proof for purpose of the habitual offender act <u>webb</u>, 539 so 2d at 355, Not does the fact that minute entries appearing in the clerks Record along with the district attorneys statement that the had proved "At trial" Surely the necessary proof of the prior convictions, see Sasser v. State, 494 so 2d 857 (ala.cr.app. 1986),

"prosecutors statement that he had certified") [T]he statement

prove Adefendant's record in order to trigger the operation of the

habitual offender sentencing provisions. Smith V. State, 471 So 2d

501, 503 (Ala. Cr. App. 1984).

In this case, the record simply does not show that the state

proved the convictions from Jefferson County. The state introduced

a copy of a conviction from the D.O.C this dose not meet the

Rules of Court, due process of law or the habitual offender act,

itself.

Citing the case of Highsmith V. State 55(Ala. App. 272, 314 So 2d 874)

this Court stated the proper method for proving a prior conviction is

by introducing a certified copy of the ~~prior conviction~~ minute entry.

That entry must affirmatively show that petitioner was represented

by counsel at the time of the prior conviction." Burgett V. Texas

389 U.S. 109, 88, S. Ct 258, 19 L. Ed 2d 319.

Look at (R-271) the court - "Do you have your prior?"

Mr. Powell - "Yes, your Honor. but this is what we have. We

be unable to, I believe, get a prior certified from the clerks

office in Birmingham, but were able to get this document

(19)



, ersuant to D.O.C. Since the State failed to prove the
Jefferson conviction as ~~required~~ REQUIRED, Its proof of that Conviction
is unavailing pursuant to ExParte Glover. 508 So 2d 218 (Ala. 1987)
and ExParte williams 510 So2d 135 (Ala. 1987), the petitioners
Jefferson County (571 So 2d 332) circuit court conviction may not be
considered on RESENTENCING, see Jackson V. State. 566 So 2d 752
(Ala. Cr. App. 1989) (on return to remand). (although on remand for
proper sentencing, court could not consider improperly proved Jefferson
county convictions of which accussed had notice on not notice).
the State used documents outside the minute entries of the Habitual
offender act and did not establish that counsel was present at
the time. the D.o.c Records due not he minute entry. see (R16))
the discover notice proper by D.A. present (5) cases and none of
the case stimulated them disposething, or if counsel was present
see (R-11-13). at the time of sentencing the D.A. had on 1 D.o.c.
docement to invoke the Habitual offender at this was the extent of
discovery at the time of sentencing (R-271).

<u>Issued</u>

the Court had no jurisdiction to impose a sentence of 30, years, upon a fatally defective, warrant, and Indictment

on April 28, 2002, petitioner was detained by the m.p.d. (R-131). the m.p.d. did not give proble cause for petitioner detainment on that night of april, 28, 2002, no paper work was odered or submitted by, any officer to support pable cause that night, not until fairl, the detainment of petitioner was a warrantless arrect, substantialing no proble cause by report for detainment by

report, which has not been made part of the court's record in trail, on April 28, 2002, at 5:25, a warrant of arrest was Issued for one Charles Smith, charging offense = Robbery in the first degree in violation of §13A-8-41-Code of alabama 1975, signed by magistrate (R-4).

this warrant was vague and it failed to make the description of the Robbery, who was, Robbed, when Robbed, where Robbed. the warrant was fautless on its face, and Lacking the proble cause for the arrest.

on, April, 28, 2002, at 10:45, am the warrant was executed upon the petitioner, this was performed, by, K.L. Byrd #130 m.p.d. (R-5)

(31)

Officer Byrd failed to place time of accussed was placed in Jail. (this was omitted because at the time of the Execution of the warrant, petitioner had been in the m.p.D. custody for over 9+ hrs. No proble cause. the warrants and the execution of the warrant of arrest was Issued upon the petitioner, why, was he already in custody by m.p.D.? No proble cause Substantied at this time.

the warrant was ordered by the magistrate by the Submission of a complaint and affidavit and witnesses to pursue proble cause for Robbery I.

's still doesn't answer why was the petitioner in the custody of the m.p.D No proble cause yet submitted for detainment not until the magistrate ordered the warrant of Robbery first degree. SEE (R-10) this is the complaint made by complainant games R.L. 3332 Royal Carnage Dr. 272-4780 on april 28, 2002 for Robbery first degree. the details of the complaint do Not state the person of the Robbery or person seriously injured in the Robbery. on the face of the Report we assume that the complainant is the victim of the Robbery, since that is the person making the complaint and signed by a magistrate (this cannot be left to defference). SEE (R-9) this is the affident of arrest warrant: the

(222)



tails of offense; donot state who the Victim of Robbery was. does Not state the Buisness or Type of Vehicle mentioned in Report. dose Not state the x Name or Type of buisness to have been Robbed. again must assume the Victim act was occured upon the complainant James R.L.

Notice three (3) Witnesses were avadable before the magistrate to establish proble cause of the alledged Robbery. this still does Not substantiate the proble cause of petitioner detainment by M.P.D. hrs, before warrant of arrest. the three witnesses were (1) Alvin Ray Bly. (2) Lekishia Adkins. (3) Det C.J Retterbaugh there testimonies Substantialed proble cause for Robbery I.

ON _____ 2002 petitioner was Appointed counsel the Hon. Durant. mr. Durant Never visted petitioner from April

~~dose Not substantiate the proble cause of petitioner~~

of 2002 till October of 2002, only (4) days before trial. petitioner ~~Beford~~ recieved No papers while in Jail, of whom he had Robbed or details of the Robbery. petitioner ~~ved~~ the Hon. Judge Greenshaw to dismissing his Appointed Attorney Durant due to a Bridge trust = (R-6)

(.23)

"A Trial proceedings. this was done based upon trial counsel intentioned neglect of trial preparation and intentioned neglect of Trial competentcy and his failure for a lack of diligence, in which could be seen at trial.

petitioner for A (10) month period of time, had been provided No discovery, there fore he was heven informed of what he had been accused of Robbing or whom, Not until the day of trial being Oct 28, 2002, when the said Hon. Judge Greenshaw stated in (R-1) of Trial proceedings - the Court: "Mr. Smith is Charged with Armed Robbery in the first degree of Lekishia Adkins, which is alledged to have occured on April 28th of this year At the rebys Resturact on Atlanta Hwy"!

See (R-5) "Indictment" Robbery of "Lekishia Adkins"

this court must be conscientiously And Review the sufficency of Complaints and affidavits in which warrants are issued, specifically in the case at bar.

(1) petitioner was indicted for Robbing Lekishia Adkins, when ~~infact petitioner was arrested and in custody of the~~

infact petitioner was arrested and in custody of the M.P.D. for (10) months for Robbery of one James RL see (R-10) +

?-9) complaint + affidavit.

(2) the warrant dose Not specify who was the Victim of Robbery which defective on its face, Not in form but instance

(3) the complant dose not Name Victim of Robbery Lekishia Adkins or Buisness (presuming the complainant is the Victim).

(4) the affidavit dose Not Name Victim of Robbery as Lekishia Adkins of Buisness as Arby's

petitioner Submitts that A Robbery in the first degree is A Robbery of A person (Exparte Windson, 683 So 2d 1042 (Ala 1996) cert.denied, 520 U.S. 1171, 1175, Ct 1438, 137 L.2d 2d 545 (1997)

In are indictment Charging Robbery, the ownership of stolen properly is properly Laid in the party in possession. Naismith V. State, 615 So 2d 1323 (Ala. Cr. App. 1993).

the case at bar clearly shows that the complainant was the victim of Robbery otherwise the Name of the person Robbed Lekishia Adkins would have been Named in the warrant of arrest, complainant + affidavit.

the State forced petitioner to stand trial for the Robbery of

(25)

one LeKishia Adkins in which petitioner was Never Accused

or Arrested And detained for (10) months with out Abail within Reason

at the time of the Arrest warrant, Complant & Affidavits

LeKishia Adkins was Not A victim of Robbery, Rather She was

A witness of proble Cause see (R-9). How dose one become

witness to victim?

