# VOLUME 1 OF 1

COURT OF CRIMINAL APPEALS NO. **CR-04-0183**

## APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS
### FROM
CIRCUIT COURT OF **Montgomery** COUNTY, ALABAMA

CIRCUIT COURT NO. **CC 02-920.60**

CIRCUIT JUDGE **Hobbs**

Type of Conviction / Order Appealed From: **Supplemental**

Sentence Imposed: _____

Defendant Indigent: ■ YES ☐ NO

**Charles Smith AIS# 129560**
(Appellant's Attorney)                           (Telephone No.)
**P.O. Box 1107**
(Address)
**Elmore            AL            36025**
(City)              (State)         (Zip Code)

**Charles Smith**
NAME OF APPELLANT

v.

STATE OF ALABAMA

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter name and address of municipal attorney below.

NAME OF APPELLEE

**Supplemental**

(For Court of Criminal Appeals Use Only)

F

# INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY................................................................... 1-2

MOTION TO CORRECT THE RECORD................................................. 3

PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR SUMMARY DISMISSAL................................................................................ 4-8

CERTIFICATE OF COMPLETION........................................................ 9

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 2002 000920.60
OPER: TOR                       CASE ACTION SUMMARY
   : 1                           CIRCUIT CRIMINAL
                                                                 RUN DATE: 04/13/2004
IN THE CIRCUIT COURT OF MONTGOMERY
STATE  OF  ALABAMA                                                        JUDGE: TMH
                                        VS      SMITH CHARLES
CASE: CC 2002 000920.60                         AIS#121560 2-CELL-169
                                                  P.O.BOX 1107
                                                ELMORE, AL  36025 0000
DOB: 01/31/1958
SSN: 419886398   ALIAS NAMES:   SEX: M  RACE: B  HT: 5 08   WT: 210   HR: BLK  EYES: BRO

CHARGE01: RULE 32-FELONY                CODE01: RULE  LIT: RULE 32-FELONY  TYP: F  #: 001
OFFENSE DATE: 04/28/2002                AGENCY/OFFICER: 0030100
DATE WAR/CAP ISS:
DATE     INDICTED:                      DATE   ARRESTED: 04/28/2002
DATE     RELEASED:                      DATE      FILED: 04/07/2004
         BOND AMOUNT:       $200,000.00 DATE    HEARING:
                                        SURETIES:
DATE 1:            DESC:
DATE 2:            DESC:                TIME: 0000
                                        TIME: 0000
TRACKING NOS: CC 2002 000920 00   /                       /

   DEF/ATY:
                                           TYPE:                             TYPE:
                            00000                                 00000
PROSECUTOR:


