CR-04-0183

# IN THE ALABAMA COURT OF CRIMINAL APPEALS

CHARLES SMITH,

                APPELLANT,

VS.

STATE OF ALABAMA,

                APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
CASE NO. CC-02-920.60

BRIEF AND ARGUMENT

OF

CHARLES SMITH, APPELLANT, PRO SE

ADDRESS OF APPELLANT

Charles Smith
P.O. Box 1107
Elmore, AL 36025

EXHIBIT G

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................ii
TABLE OF CASES...............................iii
STATEMENT OF THE CASE/FACTS...................iv
STATEMENT OF THE ISSUE.......................vii
ARGUMENT OF THE ISSUE..........................1
CONCLUSION.....................................7
CERTIFICATE OF SERVICE.........................8

# TABLE OF CASES

SECTION 13A-5-8 CODE OF ALABAMA .......... 3

SECTION 13A-5-9 CODE OF ALABAMA .......... 3

BOGAN V. STATE, 607 So.2d 322 (Ala.Cr.App.1992) .................... 3

TEAT V. STATE, 589 So.2d 815 (Ala.Cr.App.1991) .................... 3

SCROGGONS V. STATE, 827 So.2d 878 (Ala.Cr.App.2002) .................... 3

A.T.M. V. STATE, 804 So.2d 171 (Ala.2000) .................... 4

BRADY V. MARYLAND, 373 U.S. 83 (1963) .... 4

STRICKLAND V. WASHINGTON, 104 S.Ct. 2052, 80 L.Ed. 2D. 674 (1984) .................... 5

PARKER V. STATE, 852 So.2d 166 (Ala.Cr.App.2001) .................... 5

## STATEMENT OF THE CASE/FACTS

This is an appeal of the denial of a petition for writ of habeas corpus by the Circuit Court of Montgomery County, Alabama, the Honorable Truman Hobbs presiding. (CR-Face)

Charles Smith, (hereinafter "Appellant") raised several grounds for relief: (1) that the court was without jurisdiction because the indictment was fatally flawed on its face. In that, victim named was not victim proven robbed at trial. (Supp. CR-5); (2) that court erred denying [appellant's] motion for continuance and new counsel, because of a conflict of interest between counsel and himself. (Supp. CR-6); (3) that counsel failed to object to state's failure to produce requested favorable evidence. (Supp. CR-6-7), and; that his sentence exceeds the maximum allowed by statute. (Supp. CR-6)

The State Alabama filed response to appellant's petition (CR-63). The Appellant than filed his Opposition to Appellee's Motion To Dismiss (Supp.CR-04). The trial

court Ordered that Appellant's summarily dismissed, without a hearing (CR-78-81).

From here this appeal follow.

# STATEMENT OF THE ISSUE

## I.

WHETHER THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION WITHOUT ADDRESSING APPELLANT'S CLAIM THAT WERE UNREFUTED BY THE APPELLEE ?

## SUMMARY OF THE ARGUMENT

Trial and appellate counsels rendered ineffective assistance of counsel by not objecting to or preserving for appellate review the warrant and indictment in this case, because evidence proved that neither person named in warrant or indictment were victim of the robbery charged the appellant is convicted and sentenced for; that the circuit court erred in sentencing the appellant under the HFOA when the State failed to give notice before sentencing of its intent to sentence appellant as a habitual felony offender; that because of counsel's conflict of interest counsel fail to request a video tape in evidence, showing alleged 100 mile chase, that favorable to appellant in violation of *Brady v. Maryland;* that counsel's conflict of interest affected him to point that on the day of trial counsel only wanted to withdraw, but continued only because he was ordered to do so by the court, and that the cumulative effects of these errors prejudiced appellant, and so serious when taken together shows that counsel was not functioning as counsel guaranteed by the

Sixth Amendment to the United States Constitution. Further the state did not response to these allegations, leaving these allegations unrefuted.

### ARGUMENT OF ISSUE

The Appellant was denied relief on his petition for relief from conviction or sentence, pursuant to Rule 32, A.R.Cr.P., by the circuit court of Montgomery County, Alabama on October 5, 2004. (CR-78). The Order of the Court denying Appellant's petition appears to adopt the State's Motion to dismiss, without a hearing or without addressing the merits of Appellant's petition. Id.

