No. CR-04-0183

In the COURT of CRIMINAL APPEALS
Of ALABAMA

CHARLES SMITH,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

On Appeal From the Circuit Court of
Montgomery County
(CC-02-920.60)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette*
*Assistant Attorney General*

State of Alabama
Office of the Attorney
General
11 South Union Street
Montgomery, Alabama   36130
(334) 242-7300*

January 19, 2005          *Counsel of Record

EXHIBIT H

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................ i

TABLE OF CONTENTS........................................ ii

TABLE OF AUTHORITIES.................................... iii

STATEMENT OF THE CASE AND FACTS.......................... 1

STATEMENT OF THE ISSUE................................... 2

STATEMENT OF THE STANDARD OF REVIEW...................... 2

SUMMARY OF THE ARGUMENT.................................. 3

ARGUMENT................................................. 3

  The Rule 32 Court Exercised Sound Discretion In
  Denying Smith's Rule 32 Petition Without An Evidentiary
  Hearing................................................ 3

CONCLUSION............................................... 8

CERTIFICATE OF SERVICE................................... 9

## TABLE OF AUTHORITIES

**Cases**

Fortenberry v. State, 659 So. 2d 194 (Ala. Crim. App. 1994) ................................................... 7

Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991) ................................................... 7

**Rules**

A.R.Crim.P.,

Rule 32.2(a)(3) and (5) ................................. 5

Rule 32.2(a)(4) ........................................ 5

Rule 32.3 .............................................. 4

Rule 32.6(b) ........................................... 4

Rule 32.7(d) ........................................... 5

## STATEMENT OF THE CASE AND FACTS

This is a Rule 32 appeal by Charles Smith (Smith) from the denial of his Rule 32 petition in the Circuit Court of Montgomery County, Alabama.  Judge Truman Hobbs presided.

Smith was convicted of first degree robbery by a jury on October 29, 2002, and he was sentenced to twenty years in the penitentiary.  (C. 5, 70)  He appealed to this Court, and on May 23, 2003, Smith's conviction was affirmed by memorandum.  (C. 70-74)  The certificate of judgment of affirmance was issued on June 10, 2003.  This Court is requested to take judicial notice of its own records in Smith's direct appeal, Smith v. State, CR-02-0327.

Smith filed his instant Rule 32 petition in the Montgomery County Circuit Court on or about January 27, 2004.[1]  (C. 5-51)  The State's Response and Motion to Dismiss was filed on August 12, 2004.  (C. 63-77)  No evidentiary hearing was held in the matter, and the trial court summarily denied the Rule 32 petition on October 5,

---

[1] The petition was signed on January 27, 2004, but the clerk's stamp of filing was dated April 8, 2004.  (C. 5, 12)

2004.  (C. 78-81)  Timely notice of appeal was filed on
October 13, 2004.  (C. 82)

## STATEMENT OF THE ISSUE

Did the Rule 32 court exercise sound discretion in
denying Smith's Rule 32 petition without an evidentiary
hearing?

## STATEMENT OF THE STANDARD OF REVIEW

This Court held in <u>Reed v. State</u>, 748 So. 2d 231, 233
(Ala. Crim. App. 1999), concerning the standard of review
for a Rule 32 appeal, as follows:

> We apply an abuse of discretion standard of
> review to the circuit court's denial of a Rule 32,
> A.R.Crim.P., petition for postconviction relief.
> *See Elliott v. State*, 601 So.2d 1118 (Ala.Cr.App.
> 1992).  If the circuit court is correct for any
> reason, even though it may not be the stated
> reason, we will not reverse its denial of the
> petition.  *See Roberts v. State*, 516 So.2d 936
> (Ala.Cr.App. 1987).

2

## SUMMARY OF THE ARGUMENT

The trial court's denial of Smith's Rule 32 petition is due to be affirmed. The trial court's order denying the Rule 32 petition is supported by the record and the controlling law. Smith's instant issues were properly dismissed and denied, because they were procedurally barred or meritless.

## ARGUMENT

**The Rule 32 Court Exercised Sound Discretion In Denying Smith's Rule 32 Petition Without An Evidentiary Hearing.**

Smith's Rule 32 petition alleged seven issues that he argues amounted to reversible errors. (C.27-48) The issues raised by Smith were enumerated in the State's Motion to Dismiss, as follows:

1. The Trial Court erred by denying the Petitioner's two oral motions seeking a judgment of acquittal during trial;

2. The Trial Court erred in denying the Petitioner's motion for new counsel and for a continuance thus depriving him of effective assistance of trial counsel;

3. The Trial Court erred by ruling the Petitioner's Due Process rights were not violated by the Montgomery Police Department's

3

inadvertent loss of the videotape shot from
the police vehicle that chased the Petitioner
on the night the offense in question was
committed;

4.    The Trial Court erred by sentencing the
defendant to a 20-year term of imprisonment
without stating the reasons therefore;

5.    The Trial Court erred in sentencing the
defendant under the Habitual Felony Offender
Act, Section 13A-5-9 (HFOA);

6.    The Trial Court had no jurisdiction to impose
sentence due to a faulty arrest warrant and
indictment; and

7.    The indictment was fatally flawed on its face,
thus depriving the court of jurisdiction to
render judgment and impose sentence.

