Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
FEB 18 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0183            Montgomery Circuit Court CC-02-920.60

Charles Smith v. State of Alabama

WISE, Judge.

    The appellant, Charles Smith, appeals from the trial court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 2002 conviction for robbery in the first degree and his resulting sentence of 20 years' imprisonment. This Court affirmed Smith's conviction and sentence by an unpublished memorandum issued on May 23, 2003. Smith v. State (No. CR-02-0327), 880 So. 2d 508 (Ala.Crim.App. 2003) (table). A certificate of judgment was issued on June 10, 2003.

    On January 27, 2004, Smith filed the instant Rule 32 petition wherein he alleged: (1) that the trial court erred in

1

EXHIBIT I

denying his motions for judgment of acquittal; (2) that the trial court erred in denying his motion for new counsel and for a continuance which he said deprived him of effective assistance of trial counsel; (3) that the trial court erred in ruling that his due process rights had not been violated;[1] (4) that the trial court erred in sentencing him, allegedly without stating the reasons for doing so; (5) that the trial court erred in applying the Alabama Habitual Felony Offender Act when it sentenced him; (6) that the trial court was without jurisdiction to impose his sentence because, he said, he was arrested on a faulty warrant and that he had been indicted by a faulty indictment; and (7) that the indictment was fatally flawed on its face, depriving the court of jurisdiction to render judgment and to impose sentence. On August 12, 2004, the State filed a motion for summary dismissal wherein it argued that Smith's petition was both precluded from appellate review and without merit. On October 5, 2004, the trial court issued an order dismissing Smith's petition.

On appeal, Smith reasserts the arguments he made in his petition to the trial court.

In its order dated October 5, 2004, the trial court noted:

> "...1. *The trial court erred by denying the Petitioner's two oral motions seeking a judgment of acquittal during trial.*
>
> "This specific issue was raised and addressed on direct appeal and the defendant's conviction was affirmed...Therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R. 32.2(a)(4). On these grounds, the petitioner's claims are due to be denied...
>
> "2. *The trial court erred in denying the Petitioner's motion for new counsel and for a*

---

[1] Smith alleged that his due process rights had been violated when the videotape of his arrest was lost by the Montgomery Police Department.

2

<u>continuance thus depriving him of effective assistance of trial counsel.</u>

"This specific issue was raised on direct appeal and the defendant's conviction was affirmed...Therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R. 32.2(a)(4). On these grounds, the petitioner's claims are due to be denied...

"3. <u>The trial court erred by ruling the Petitioner's Due Process rights were not violated by the Montgomery Police Department's inadvertent loss of the videotape shot from the police vehicle that chased the Petitioner on the night the offense in question was committed.</u>

"This specific issue was raised on direct appeal and the defendant's conviction was affirmed...Therefore, defendant is precluded from raising these same grounds in a Rule 32 Petition. R. 32.2(a)(4). On these grounds, the petitioner's claims are due to be denied...

"4. <u>The trial court erred by sentencing the defendant to a 20-year term of imprisonment without stating the reasons</u>...

"...the Court is under no legal or other duty to provide the defendant with...reasons for its decision in ordering a particular sentence authorized by law. Second, the petition, on its face, makes reference to the weapon enhancement, Section 13A-5-6, invoked by the State of Alabama at sentencing, resulting in a range of punishment of twenty (20) years in the penitentiary up to a term of LIFE in the penitentiary on the charge of Robbery in the First Degree, a class A felony...There is no dispute over the applicability of the weapon enhancement, Section 13A-5-6. On these grounds, the petition fails to state a claim on which relief may be granted and, further, fails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief; therefore these claims are due

3

to be denied...

"5. <u>The trial court erred in sentencing the defendant under the Habitual Felony Offender Act, Section 13A-5-9</u>...

"First, a certified transcript from the Alabama Department of Corrections for Case No. 1981-530, proving the Defendant was previously convicted of one count of Robbery in the First Degree from Jefferson County, Alabama was admitted during sentencing...Second, Petitioner admitted at trial to the prior felony. Finally, the weapons enhancement alone increased the range of sentence to a minimum of twenty years. Again, there is no dispute over the applicability of the weapon enhancement, Section 13A-5-6. On these grounds, the petition fails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief; therefore, these claims are due to be denied...

"6. <u>The trial court had no jurisdiction to impose sentence due to a faulty arrest warrant and indictment.</u>

"The sufficiency of the arrest warrant is a nonjurisdictional issue, which the defendant is procedurally barred from raising in the present petition...Although [the petitioner] couches this argument in jurisdictional terms, it is actually a nonjurisdictional challenge to the validity of the arrest warrant. Therefore, the claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(2), (5), <u>Ala.R.Crim.P.</u>...

"7. <u>The indictment was fatally flawed on its face, thus depriving the court of jurisdiction to render judgment and impose sentence.</u>

"...An indictment is valid where it tracks the pertinent statute, Section 13A-8-41, and clearly informs the accused of the offense charged...<u>Thatch v. State</u>, 432 So. 2d 8, 9-10 (Ala.Crim.App.

4

> 1983)...On these grounds, the petition fails to raise any disputed issue of material fact or law that would entitle the Petitioner to relief; therefore, these claims are due to be denied...
>
> "Having fully considered the above issues, it is hereby ORDERED, ADJUDGED, and DECREED that any relief requested by the above named defendant pursuant to the Rule 32 Petition now before the Court is DENIED and the petition is SUMMARILY DISMISSED."

(C. 79-81).

A review of the record supports the trial court's judgment. Because Smith's claims were either procedurally barred or without merit, the trial court did not err in dismissing the petition. Rule 32.7(d), Ala.R.Crim.P.; Cogman v. State, 852 So. 2d 191, 193 (Ala.Crim.App. 2002).

Based on the foregoing, the judgment of the trial court is affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.