If the Complainant was Not the victim, the Reports are fatally

defective because the petitioner was Not informed of what he

was Accused of, And whom he had Robbed.

therefore, the warrant of Arrest for the Robbery of Complantant

is fatally defective And void of whom he had Robbed failure

to substantiate this substance that is Requred by the 4/5/6/14th

amendment of the constitutes which has Resulted in a illegal

INCARCERATION, illegal indictment, illegal trial, illegal Sentence

of 20, years and Justice demands that petitioner would

be aquitted of all said Charges and Convitions and

Also Release From he's present Custody.

(26)

## Issue 7

the Indictment Contrived by the State, handed down by the grand jury, found Guilty by petit Jury is fatally defective on its face.

Petitioner submitts that indictment of Robbery I of said person lekishia Adkins is fatally defective on its face because petitioner at no time was arrested for the said Robbery I of Lekishia Adkins.

Petitioner stood trial on the Robbery or one Lekishia Adkins when in fact, ~~that~~ the state provided no Notice by writing or orally that he was to stand trial for the Robbery of Lekishia Adkins, other than Indictment.

"A grand Jury indictment is are instrument of practical function to ensure that there are sufficent "fact" constituting a crime offerded against a defendant to warrant a trial" US. V. Cruik shauk, 92 U.S. 542. 556, 236, Ed 588 (1875).

the fact that petitioner stood trial for the Robbery of one Lekishia Adkins, is unrostitionl. petitioner had never been Charged.

(27)

therefore, "In testing the sufferance of are indictment

It is the Statement of facts to the pleading rather

than statutory citation that is controlling" United States V. hutcheson

312 U.S. 219, 239, S.Ct. 463, 8 L.Ed 788 (1941).

the fact that the Language in petitioner states that

petitioner Robbed one person Lekishia Adkins

is fatally defective.

She was a witness than became a Victim.

Petitioner Submitts that this is No Clerical Error

and moves this Court for an Aquittal of said Charge

And be Released from the Custody of the Alabama

Dept of Corrections.

At No time was petitioner Arrested or in Custody

for Robbing one Lekishia Adkins and no such Evidence

was presented in trial by Complaint, Affidavit, warrant

that petitioner was Charged for Robbing Lekishia Adkins.

this Court does Not retain the Jurisdiction or the

power to add to or take away from the Indictment.

(28)

## CONCLUSION

Petitioner Has been deprived of His constitutional Rights to a fair Trial and due process. Devective warrant, Indictment, invocation of Habitual offender without proper due process.

_Relief sought_

Case Remanded Back to montgomery County
and Sentence of Robber I Vacated.

(30)

## Certificate of Service

I hereby certify that on this _____ 2003 I did

serve a copy of the foregoing on the following, by placing the

same in the United States mail, first class, postage prepaid

and addressed as follows:

the Honorable Bill Pryor

office of the Attorney General

Criminal Appeals Division

Alabama State House

South Union Street

Montgomery, Alabama 36130
            (334) 242-7300


            Charles Smith AIS 129560

            Tallahatchie Corr Facility

            P.O. Box 388

            Tutwiler. MS. 38963

IN The Circuit Court Montgomery County

Montgomery, Alabama

Charles Smith

Plaintiff                        CASE NO. 2002-920

State of Alabama

defendants

---

## Motion for Appointment of Counsel

Plaintiff by and through himself in the petition of rule 32 for relief from Conviction of sentence. pursuant to all applicable Law and respectfully moves this Honarble Court to appoint Counsel in this mattes which is Now be for this Court. in support thereof plaintiff would show the following.

1) that the accompanying petition for write of rule 32 is property filed into this Court seesing relief from Conviction of sentence.

that petition for post conviction relief now before this court was prepared by a pro se litigant and plain does not passese the knowledge or skill to adequately represent himself in this matter.

3). the plaintiff is an incarcerated person and therefore is indigent and cannot afford to have counsel as indicated in the forma paupris and order filed within.

4). that the issues invoved in this matter are very complex in nature and the plaintiff is incapable of representing himself and requires the assistance of a skilled attorney to effectively prosecute his petition. SEE poole V Lambert 819 F2d 1025. 1028 (11th cr. 1987), Lisilmer V chancellor 1091 F.2d 209 (5th cr. 1982) and Wahl V mailer. 773. F2d 1169. 1174 (11th cr. 1985).

5) plaintiffs ability to read and write is very limited. Legal research is meaningless and incompetant. petitioner's access to a law library is limited to (1) once a week for hrs which falls below the standard for adequately access to law libraries, which is daily access

(33)

" 11½ hrs a week in Bounds V Smith.

6). that the defendants are properly equipped with legal RESEARCH and Representation by their own legal Department. with disadvantage the plaintiff in that he does not have the knowledge or skills or training to compete with a skilled attorney. wherefore. premises Considered, the plaintiff Respectfully prays that this Hon. court issue an order appointing a skilled attorney to Represent the plaintiff on this petition of Rule 32. in which Colorful Claims ~~the~~ been presented the petitioner has shown that exceptional Circumstances do Exist in this Case and therefore the appointment of Counsel is warranted pursuant to Fowler V James 299 F. 2d 1033 (11th Cir 1990).

this is a Case where the Rights or the plaintiff have been violated due to the actions of the defendants.

(3)

Certificate of Service

I hereby submitt that I have served upon the defendant and the (court) of montgomery co. the motion of — appoitment of counsel

As part of the Rule 32 post conviction remedy by Placing the same in the u.s. mail box in the Tallahatchie Corr. Facilty on ~~Jan 27th~~ day of ~~27 Jan~~ 2004

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES SEPT 21, 2007
BONDED THRU STEGALL NOTARY SERVICE

Angie S. Woods
Notary Public

Respectfully Submitted

Charles Smith
Charles  Smith

(55)

# KELLY VICKERS, ATTORNEY

Mail:  P.O. Box 230803, Montgomery, AL 36123
Office:  100 Commerce Street, 9th floor above the bank
Phone:  334-834-6639—Fax: 334-262-0936

December 31, 2003

*Alabama State Bar*
*Attention: Cheryl L. Rankin*
By hand delivery

Re:    CSP No. 03-1436(A)   Complaint of Charles Smith

Dear Ms. Rankin and Charles Smith:

I have reviewed Charles Smith's well drafted complaint.  I regret was disappointed with my services.   I believe I provided all the services required of me in an appropriate and professional manner.

I was appointed by the Circuit Court to handle Mr. Smith's appeal. Following a trial he had been convicted by a jury of the crime of Robbery. The Court gave him the minimum possible sentence even though this was the second time he had been convicted for Robbery in the first degree.  I contacted Mr. Smith to learn what issues he felt were relevant, and I took his concerns into consideration in the appellate brief I prepared.

I have been handling criminal defense work for nearly ten years, and I am often appointed to handle criminal appeals.  I never make any distinction as to whether I am retained or appointed in my representation; I greatly enjoy criminal defense and take pride in the quality of my work.