  CASE: CC200200092000  CHK/TICKET NO:
COURT REPORTER: _____          SID NO:            000775002    GRAND JURY:
DEF STATUS: PRISON                      DEMAND:
TRANS DATE       ACTIONS, JUDGEMENTS, AND NOTES                                 OPER: TOR
04/13/2004   | ASSIGNED TO: (TMH) TRUMAN M HOBBS                    (AR01)      OPE
04/13/2004   | CHARGE 01: RULE 32-FELONY/#CNTS: 001                 (AR01)      TOR
04/13/2004   | BOND SET AT: $200000.00                              (AR01)      TOR
04/13/2004   | DEFENDANT ARRESTED ON: 04/28/2002                    (AR01)      TOR
04/13/2004   | FILED ON: 04/07/2004                                 (AR01)      TOR
04/13/2004   | INITIAL STATUS SET TO: "P" - PRISON                  (AR01)      TOR
04/13/2004   | CASE ACTION SUMMARY PRINTED                          (AR01)      TOR
04/13/2004   | CAS ATTACHMENT PRINTED                               (AR08)      TOR
                                                                    (AR08)      TOR
```

4-13-04 ✓ Copy to DA
4-14-04    Order giving State 30 days to Respond
?-5-04 ✓  Order Dismissing Rule 32
  /04     Notice of Appeal w/ Forms
1/29/04   Cert. of Appeal to Crim. Appls, AG, DA & Def.
1/22/04   [illegible]

**2**

ACR0369   ALABAMA  JUDICIAL  INFORMATION  CENTER
CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000920.60
JUDGE ID: TMH

STATE OF ALABAMA                        VS    SMITH CHARLES

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 12/01/04 | Motion to Correct the Record |

"CR-04-0183"

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHARLES SMITH,

Appellant,

vs

STATE OF ALABAMA,

Appellee.

Case No. CC-02-920.60

## MOTION TO CORRECT THE RECORD

Comes Now the Appellant in the above-styled cause, pro se, and respectfully Move the Clerk to supplement and/or correct the record pursuant to Rule 10(g), A.R.App.P. Base on the following:

1. Appellant filed Opposition to State's Response to his Rule 32 petition;

2. Opposition is incorrectly omitted from Record on appeal, and material to issues on Appeal.

Respectfully submitted this 30th day of November, 2004.

Charles Smith

cc: Lane W. Mann, Clerk
    Court of Criminal Appeals

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
FIFTEENTH JUDICIAL CIRCUIT

CHARLES SMITH, )
              )
   Petitioner, )
              )
vs.           )   Case No. CC-02-920.60 TMH
              )
STATE OF ALABAMA, )
              )
   Respondent. )

### PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

COMES NOW the Petitioner in the above-styled cause, (hereinafter "Smith") pro se, in the following manner:

1. Smith's claims for post-conviction relief may not be summarily dismissed at the initial pleading stage. Johnson v. State, 586 So.2d 1077 (Ala.Cr.App.2001). Smith must only provide clear and specific statement of grounds upon which upon which relief is sought, and once Smith has met his burden of pleading, he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof. Rule 32.1, A.R.Cr.P., et seq Johnson Id.

2. The Respondent alleges in their Motion to Dismiss that: [Smith's] claim of: "*The Trial Court erred by denying the Petitioner's two oral motions seeking a judgment of acquittal during trial*" is precluded pursuant to rule 32.2(a)(4), as evidence of this the Respondent referred a Memorandum Opinion from the Alabama Court of Criminal Appeal. Smith agrees that claim appear to be precluded.

3. The Respondent alleges in their Motion To Dismiss that [Smith's] claim of: "*The trial Court erred in denting*

1

*the Petitioner's motion for new counsel and for a continuance thus depriving him of effective assistance of trial counsel*", is precluded also pursuant to Rule 32.2(a)(4), and also supported by Memorandum Opinion Id.

    4.   The Respondent alleges further that Smith's claim of: *"The indictment was fatally flawed on its face, thus depriving the court of jurisdiction to render judgment and impose sentence"*... ... fail to raise any disputed issue of material fact or law that would entitled [Smith] to relief; therefore, these claims are due to be denied and the petition summarily dismissed. The Respondent preferred the arrest Warrant in this case, as evidence, and this arguement must fail. The State did not meet its burden of proving that the person named in the indictment as being the victim of the offense was, in fact, the victim. Sockwell v. State, 675 So.2d 4, 21 (Ala.Cr.App.1993).

    "[A] variance [as alleged by Smith in his petitio] between name of the victiom of armed robbery alleged in indictment and name of victim proved at trial was fatal rendering [Smith's] conviction void, where robbery as charged was crime against the person rather than property offense, and inclusion in indictment of establishment as ower of property stolen thus did not cure variance". See Section 13A-8-41, 13A-8-43 Code 1975; Ex parte Verzone, 868 So.2d 399 (Ala. 2003). This claim is meritorious on its face, id., and it not precluded. Wilson v. State 582 So.2d

2

582 So.2d 588 (Ala.Cr.App.1991). The is no sound legal strategy for counsel's failure to object to the indictment fatally defective, exposing Simth to danger of a second trial on the same charge, by Arby's or even person listed as the Complainant in the Complaint, Affidavit, and Warrant of Arrest, i.e., Zannetta Roberson in this case. Ex parte A.T.M., 804 So.2d 171, 173 (Ala. 2000).

5. The respondents alleged that Smith's claim of: "*The Trial Court erred in sentencing the defendant under the Habitual Felony Offender Act*". " [F]ails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief, therefore, these claims are due to be denied and the petition summarily dismissed." The Respondent's Answer to this claim is nonresponsive. Causing Smith's claim here to be unrefuted, in that, absence of notice to Smith, before sentencing hearing, of prior conviction on which state would proceed under under the Habitual Felony Offender Act. Moore v. State, 839 So.2d 530 (Ala.Cr.App.1998). Furthermore, Smith's claim is jurisdictional, because Smith claim sentence exceeded the maximum allowed by statute.

6. Smith further contends and realleges all of the allegations raised in his petition as if set out in full. That counsel's conduct (conflicting interest) deprived him of several available grounds of defense, i.e., the state's suppression of requested evidence (video tape showing the alleged 100 miles pre hour chase) favorable to him, in

3

violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), (R-237) without "knowledge" or an "objection" from counsel. The failure to disclose the evidence totally prevented Smith's counsel from preparing portions of the defense. Here, however, counsel on the day of trial did not have any facts of the case in his file, and only wanted to withdraw, but Order to continue (R-6-7).

The inadequacy of defense counsel's pretrial investigation may rise to level of a violation of [Smith's] Sixth Amendment right to the effective assistance of counsel regardless of the standard for evaluating ineffectiveness claims. Robert v. Wainwright, 666 F.2d 517 (11th Cir. 1982); Taylor v. State, 291 Ala. 756, 287 So.2d 901, and satisfies the first prong of the Strickland test. Aldrich v. Wainwright, 777 F.2d 630 (11th Cir. 1985).

7. Smith submits that the cummulative effect of the errors complained of above prejudiced him and were so serious when taken together that counsel was not functioning as COUNSEL guaranteed by the Sixth Amendment. Strickland v. Washington, ___ U.S.___, 104 S.Ct.2052, 80 L.Ed. 2d 674 (1984).

8. Smith concludes that counsel's failure to provide effective assistance of counsel in the trial court, and made a sham and mockery of the proceedings and deprived him of his rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Const., as well as those

4

guaranteed to him by Art. I Section 6 of the Constitution of the State of Alabama.

9. The fact alleged mandate that, pursuant to the provisions of Rule 32 A.R.Cr.P., that Smith's conviction and sentence be vacated and that he be afforded a new trial and/or sentencing proceeding.

**WHEREFORE THE PREMISES CONSIDERED,** Charles Smith prays that this Honorable Court grant him an evidentiary hearing on the matters herein, and any and all other relief he may show himself entitled.

THIS 19th DAY OF August 2004.

Respectfully submitted,

*Charles Smith*
Charles Smith, #129560
P.O. Box 1107
Elmore, AL 36025

### ORDER

The Court herby set the foregoing motion for a hearing on the ____ day of _____, 2004, at ____ o'clock, ____ .M.

_____
CIRCUIT JUDGE

5

| State of Alabama<br>Unified Judicial System<br><br>ARAP-14      Rev. 11/91 | **CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK** | Appellate Case Number |
|---|---|---|

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: 10/13/04 |
|---|---|

**APPELLANT** Charles Smith

v.  **STATE OF ALABAMA**

---

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___9th___ day of ___DEC___, _2004_.

_Melissa Rittenour_
Circuit Clerk