The Appellee made general arguments that Appellant failed to state a claim upon which relief can be granted, and the court dismissed appellant's petition with making specific findings of fact relating to each material issue of fact presented.

The Appellant contended in his petition and opposition to the Court's Order dismissing his petition that Appellee's

2

response is non-responsive to the claims raised in his petition, to claims i.e., the appellant claimed that [Appellee] failed to give notice of their intent to sentence appellant under the Habitual Felony Offender Act. (CR-40); (Supp. CR-06) The Appellee cannot evade answer by claiming: "[T]he applicability of the weapon enhancement resulted in a range of punishment of twenty (20) years to LIFE on the charge of robbery in the first degree". (CR-65); Section 13A-5-8 Code of Alabama, (1975) when, but for consideration of the HFOA to Appellant's sentence, the range of punishment for a Class A felony (normally 10-years to life) is increased to 15-years to Life. (CR-66). Section 13A-5-9, Ala. Code, (1975). The Court's Order alleging that appellant admitted prior felony conviction (CR-80) is unsupported and refuted by the record. The state cannot evade the notice requirement by getting the appellant to admit prior felonies at the sentencing hearing. Bogan v. State, 607 So.2d 322 (Ala.Cr. App. 1992). Wherein, the factual allegations of the appellant are unrefuted and must be taken as true. Ex parte Floyd, 457 So.2d 961,962 (Ala.1984); Teat v.

3

State, 589 So.2d 815 (Ala.Cr.App.1991); Scroggons v. State, 827 So.2d 878, 880 (Ala.Cr.App.2002). taking appellant's facts as true, it appears he might be entitled to relief, because without consideration of the HFOA, the appellant would have been sentenced to ten (10) years and five (5) years for the weapon charge, instead of twenty (20) years.

Further, without question, the appellant's trial counsel failed to object to the defective arrest warrant and challenge the validity of it, and but for counsel's failure the result may have been different, because counsel's failure exposed appellant to danger of a second trial on the same charge, by Arby's or even person listed as the Complainant (Zannetta Roberson) in the Complain, Affidavit and Warrant of Arrest, who was proven at trial not to be a victim. (See Ex parte A.T.M., 804 So.2d 171, 173 (Ala.2000)).

Appellant argued that because of counsel's conflict of interest he were deprived of several available grounds of defense: 1. counsel failed to object or appeal issue of the State's suppression of requested evidence, which is a video tape of

4

the alleged 100 mile pre hour chase, that is favorable to appellant; 2. the failure of the State to disclose the evidence violating Brady V. Maryland, 373 U.S. 83, 83 S.Ct.1194, 10 L.Ed.2d 215 (1963); 3. the failure to disclose requested evidence also totally prevented counsel from preparing portions of the defense; and 4. Counsel on the day of trial, actually, did not have any facts of the case in his file, and only appeared at trial to withdraw, but Ordered by the Court to continue his representation of appellant. (Supp. CR-6-7). The State also failed to response to appellant's claim of counsel's conflict of interest. Wherein, the appellant contends that the cummulative affects of the errors complained of above prejudiced him and were so serious when taken together that counsel was not functioning as counsel guaranteed by the Sixth Amendment. Strickland v. Washington, ____ U.S. ____, 104 S.Ct.2052, 80 L.Ed. 674 (1984).

"When State responds to appellant's petition merely by making broad, general arguments that do not address petitioner's specific claims, state has failed to refute facts alleged by petitioner and those facts

5

must therefore be taken as true". *Parker v. State*, 852 So.2d 166 (Ala.Cr.App.2001).

## CONCLUSION

WHEREFORE THE PREMISES CONSIDERED, the appellant prays that this Court grant his appeal and reverse and remand his petition to the Montgomery County, Alabama Circuit Court, and grant any and all other relief to which he may have shown himself entitled.

Respectfully submitted this 22nd day of December, 2004.

*Charles Smith #129560*
CHARLES SMITH,
Appellant Pro se
P.O. Box 1107
Elmore, AL 36025

/library04

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon: Attorney General's Office, Alabama State House, 11 South Union Street, Montgomery, AL 36130, by placing a copy of the same in the United States Mail, postage prepaid and properly addressed.

This the 22nd day of December, 2004.

*Charles Smith #129560*
CHARLES SMITH