(C. 64-67)   In his brief in this appeal, Smith raises those

same issues.   The trial court exercised sound discretion in

denying those issues below, and the trial court's judgment

is due to be affirmed.

Rule 32.3, A.R.Crim.P., states in part as follows:

The petitioner shall have the burden of
pleading and proving by a preponderance of the
evidence the facts necessary to entitle the
petitioner to relief.

Rule 32.6(b), A.R.Crim.P., requires the petition "…contain

a clear and specific statement of the grounds upon which

relief is sought, including full disclosure of the factual

4

basis of those grounds." Rule 32.7(d), A.R.Crim.P., reads

as follows:

> (d) SUMMARY DISPOSITION. If the court
> determines that the petition is not sufficiently
> specific, or is precluded, or fails to state a
> claim, or that no material issue of fact or law
> exists which would entitle the petitioner to
> relief under this rule and that no purpose would
> be served by any further proceedings, the court
> may either dismiss the petition or grant leave to
> file an amended petition. Leave to amend shall be
> freely granted. Otherwise, the court shall direct
> that the proceedings continue and set a date for
> hearing.

Issues raised or addressed on appeal are precluded. Rule

32.2(a)(4), A.R.Crim.P.. Furthermore, issues that could

have been raised at trial and on direct appeal, but were

not so raised, are precluded. Rule 32.2(a)(3) and (5),

A.R.Crim.P..

The trial court addressed each of Smith's seven issues

in its order of summary dismissal and held that issues 1,

2, and 3 were precluded by Rule 32.2(a)(4), A.R.Crim.P.,

because they had been raised and addressed on direct

appeal. (C. 79) The record supports that procedural bar.

Issues 4 and 5 were properly denied by the trial court,

because the minimum sentence for Smith's Class A felony

conviction was twenty years with the weapons enhancement.

There was no real contention by Smith, as to the
applicability of the weapons enhancement.  These issues
failed to state a claim.  (C. 79, 80)  Smith's sixth claim
that his arrest warrant was improper was a non-
jurisdictional issue and should have been raised at trial
and on direct appeal, but was not so raised.  The trial
court properly held this issue was precluded under Rule
32.2(a)(3) and (5), A.R.Crim.P..  (C. 80)  The seventh
issue, that the indictment was fatally flawed because it
named the wrong victim, lacked merit, and the trial court
correctly held such to be the case.  (C. 80, 81)  The issue
failed to raise a disputed issue of material fact.  The
trial court's judgment is supported by the record (both
Rule 32 and direct appeal records), and should be affirmed.

Smith argues in brief that he raised additional claims
of ineffective assistance of trial and appellate counsel in
his Rule 32 petition.  (See Smith's brief 1-5)  The record
reflects, however, that Smith did not raise these issues in
his Rule 32 petition, other than by checking that ground in
the Rule 32 form petition.  (C. 5-51)  Smith did allude to
such issues in his opposition to the State's motion for
summary dismissal.  (Supp. C.  4-8)  The record does not

6

reflect a request by Smith to amend his Rule 32 petition to add claims of ineffective assistance of counsel. These issues, therefore, are being raised for the first time on appeal and are not reviewable. <u>Whitehead v. State</u>, 593 So. 2d 126, 130 (Ala. Crim. App. 1991).

In the event this Court determines the ineffective assistance of counsel claims are not procedurally barred from appellate review, they failed to state a claim, because Smith failed to plead prejudice. See <u>Fortenberry v. State</u>, 659 So. 2d 194, 197 (Ala. Crim. App. 1994). His claims are nothing more than bare allegations unsupported in fact. (Supp. C. 6-8) Such allegations are barred by Rules 32.3 and 32.6(b), A.R.Crim.P..

## CONCLUSION

The trial court's summary dismissal of Smith's Rule 32 petition is due to be affirmed.

Respectfully submitted,

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2005, I served a copy of the foregoing brief on Smith, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

    Charles Smith
    AIS #129560
    Draper Correctional Facility
    P. O. Box 1107
    Elmore, Alabama  36025

                        J. Thomas Leverette
                        Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
183551/LEVERETTE
72755-001