When I reviewed the transcript for Charles Smith, I became quite concerned.   Charles Smith was insisting that he was not guilty, but by experience I knew that the issues that could be raised on appeal would not be adequate to obtain a reversal.  I did the best I could with what I had to work with. During the trial Charles Smith advised the Court he had lost confidence in his trial attorney (Winston Durant) and asked for another attorney.   The Court, having much experience with Mr. Durant, did not allow Mr. Smith to have another attorney.  I addressed the issue again, but the appellate Court agreed with such decision.    I also challenged the sufficiency of the evidence, but the appellate court reviewed the evidence

*Toll Free:  voice: 1-866-399-2990  fax: 1-866-422-7026*
*email: kv@kellyvickers.com*

*Exhibit* A

and the trial and found no error in the jury's decision. I raised other issues, but the appellate court found that none of the issues rose to the level of warranting a reversal or any other remedy. Frankly, the greatest error was Mr. Smith's decision to take the stand in his own defense; his own testimony did him the most harm. I feel I did a fine job on the appeal and completed all the work that was necessary and appropriate under my appointment.

My notes indicate that we did in fact send a transcript to Mr. Smith. It is always our policy to send a copy of the transcript to our appellate clients. This is demonstrated in my letter attached as exhibit "A" of Mr. Smith's complaint. However, based on Mr. Smith's comments, it appears our first mailing of the transcript did not make it to whichever facility Mr. Smith was in. Therefore I have sent a second copy of the transcript to Mr. Smith addressed to Mississippi Facility address shown on his complaint. Mr. Smith still has available to him the further remedy of a "Rule 32 Petition" in which he can submit to the trial court any argument or evidence he may have that an error was made during his case. He may also argue in the petition that I and/or Winston Durant failed to provide the services he is entitled to under the law. The Rule 32 petition would have to be submitted within two years of his conviction. With all due respect, I do not believe I or Mr. Durant failed to provide adequate representation, but I want Mr. Smith to have every opportunity to protect his rights. My appointment by the Court does not include the Rule 32 petition, but Mr. Smith seems very capable of preparing the pleading.

I sent several letters to Mr. Smith informing him of the process and progress of the appeal. Mr. Smith also kept in touch with the circuit and appellate court on his own. He filed a request with the Court of Criminal Appeals asking for leave to file an additional brief himself. The Court of Criminal Appeals denied his request. The Court also sent correspondence directly to Mr. Smith advising him of the status of his case. When we received the decision from the Appellate Court we sent a copy to Mr. Smith with a letter informing him of his options and giving him notice our services under the appointment were concluded. It appears from the complaint he may not have received such letter. Please find attached copies of the correspondence we sent to Mr. Smith. Because prison mail is processed by inmates, and because of transfers between the facilities, it is not uncommon for mail to occasionally fail to reach an inmate. I regret any delayed or undelivered mail, but such did not adversely affect Mr. Smith's case.

**Toll Free: voice: 1-866-399-2990   fax: 1-866-422-7026**
**email:  kv@kellyvickers.com**

Once the Court of Appeals decision was made I reviewed the decree to determine whether there were any issues which needed to be submitted on re-hearing. It was my professional opinion that I could not make any good faith argument which had not already been presented. I believe it would have been unethical to file for a re-hearing where there was no rational basis for same. I do not agree with Mr. Smith's assertion that I am required to file for a re-hearing under such circumstances. I did in fact "exhaust state remedies" in his case. If there had been any further remedy that was appropriate I would have pursued it. Mr. Smith is, as he asserted, "time barred from continuing litigation to the Supreme Court," but there was no chance whatsoever of the Supreme Court reviewing his case. The issues were fully resolved under the law in the Court of Criminal Appeals. As noted before, Mr. Smith may file a Rule 32 petition, including the issue of whether I adequately pursued and preserved all his rights, and if such is unsuccessful in the trial court, he may pursue the issues in his Rule 32 petition through the appellate system.

I do deeply regret that I did not promptly respond to Mr. Smith's last letter to me (he includes a copy in his complaint). He filed the bar complaint less than thirty days from the letter's arrival in my office, and I had not had time to reopen his file and respond.

It is my hope that this letter and the provision of another copy of the transcript (sent separately via priority mail) will appease Mr. Smith. I am including copies of letters, appellate briefs and the Appellate Memorandum/Decree. I will provide a copy of the transcript to the bar upon request. If the bar feels any other further remedy is appropriate I will gladly comply immediately.

In warmest regards,

Kelly Vickers

Kelly Vickers

KDV/ip

Exhibit



# THE VICKERS LAW FIRM
### *KELLY VICKERS, ATTORNEY*
Mail:  P.O. Box 230803, Montgomery, AL 36123
Office:  100 Commerce Street, 9th floor above the bank
Phone:  334-834-6639—Fax: 334-263-7782

**May 27, 2003**

**Charles Smith AIS 129560**
P.O. Box 150  M-182
Mt. Meigs, AL        36057

Re:    Your Appeal

Dear Charles:

The Alabama Court of Criminal Appeals denied the appeal of your case. (Copy attached). Even though I do not like the decision (and I'm sure you won't) I do not see any further issue that we can pursue at this time.   My appointment as your attorney does not include a brief to the Supreme Court.  However, I do not believe a brief to the Supreme Court would be allowed.   The available issues were fully addressed by the Appeals Court.

I would encourage you to look into filing a "Rule 32" petition against your trial attorney.  This is the only avenue left which is likely to get any result.   You are not entitled to appointed counsel to prepare the Rule 32, so you will need to do it yourself or have someone on the outside retain an attorney for you.  If you hire a lawyer it will run from $2,500.00 up to $5,000.00.  It should not be more than that.  You should file the Rule 32 soon—there is a time limit on getting it in.

My services for you under my appointment by the Court are now concluded and I am closing your file.  God bless you and yours.

In warmest regards,

Kelly Vickers

*Toll Free: voice: 1-866-399-2990  fax: 1-866-422-7026*
*email:  kv@kellyvickers.com*

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

CHARLES SMITH,                    *
                                  *
        Petitioner,               *
                                  *
v.                                *      CASE NO. CC-02-920.60 TMH
                                  *
STATE OF ALABAMA,                 *
                                  *
        Respondent.               *

## ORDER

This cause is before the Court on a Rule 32 Petition filed by
Petitioner. The Court having considered the matter, it is ORDERED
that the State is given 30 days from the date of this Order to file
a response to said Petition.

DONE this the 14th day of April, 2004.


                          _____
                          TRUMAN M. HOBBS, JR.
                          CIRCUIT JUDGE



copies:

DARYL BAILEY, CHIEF DEPUTY
 DISTRICT ATTORNEY

CHARLES SMITH
AIS 121560
P.O. BOX 1107
ELMORE, AL  36025

RECEIVED
4-14-04
CIRCUIT COURT CLERK

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRUCIT
## MONTGOMERY COUNTY, ALABAMA

CHARLES SMITH,        )

      Petitioner/Defendant,   )

                   )

v.                  )    Case No. CC-02-0920.60 TMH

                   )

STATE OF ALABAMA,     )

                   )

      Respondent.       )

## STATE'S ANSWER AND MOTION FOR EXTENSION OF TIME

COMES NOW the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this honorable court for an extension of time pursuant to Rule 32.7(a), Ala. R. Crim. P., to further answer Petitioner's Motion for Post-conviction Relief pursuant to Rule 32, Ala. R. Crim. P., but would otherwise answer the petition as follows:

1.     The State denies each and every material allegation in the defendant's petition and demands strict proof thereof.

2.     The petition fails to state a claim on which relief may be granted; and/or

3.     The petition fails to raise any material issue of fact or law which would entitle the Petitioner to relief and no purpose would be served by any further proceedings in this matter; and/or

4.     The petition is precluded pursuant to Rule 32.2(a)(2), Ala. R. Crim. P., because the issues raised were raised or addressed at trial; and/or

5.    The petition is precluded pursuant to Rule 32.2(a)(4), <u>Ala. R. Crim. P.</u>, because the issues raised were raised or addressed on direct appeal; and/or

6.    The petition is the second or successive petition on the same or similar grounds on behalf of this defendant and relief should not be granted pursuant to Rule 32.2(b), <u>Ala. R. Crim. P.</u>; and/or

7.    The petition is time barred by the two year period of limitations pursuant to Rule 32.2(c), <u>Ala. R. Crim. P.</u>; and/or

8.    The petition is not sufficiently specific.

WHEREFORE, the State moves this honorable court for an additional ninety (90) days to review the record and prepare the necessary evidentiary showing and moves the court for leave to amend its answer.

Respectfully submitted this the _11th_ day of _May_____, 2004.

Eleanor I. Brooks,
District Attorney

By: _____
William I. Powell (POW056)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon Charles Smith, #129560-2 Cell 169, P. O. Box 1107, Elmore, Al 36025, by placing the same in the U.S. Mail, postage prepaid and properly addressed, this the _11th_ day of _May_____, 2004.

Eleanor I. Brooks,
District Attorney

By: _____
William I. Powell (POW056)
Deputy District Attorney

<div align="center">

**IN THE CIRCUIT COURT**
**FOR THE FIFTEENTH JUDICIAL CIRCUIT**

</div>

CHARLES SMITH
    Petitioner,

v.

STATE OF ALABAMA
    Respondent.



Case No. CC-02-0920.60 TMH

<div align="center">

## MOTION FOR SUMMARY DISMISSAL

</div>

COMES NOW the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this Honorable Court to dismiss the above named defendant's Petition for Post Conviction Relief pursuant to Rule 32, <u>Ala. R. Crim. P.</u> (hereinafter "petition" or "Rule 32"). In support of this motion, the State of Alabama shows the following:

<div align="center">

## PROCEDURAL BACKGROUND

</div>

The Defendant hid in the ceiling tiles in the restroom of the Arby's Restaurant, 5759 Atlanta Highway, Montgomery, Alabama, emerged at closing time as employees were cleaning, and robbed all remaining employees at gunpoint, including Lakeshia Atkins. Employees identified the defendant's vehicle leaving the scene and were able to flag down a passing police officer, who initiated pursuit of the defendant's vehicle. The defendant was arrested on or about April 28, 2002, at approximately 1:00 a.m. after a car chase through nearby Lagoon Park, where the defendant threw various items of evidence (e.g. bank bags from Arby's) from his vehicle. These bank bags were recovered along with other bank bags from Arby's found inside the defendant's vehicle.

<div align="center">

1

</div>

As the defendant was arrested fleeing the scene, the formal arrest warrant was not prepared and signed until later on April 28, 2002, executed by Zanetta Roberson, manager of the Arby's Restaurant that was robbed, listing employee Lekeshia Atkins on the warrant/affidavit. The defendant was indicted by the Montgomery County Grand Jury in July 2002 for the offense of Robbery in the First Degree, Section 13A-8-41, <u>Code of Alabama</u>, 1975, and the defendant was convicted as charged after a jury trial on October 29, 2002. The defendant filed a direct appeal where his conviction was affirmed by the Alabama Court of Criminal Appeals by memorandum opinion on May 23, 2003. The defendant filed present Petition on April 8, 2003.

## <u>ALLEGED GROUNDS FOR RELIEF</u>

As a basis for this petition, the Petitioner alleges the following grounds:

1. <u>The Trial Court erred by denying the Petitioner's two oral motions seeking a judgment of acquittal during trial.</u>

This specific issue was raised and addressed on direct appeal and the defendant's conviction was affirmed (See State's Exhibit "A", Memorandum Opinion, CR-02-327); therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R. 32.2(a)(4). On these grounds, the petitioner's claims are due to be denied and the petition summarily dismissed.

2. <u>The Trial Court erred in denying the Petitioner's motion for new counsel and for a continuance thus depriving him of effective assistance of trial counsel.</u>

This specific issue was raised and addressed on direct appeal and the defendant's conviction was affirmed (See State's Exhibit "A", Memorandum Opinion, CR-02-327); therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R.



32.2(a)(4). On these grounds, the petitioner's claims are due to be denied and the petition summarily dismissed.

3. <u>The Trial Court erred by ruling the Petitioner's Due Process rights were not violated by the Montgomery Police Department's inadvertent loss of the videotape shot from the police vehicle that chased the Petitioner on the night the offense in question was committed.</u>

This specific issue was raised and addressed on direct appeal and the defendant's conviction was affirmed (See State's Exhibit "A", Memorandum Opinion, CR-02-327); therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R. 32.2(a)(4). On these grounds, the petitioner's claims are due to be denied and the petition summarily dismissed.

4. <u>The Trial Court erred by sentencing the defendant to a 20-year term of imprisonment without stating the reasons therefore.</u>

First, the court is under no legal or other duty to provide the defendant with satisfying reasons for its decision in ordering a particular sentence authorized by law. Second, the petition, on its face, makes reference to the weapon enhancement, Section 13A-5-6, invoked by the State of Alabama at sentencing, resulting in a range of punishment of twenty (20) years in the penitentiary up to a term of LIFE in the penitentiary on the charge of Robbery in the First Degree, a class A felony. (Petition at 15). This is no dispute over the applicability of the weapon enhancement, Section 13A-5-6. On these grounds, the petition fails to state a claim on which relief may be granted and, further, fails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief; therefore, these claims are due to be denied and the petition summarily dismissed.

3

5. The Trial Court erred in sentencing the defendant under the Habitual Felony Offender Act, Section 13A-5-9 (HFOA).

First, a certified transcript from the Alabama Department of Corrections for Case No. CC-1981-530, proving the defendant was previously convicted of one count of Robbery in the First Degree from Jefferson County, Alabama, was admitted during sentencing. (RR 16-20). Second, the State of Alabama also invoked the weapon enhancement, Section 13A-5-6, which increased the defendants range of punishment beyond that authorized by the HFOA. Under the HFOA, the range of punishment for a Class A felony (normally 10-years to Life) is increased to 15-years to life; however, the weapon enhancement pushes the minimum sentence further to a range of 20-years to Life. On these grounds, the petition fails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief; therefore, these claims are due to be denied and the petition summarily dismissed.

6. The Trial Court had no jurisdiction to impose sentence due to a faulty arrest warrant and indictment.

The sufficiency of the arrest warrant is a nonjurisdictional issue, which the defendant is procedurally barred from raising in the present petition. In a similar case, the Alabama Court of Criminal Appeals has stated, "Although [the petitioner] couches this argument in jurisdictional terms, it is actually a nonjurisdictional challenge to the validity of the arrest warrant. Therefore, the claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(2), (5), Ala. R. Crim. P.; Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991)." Sumlin v. State, 710 So. 2d 941, 942 (Ala. Crim. App. 1998). On these grounds, the petitioner's claims are due to be denied and the petition summarily dismissed.

4

7. The indictment was fatally flawed on its face, thus depriving the court of jurisdiction to render judgment and impose sentence.

In substance, the defendant argues that the Arby's manager, Zannetta Roberson[1], signed the warrant, while the indictment lists an employee, Lakesha Atkins, as the victim of the robbery, thereby creating a fatal defect in the indictment. (Petition at 27, 22-26). The defendant fails to raise a valid legal argument concerning any fatal defect in the indictment. The State's evidence showed that, though other employees were also present, the defendant held Lakesha Atkins at gunpoint forcing her to get cash from the restaurant's cash drawers and open a time locked safe. (RR. 38-77, Testimony of Lakeshia Atkins). The indictment properly charged that the defendant used force or the treat of force against any person present, namely Lakesha Atkins, to obtain money, while the defendant was armed with a gun. (Compare R. 4, Indictment, to Section 13A-8-41).

An indictment is valid where it tracks the pertinent statute, Section 13A-8-41, and clearly informs the accused of the offense charged in language that is readily understood by the ordinary person. Thatch v. State, 432 So. 2d 8, 9-10 (Ala. Crim. App. 1983). Further, there is no fatal variance or defect "between an indictment alleging that the property was stolen from an employee of a business and proof that the property was owned by the business." Melson v. State, 775 So. 2d 857, 867 (Ala. Crim. App. 1999). On these grounds, the petition fails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief; therefore, these claims are due to be denied and the petition summarily dismissed.

---

[1] The defendant incorrectly reads the warrant and affidavit as being signed by "Zames R. L." (Petition at 23; compare State's Exhibit "B", Copy of Arrest Warrant). Regardless, the warrant states the name and location of the business robbed, specific facts of the offense, and lists relevant parties, including Lekishia Adkins. Id.

WHEREFORE, premises considered, no purpose would be served by any further proceedings in this matter, and the relief requested by the defendant is due to be denied and the petition summarily dismissed.

Respectfully submitted on this the 12th day of _August_, 2004.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

William I. Powell (POW056)
Deputy District Attorney

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon the Petitioner Charles Smith, pro se, by placing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed to him at AIS# 129560, Draper Correctional Facility, P.O. Box 1107, Elmore, Alabama 36025.

DONE, this the _12th_ day of _August_, 2004.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

William I. Powell (POW056)
Deputy District Attorney

ADDRESS OF COUNSEL:

Montgomery County District Attorney
100 South Lawrence Street
Montgomery, AL 36104
(334) 832-2550

7

Rel\05\23\2003\Smith

# *Court of Criminal Appeals*

### *State of Alabama*
### *Judicial Building, 300 Dexter Avenue*
### *P. O. Box 301555*
### *Montgomery, AL 36130-1555*

**H.W."BUCKY" McMILLAN**
*Presiding Judge*
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
*Judges*

*Lane W. Mann*
*Clerk*
*Wanda K. Ivey*
*Assistant Clerk*
*(334) 242-4590*
*Fax (334) 242-4689*

## MEMORANDUM

CR-02-0327                    Montgomery Circuit Court CC-02-920

<u>Charles Smith, alias v. State of Alabama</u>

Cobb, Judge.

On October 29, 2002, Smith was convicted of first-degree robbery, a violation of § 13A-8-41(a)(1), Ala. Code 1975. The trial court sentenced him, as a habitual offender with one prior conviction, to twenty years in prison. The trial court also applied the twenty-year-minimum-sentence provision in § 13A-5-6(a)(4). Smith did not file any postconviction motions. This appeal followed.

The facts adduced at trial indicate that, on April 28, 2002, a masked man wearing a hospital-scrub shirt and white gloves forced an Arby's Restaurant employee to open the restaurant's safe and give him money. The robber put a gun to another employee's head and forced him to place the money in three bank bags. After collecting the money, the robber quickly left the restaurant and drove away in a white Jeep Cherokee.

Officer E.L. Johnson was driving past Arby's and saw a person running across the parking lot with something in his hand. Officer Johnson turned around and pulled into the



STATE'S
EXHIBIT

A

parking lot, but had lost sight of the person.  One of the Arby's employees shouted at Officer Johnson, "He's in the white truck."  (R. 122.)  Officer Johnson exited the parking lot onto the highway and attempted to catch up to the Jeep Cherokee.

After a high-speed chase, the Jeep Cherokee was stopped and Smith was found to be the driver, with one of the Arby's bank bags found in the car.  Officers searched the chase route and found the other two Arby's bank bags and a mask.  No weapon was ever recovered.

On appeal, Smith raises three issues.  We address each in turn.

<div align="center">I.</div>

First, Smith argues that the trial court erroneously denied his two motions for judgment of acquittal.  Specifically, he takes issue with the fact that, because he wore a mask and the eyewitnesses did not see his face, the majority of the evidence against him was circumstantial.

"'[C]ircumstantial evidence' is often the only evidence there is and may support a conviction.  See Cumbo v. State, 368 So. 2d 871 (Ala.Cr.App.), writ denied, 368 So.2d 877 (Ala. 1979).  Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused.  When reviewing a sufficiency of the evidence claim, we view the evidence in the light most favorable to the state.  Johnson v. State, 611 So. 2d 457 (Ala.Cr.App.1992)."

Bush v. State, 611 So. 2d 1205 (Ala. Crim. App. 1992).

The testimony of the eyewitnesses, who identified Smith's clothing, the bank bags, and Smith's moustache, when combined with the officer's testimony that he saw Smith running from Arby's and eventually found Smith to be wearing the same clothes described by the eyewitnesses, and the evidence found in Smith's car and on the chase route, although circumstantial, certainly point to Smith's being the masked, armed robber on the day in question.  Therefore, the State presented sufficient evidence to prove that Smith was the robber in this case, and his sufficiency-of-the-evidence argument on appeal is without merit.

<div align="center">2</div>

II.

Second, Smith argues that the trial court erroneously denied his motion for a continuance and his request for new counsel.[1] At trial, the following exchange occurred:

"[THE COURT]:  What did you want to tell the court?

"[THE DEFENDANT]:  Oh, yes.  I'm not ready to go to court, because I feel like I have a bond trust [sic] -- bridge trust [sic] in my attorney.  I would like to get me another attorney.

"[THE COURT]:  Mr. Smith, we're -- you're going to trial today.  Mr. Durant is a -- he's a very good attorney.  He'll represent you well.  And we aren't going to wait just to -- when the jury is standing out there ready to be brought in.  So if you're asking for a motion for a continuance, that's denied.  And motion for another attorney, that's denied."

(R. 6-7.)

As the State points out,

"When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel. If the defendant can establish 'good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead . . . to an apparently unjust verdict,' the court must substitute new counsel. However, the mere loss of confidence in his appointed counsel does not establish 'good cause.' Defendant

---

[1]To the extent that Smith also attempts to argue that trial counsel rendered ineffective assistance during the trial. Smith never presented this argument to the trial court, and, therefore, has not preserved it for appellate review.

3

must have some well founded reason for believing that the appointed attorney cannot or will not competently represent him. . . . The defendant cannot insist upon new counsel because he doesn't like the appointed counsel's 'attitude,' association with the prosecutor, or approach on matters of strategy. While ideally a 'relationship of trust and confidence' should exist between accused and his attorney, the Sixth Amendment, the Supreme Court has noted, guarantees only competent representation, not 'a meaningful attorney-client relationship.'"

"2 W. LaFave & J. Israel, Criminal Procedure § 11.4 at 36-37 (1984).

"...'The right to chose counsel is a shield and part of an accused's due process rights. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice. <u>Tate v. State</u>, 346 So.2d 515, 521 (Ala. Cr. App. 1977)." <u>Richardson v. State</u>, 476 So.2d 1247, 1248 (Ala. Cr. App. 1985) (wherein the court found no error in denying motion to substitute counsel on the day of trial).

<u>Robinson v. State</u>, 581 So. 2d 1197, 1200 (Ala. Crim. App. 1990).

Smith's objection at trial did not specify any particular reason for wanting a new attorney other than a mere loss of confidence, if anything. He did not allege that counsel was affected by a conflict of interest, or that he and counsel had had a complete breakdown of communication or an irreconcilable conflict. Although Smith offers on appeal several reasons for wanting a new attorney, those reasons were not timely presented to the trial court. Additionally, those reasons are general and insufficient to establish the need for new counsel -- a lack of sufficient communication with the client and a failure to submit pretrial motions. From aught that appears in the record, there was no reason to move the trial court for new counsel, except to delay the proceedings. Therefore, the trial court's denial of Smith's motion was correct, and his argument is without merit.

4

III.

Finally, Smith argues that the trial court erroneously ruled "there was no problem in the recycling of potential exculpatory evidence (the video tape)." (Appellant's brief on appeal.) During trial, one of the police officers involved in chasing Smith as he fled the scene of the robbery testified that the video camera in his car filmed the chase. Defense counsel demanded the tape. The prosecutor stated that he had never heard of such a tape. After a hearing, the trial court found that the tape had been inadvertently erased and recycled at the police department, and there was no reversible error because of the inadvertent recycling.

As he did at trial, Smith claims on appeal that the video tape "could have contained exculpatory evidence." (Appellant's brief on appeal.) He does not specify what this exculpatory evidence would have consisted of. Essentially, Smith claims a violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

In <u>Davis v. State</u>, 720 So. 2d 1006, 1026 (Ala. Crim. App. 1998), this Court stated:

> "'"In order to establish a <u>Brady</u> violation, appellant must prove: '(1) The prosecution's suppression of evidence; (2) The favorable character of the suppressed evidence for the defense; (3) The materiality of the suppressed evidence.'" <u>Knight v. State</u>, 478 So. 2d 332, 335 (Ala.Cr.App. 1985). Impeachment evidence, as well as exculpatory evidence, falls within the <u>Brady</u> rule. <u>See Giglio v. United States</u>, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972).'"

Smith has not established, and the record does not reflect, that the prosecution suppressed any evidence. Smith has not established, or even alleged, the favorable character of the suppressed evidence for the defense. Therefore, he has not established a <u>Brady</u> violation, and his argument is without merit.

For the reasons stated above, the judgment of the trial court is affirmed.

AFFIRMED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.

5

Felonies, Misdemeanors, or Violations

Case Number

DC02-727

75

Form C65 (front)    Revised 11/92

| IN THE | **DISTRICT** | **COURT OF** | **MONTGOMERY,** | **ALABAMA** |

(Circuit, District, or Municipal)    Name of Municipality or County

☐ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

v.    CHARLES SMITH                                              , Defendant

---

## TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

[X] Probable cause has been found on Complaint filed in this Court Against (name or description of person to be arrested)

CHARLES SMITH

Charging: [description of offense(s)]  **ROBBERY FIRST DEGREE**

_____

_____

in violation of  §13A-8-41 Code of Alabama 1975                          ; OR

☐ An indictment has been returned by the Grand Jury of this county against (name of person to be arrested)

_____

Charging: [description of offense(s)]  _____

_____

in violation of  _____

[X] YOU ARE THEREFORE ORDERED to arrest the person named or described above and bring that person before a judge or magistrate of this

Court to answer the charges against that person and have with you then and there this warrant with your return thereon.  If a judge or magistrate

of this Court is unavailable, or if the arrest is made in another county, you shall take the accused person before the nearest or most accessible

judge or magistrate in the county of arrest.

[X] You may release the accused person without taking the accused person before a judge or magistrate:

[X] If the accused person enters into a bond in the amount of $   200,000.00   with two good sureties approved by an authorized

officer or by depositing cash or negotiable bonds in the amount with the court clerk; OR

[X] If the accused person posts an appearance bond in the amount of $   200,000.00

☐ On his or her personal recognizance.

April 28, 2002 at 5:25 AM                              _____

Date                                                    Judge/Magistrate/Clerk

D.T. MARSHALL, SHERIFF

2002 APR 29  A  5:24

**STATE'S EXHIBIT**

B

| Form C-65 (back)   Rev. 11/92 | **WARRANT OF ARREST** (Felonies, Misdemeanors, or Violations) |

INSTRUCTIONS: Complete the following information on OFFENSE/OFFENDER

Offense: ROBBERY 1ST DEGREE

Defendant's Name: Charles Smith B/M                          D.O.B. 01/31/1958

Defendant's SSN: 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          Height: 5'08          Weight: 210

Defendant's Address: 2703 Geneva Street Montgomery, Al 36107

Date & Time of Offense: 04/28/02 @ 0040 Hours

Place of Occurance: 5759 Atlanta Hwy Montgomery, Alabama

Person or Property Attacked: Arby's # 5691

How Attacked: with gun (robbed)

Damage Done or Property Attacked: _____

Value of Property: _____

Details of Offense:
On Sunday, 04/28/02, at 0040 Hours, the defendant, after being hidden
in the ceiling tile of the bathroom, did, after closing, come out of
hiding armed with a handgun, and demand the business currency. After
securing the currency, the defendant did flee the business in a
vehicle only to be apprehended after a vehicle pursuit.

This offense is in violation of the Criminal Code of Alabama section
13A-8-41.

This offense occurred in the State of Alabama, County of Montgomery,
City of Montgomery.

I make this affidavit for the purpose of securing a warrant against the said
Charles Smith B/M. I understand that I am instituting a
criminal proceeding and cannot drop this case. I further understand that if any of the forgoing
facts are untrue, I may, in addition to any other punishment provided by law, be taxed with
court costs in this proceeding.

Sworn to and subscribed before me
this __25th__ day of __April__ 200_2_.

_____
Complainant

_____
Judge - Clerk - Magistrate

WITNESSES: (Name, Address, Telephone Number)

1) Alvin Ray Bly, 6600 Willow Springs Dr, Hope Hull, Alabama 36043
2) Lekishia Adkins, 4547 Hurlston Dr, Montgomery, Alabama 36116
3) Det CJ Butterbaugh 053,320 N. Ripley St, Montg, Al 36104

4) ZENETTA ROBERSON  3332 ROYAL CARRIAGE DR.  MONTGOMERY Al 36116

Form CR-6    Revised 8/98

(Felonies, Misdemeanors or Violation)
District Court or Municipal Court)

DC 02 - 1217

77

| IN THE | , DISTRICT | COURT OF | MONTGOMERY, | ALABAMA |

(Circuit, District or Municipal)    (Name of Municipality or County)

**STATE OF ALABAMA**
**MUNICIPALITY OF MONTGOMERY** v.    CHARLES SMITH

Defendant

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe, that __CHARLES SMITH__, defendant whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about __04/28/2002__ (date of occurrence) commit the offense of __ROBBERY FIRST DEGREE__ within the

[X] County of    **MONTGOMERY**

[ ] City/Town of _____ or in the police jurisdiction thereof, in that he/she did:

(State specific facts here. Continue on a separate sheet of paper if needed.)    in the course of committing a theft of property, as stated or described in the attached Affidavit, use force or threaten the imminent use of force against the said person or another person present, with the intent to overcome his/her physical resistance or physical power of resistance, or to compel the acquiescence to the taking of or escaping with the property (select as appropriate):

(a)(1)  [X]  while the Defendant was armed with a deadly weapon or dangerous instrument as stated or described in the attached Affidavit;

(a)(2)  [ ]  and at the time caused serious physical injury to said person or another person as stated or described in the attached Affidavit,

in violation of

[X] Section __13A-8-41__, *Code of Alabama* 1975.

[ ] Municipal Ordinance Number _____, which embraces Section _____
*Code of Alabama 1975*, previously adopted, effective and in force at the time the offense was committed.

[ ] Other _____

Sworn to and Subscribed before me this
__28th__ day of
__April__, __2002__

_____
Judge/Magistrate/Warrant Clerk

_____
Complainant
3332 Royal Carnage Dr
Address
272-4780
Telephone Number

**WITNESSES**

| Name | Address | Telephone Number |
| --- | --- | --- |
|  |  |  |
|  |  |  |

Additional Witnesses on Reverse Side.

State of Alabama    Warrant Number

## IN THE CIRCUIT COURT
## FOR THE FIFTEENTH JUDICIAL CIRCUIT

CHARLES SMITH   )
   Petitioner,  )
      )
v.      )  Case No. CC-02-0920.60 TMH
      )
STATE OF ALABAMA  )
   Respondent.  )
      )

**RECEIVED**
**10-5-04**
**CIRCUIT COURT CLERK**

### ORDER

  This matter is before the Court on the above defendant's Request to Proceed in Forma Pauperis, Petition for Post Conviction Relief pursuant to Rule 32, Ala. R. Crim. P., State's Answer and Motion for Extension of Time, Petitioner's Opposition to the State's Answer, and subsequently the State's Motion for Summary Dismissal.

  The Defendant's Request to Proceed in Forma Pauperis is GRANTED. It is further ORDERED that Petitioner is required to pay a filing fee in the amount of $201.00 in this cause; and the Alabama Department of Corrections is directed to withhold 50% of each dollar the Petitioner receives through his Prisoner's Money on Deposit Account and to deliver the same to the Clerk of this Court when the full amount has been collected.

  Having considered the pleadings, the court record, and its review of the original proceedings, this court makes the following specific findings of fact and conclusions of law:

  The Defendant hid in the ceiling tiles in the restroom of the Arby's Restaurant, 5759 Atlanta Highway, Montgomery, Alabama, emerged at closing time as employees were cleaning, and robbed all remaining employees at gunpoint, including Lakeshia Atkins. Employees identified the defendant's vehicle leaving the scene and were able to flag down a passing police officer, who initiated pursuit of the defendant's vehicle. The defendant was arrested on or about April 28, 2002, at approximately 1:00 a.m. after a car chase through nearby Lagoon Park, where the defendant threw various items of evidence (e.g. bank bags from Arby's) from his vehicle. These bank bags were recovered along with other bank bags from Arby's found inside the defendant's vehicle.

  As the defendant was arrested fleeing the scene, the formal arrest warrant was not prepared and signed until later on April 28, 2002, executed by Zanetta Roberson, manager of the Arby's Restaurant that was robbed, listing employee Lekeshia Atkins on the warrant/affidavit. The defendant was indicted by the Montgomery County Grand Jury in July 2002 for the offense of Robbery in the First Degree, Section 13A-8-41, Code of Alabama, 1975, and the defendant was convicted as charged after a jury trial on October 29, 2002. The defendant filed a direct appeal where his conviction was affirmed by the Alabama Court of Criminal Appeals by memorandum opinion on May 23, 2003. The defendant filed present Petition on April 8, 2003.

  As a basis for this petition, the Petitioner alleges the following grounds:



1.  The Trial Court erred by denying the Petitioner's two oral motions seeking a judgment of acquittal during trial.

This specific issue was raised and addressed on direct appeal and the defendant's conviction was affirmed (See State's Exhibit "A", Memorandum Opinion, CR-02-327); therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R. 32.2(a)(4). On these grounds, the petitioner's claims are due to be denied and the petition summarily dismissed.

2.  The Trial Court erred in denying the Petitioner's motion for new counsel and for a continuance thus depriving him of effective assistance of trial counsel.

This specific issue was raised and addressed on direct appeal and the defendant's conviction was affirmed (See State's Exhibit "A", Memorandum Opinion, CR-02-327); therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R. 32.2(a)(4). On these grounds, the petitioner's claims are due to be denied and the petition summarily dismissed.

3.  The Trial Court erred by ruling the Petitioner's Due Process rights were not violated by the Montgomery Police Department's inadvertent loss of the videotape shot from the police vehicle that chased the Petitioner on the night the offense in question was committed.

This specific issue was raised and addressed on direct appeal and the defendant's conviction was affirmed (See State's Exhibit "A", Memorandum Opinion, CR-02-327); therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R. 32.2(a)(4). On these grounds, the petitioner's claims are due to be denied and petition summarily dismissed.

4.  The Trial Court erred by sentencing the defendant to a 20-year term of imprisonment without stating the reasons therefore.

First, the court is under no legal or other duty to provide the defendant with satisfying reasons for its decision in ordering a particular sentence authorized by law. Second, the petition, on its face, makes reference to the weapon enhancement, Section 13A-5-6, invoked by the State of Alabama at sentencing, resulting in a range of punishment of twenty (20) years in the penitentiary up to a term of LIFE in the penitentiary on the charge of Robbery in the First Degree, a class A felony. (Petition at 15). There is no dispute over the applicability of the weapon enhancement, Section 13A-5-6. On these grounds, the petition fails to state a claim on which relief may be granted and, further, fails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief; therefore, these claims are due to be denied and the petition summarily dismissed.

5.  The Trial Court erred in sentencing the defendant under the Habitual Felony Offender Act, Section 13A-5-9 (HFOA).



First, a certified transcript from the Alabama Department of Corrections for Case No. CC-1981-530, proving the defendant was previously convicted of one count of Robbery in the First Degree from Jefferson County, Alabama, was admitted during sentencing. (RR 16-20). Second, Petitioner admitted at trial to the prior felony. Finally, the weapons enhancement alone increased the range of sentence to a minimum of twenty years. Again, there is no dispute over the applicability of the weapon enhancement, Section 13A-5-6. On these grounds, the petition fails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief; therefore, these claims are due to be denied and the petition summarily dismissed.

> 6. The Trial Court had no jurisdiction to impose sentence due to a faulty arrest warrant and indictment.

The sufficiency of the arrest warrant is a nonjurisdictional issue, which the defendant is procedurally barred from raising in the present petition. In a similar case, the Alabama Court of Criminal Appeals has stated, "Although [the petitioner] couches this argument in jurisdictional terms, it is actually a nonjurisdictional challenge to the validity of the arrest warrant. Therefore, the claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(2), (5), Ala. R. Crim. P.; Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991)." Sumlin v. State, 710 So. 2d 941, 942 (Ala. Crim. App. 1998). On these grounds, the petitioner's claims are due to be denied and the petition summarily dismissed.

> 7. The indictment was fatally flawed on its face, thus depriving the court of jurisdiction to render judgment and impose sentence.

In substance, the defendant argues that the Arby's manager, Zannetta Roberson[1], signed the warrant, while the indictment lists an employee, Lakesha Atkins, as the victim of the robbery, thereby creating a fatal defect in the indictment. (Petition at 27, 22-26). The defendant fails to raise a valid legal argument concerning any fatal defect in the indictment. The State's evidence showed that, though other employees were also present, the defendant held Lakesha Atkins at gunpoint forcing her to get cash from the restaurant's cash drawers and open a time locked safe. (RR. 38-77, Testimony of Lakeshia Atkins). The indictment properly charged that the defendant used force or the treat of force against any person present, namely Lakesha Atkins, to obtain money, while the defendant was armed with a gun. (Compare R. 4, Indictment, to Section 13A-8-41).

An indictment is valid where it tracks the pertinent statute, Section 13A-8-41, and clearly informs the accused of the offense charged in language that is readily understood by the ordinary person. Thatch v. State, 432 So. 2d 8, 9-10 (Ala. Crim. App. 1983). Further, there is no fatal variance or defect "between an indictment alleging that the property was stolen from an employee of a business and proof that the property was owned by the business." Melson v. State, 775 So. 2d 857, 867 (Ala. Crim. App. 1999). On these grounds, the petition fails to raise any disputed issue of material fact or law that

---

[1] The defendant incorrectly reads the warrant and affidavit as being signed by "Zames R. L." (Petition at 23; compare State's Exhibit "B", Copy of Arrest Warrant). Regardless, the warrant states the name and location of the business robbed, specific facts of the offense, and lists relevant parties, including Lekishia Adkins. Id.

3

would entitle the Petitioner to relief; therefore, these claims are due to be denied and the petition summarily dismissed.


Having fully considered the above issues, it is hereby
**ORDER, ADJUDGED, AND DECREED** that any relief request by the above named defendant pursuant to the Rule 32 Petition now before the Court is DENIED and the petition is SUMMARILY DIMISSED.

DONE this the _____5_____ day of _____Oct_____, 2004.




_____
CIRCUIT JUDGE

4

IN THE CIRCUIT COURT OF _montgomery_ COUNTY, ALABAMA

_Charles Smith_ .

Petitioner/Appellant,                    )
                                         )
vs.                                      )  CASE NO. _CC-02-920, 60J.MH_
                                         )
_State of Alabama_ .                     )
                                         )
Respondent/Appellee.                     )

## NOTICE OF APPEAL

COMES NOW the Petitioner/Appellant in the above-styled cause, and enters his Notice of Appeal from the judgment rendered against him on the ___5___ day of _Oct_ , 20 _04_ , denying relief on his _Rule 32_ , pursuant to _Rule of Criminal Procedure_ .

In support of the appeal, the Appellant will rely on the entire record of the proceeding.

_Charles Smith # 129560_
Appellant, Pro se
Draper Correctional Center
P.O. Box 1107
Elmore, AL 36025

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing, with attached Report's Transcript Order and Doceting Statement on the Clerk of the Circuit Court of _montgomery_ County, Alabama, by placing same in the United States Mail, postage prepaid and properly addressed on this _13_ day of _October_ , 2004.

_Charles Smith #129560_
OF APPELLANT

cc: File

OCT 2004
FILED
Melissa Rittenour
Circuit Clerk

**State of Alabama**
**Unified Judicial System**
Form ARAP-26 (front)   8/91

## COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number
_____ - _____

**GENERAL INFORMATION:**

☑ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF: _montgomery_ COUNTY

_Charles Smith_, Appellant

v.   ☑ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC-02-920-60, T.M.H. | July 2002 | Nov 12-2002 |

| Number of Days of Trial/Hearing | Date of Notice of Appeal | |
|---|---|---|
| (2) Days | Oral: | Written: |

Indigent Status Requested: ☑ Yes ☐ No      Indigent Status Granted: ☑ Yes ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?   ☐ Appointed ☐ Retained.   If no attorney, will appellant represent self? ☑ Yes ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)   Telephone Number
_Charles Smith_

Address _P.O.Box 1107_   City _Elmore_   State _Alabama_   Zip Code _36025_

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| _N/A_ | |
| Codefendant | Case Number |
| | |
| Codefendant | Case Number |
| | |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction
2 ☑ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify)
_____

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § 13A-8-41
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify): _____ - § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes ☐ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?   ☑ Yes ☐ No
   If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.
   _____ (Date)
   If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☐ No

   NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| Form ARAP- 26 (back)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
| --- | --- |

**POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| Month | Day | Year | | Month | Day | Year |
| 4 | 5 | 04 | | 10 | 5 | 04 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Robbery in the first Degree,

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

I) Trail Court Abused its discretion in failing to Address Appellants Claim of Ineffective assistance of trial Counsel.

II Trial Court Abused it discretion in its order denying Appellants Claim that A faulty indictment is a non jurisdiction issue. —

**K. SIGNATURE:**

10/13/04
Date

Charles Smith
Signature of Attorney/ Party Filing this Form

State of Alabama
Unified Judicial System

Form ARAP-1C     8/91

**REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**
See Rules 10(c) and 11(b) of the
Alabama Rules of Appellate Procedure (A.R. App.P.)

Criminal Appeal Number

_____ - _____

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[✓] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF   *Montgomery*   COUNTY

*Charles Smith #129560-3-126*, Appellant

V.   [✓] STATE OF ALABAMA   [ ] MUNICIPALITY OF   *Montgomery County*

Case Number   *CC-02-920-60-T.M.H*

Date of Judgment/Sentence/Order   *Nov 12-2002*

Date of Notice of Appeal
Oral:            Written:

Indigent Status Granted:   [ ] Yes   [ ] No

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

Signature _____   Date _____   Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

COURT REPORTER(S)

A. [ ] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED          DATE          COURT REPORTER(S)

D. _____
E. _____
F. _____
G. _____

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER"S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

*Charles Smith*            *10/13/04*            *Charles Smith*
Signature                  Date                 Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:   (1) Clerk of the Court of Criminal Appeals,   (2) the District Attorney,   (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and   (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

ACR371
ALABAMA JUDICIAL DATA CENTER
Case 2:05-cv-00935-MHT-TFM    Document 8-10    Filed 10/25/2005    Page 86 of 87
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS SMITH CHARLES           JUDGE: TRUMAN M HOBBS

---

APPEAL DATE: 10/13/2004

INDIGENCY STATUS:
  GRANTED INDIGENCY STATUS AT TRIAL COURT:      __X__ YES    _____ NO
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: _____ YES    __X__ NO  N/A
  INDIGENT STATUS REVOKED ON APPEAL:            _____ YES    __X__ NO
  INDIGENT STATUS GRANTED ON APPEAL:            __X__ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

---

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2002 000920.60

ORDER ENTERED(DATE): 10052004 PETITION: X DISMISSED __DENIED __GRANTED

---

POST-JUDGMENT MOTIONS FILED:     DT FILED      DT DENIED      CON BY AGREE
  ___ MOTION FOR NEW TRIAL       _____     _____      _____
  ___ MOTION FOR JUDG. OF ACQUIT _____     _____      _____
  ___ MOTION TO W/D GUILTY PLEA  _____     _____      _____
  ___ MOTION FOR ATTY TO W/DRAW  _____     _____      _____
  ___ OTHER _____      _____     _____      _____

---

COURT REPORTER(S):              _____
ADDRESS:                        _____
                                _____

APPELLATE COUNSEL #1:           PRO SE
ADDRESS:

                                          ,        00000
PHONE NUMBER:                   000-000-0000

APPELLATE COUNSEL #2:           _____
ADDRESS:                        _____
                                _____
                                _____
PHONE NUMBER:                   _____

APPELLANT (PRO SE):             SMITH CHARLES
ADDRESS:                        P.O. BOX 1107
                                ELMORE      ,   AL   360250000
AIS #:                          129560

APPELLEE (IF CITY APPEAL):      _____
ADDRESS:                        _____
                                _____

---

I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY        PREPARED: 10/29/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO    _____
THIS ACTION ON THIS 29TH DAY OF OCT ,2004   CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System | **CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK** | Appellate Case Number |
|---|---|---|
| Form ARAP-14    Rev. 11/91 | | CC-02-920.60 |

TO: THE CLERK OF
    THE COURT OF CRIMINAL APPEALS OF ALABAMA

DATE OF
NOTICE OF APPEAL: 10-13-04

APPELLANT Charles Smith

v.  STATE OF ALABAMA

    I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

    I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this 19th day of Nov, 04.

Melissa Rittenour

Circuit Clerk