IN THE COURT OF CRIMINAL APPEALS
STATE OF ALABAMA

CRIMINAL APPEALS NO. CR-04-0183


STATE OF ALABAMA
v.
CHARLES SMITH

---

APPEALED FROM THE CIRCUIT COURT
OF MONTGOMERY COUNTY, ALABAMA
CASE NO. CC-02-920.60

---

APPLICATION FOR REHEARING AND SUPPORTING BRIEF
AND
RULE 39K MOTION

---

CHARLES SMITH
PRO-SE
DRAPER C. C.
POST OFFICE BOX 1107
ELMORE, ALABAMA 36025-1107


ORAL ARGUMENT NOT REQUESTED

EXHIBIT J

# Table of Contents

Table of Contents _____ 2

Table of Authorities _____ 3

Application For Rehearing _____ 4

Rule 39K Motion _____ 8

Statement of Case _____ 1

Statement of Facts _____ 5

Summary of the Argument _____ 1_15

Summary of the Argument _____ 2_27

Summary of the Argument _____ 3_32

Summary of the Argument _____ 4_39

Summary of the Argument _____ 5_44

Summary of the Argument _____ 6_48

Summary of the Argument _____ 7_51

Conclusion _____ 35,58,73,47,50 _____ 53

Certificate of Service _____ 55

Oral Argument Not Requested _____ 54

(2)

# Table of Authorities

STATE CASES

Ackerman v. State, 647 So.2d at p. 31 ------------------------------ 31

Brooks v. State, 530 So.2d 1495, 2000 (Ala. Crim. App. 1937) ------ 9-15-25

Carlisle v. State, 533 So.2d 645, 649 (Ala. Crim. App. 1987) ------ 44

Covington v. State, 671 So.2d 109 at p. 110 (Ala. Crim. App. 1995) --- 31

Duke v. State, 288 Ala. 538, 263 So.2d 170 (1971) --------------- 27

Ervin v. State, 630 So.2d 115 (Ala. Crim. App. 1992) ------------ 46

Ex parte Duncan, 456 So.2d 362, 364-45 (Ala. 1984) ------------ 16

Gibson Brokerage Co. vs. Northwest Acceptance Corp --------
465 So.2d 1161 (Ala. Civ. App. 1985) ------------------------ 46

Haynes v. State, 293 Ala. 221, 301 So.2d 208 (1974) ----------- 38

Huff v. State, 452 So.2d 1352 at 1355 (Ala. Crim. App. 1984) ---- 46

Owens v. State, 659 So.2d 977 at p. 978, 979 (Ala. Crim. App. 1994) -- 36

Parrish, 242 Ala. 7, 5, So.2d 828 (1941) ------------------- 29-27

Petite v. State, 520 So.2d 207 (Ala. Crim. App. 1987) --------- 46

FEDERAL CASES

Berger v. United States, 295 U.S. 79 LEd 1314 (1935) --------- 22

Cuyler v. Sullivan, 446 U.S. 335-344-45 (1980) -------------- 18

Esslinger v. Davis, 44 F.3d 1515, 1529-30 (11 Cir 1975 ------- 26

Jones v White, 992 F.2d 1548, at p. 1569-1571 (7 Cir 1993 ---- 46

Mc Mann v. Richardson, 397 U.S. 759-771-14 (1970) --------- 18

Pavel v. Hollis, 261 F.3d 210-228 (2d Cir 2001) ------------ 18

United States v. Aguirs, 427 U.S. 44 LEd 2d 342 (1976) ----- 35

United States v. Cronic, 466 U.S. 80 LEd 657, 1045 Ct. 2039 (1984) --18

United States v. Ellsworth, 647 F.2d 957 (9 Cir 1981) ------- 22

United States v. Mc Partlin, 595 F.2d 1321 (7 Cir 1979) ----- 37

Strickland v. Washington, 466 U.S. 80 LEd 2d (1984) -------- 30

Wainwright v. Sykes, 433 U.S. 53 LEd 2d 594, 97 S.Ct 2497 -- 26

IN THE ALABAMA COURT OF CRIMINAL APPEALS


STATE OF ALABAMA,
          APPELLEE,

VS.                                    CRIM. APPEALS NO. CR-04-0183

CHARLES SMITH,
          APPELLANT.


### APPLICATION FOR REHEARING

COMES NOW the Appellant CHARLES SMITH, Pro-se
in the above Style cause, and hereby applies for
a application for a Rehearing of this decision of
this court as rendered on February 18, 2005 and
pursuant to Rule 40, Ala. R. App. P, and does
hereby Respectfully request that this court
set aside, vacate and hold for Naught said
decision and as grounds therefore, states as
follows:

The appellant is Not satisfied with this appeals
Court's Statement of facts contained in there
released unpublished memorandum opinion of
February 18, 2005 and where this court of have
Overlooked and misapprehended certain issues
for review and have also applied an incorrect
law applicable in this case and in doing so,
failure to rule correctly in the following issues:

(4)

1. the trial court ERRED in denying the petitioner's
motion for New Counsel and for an continuance
thus depriving him of effective assistance of trial
Counsel and did trial counsel Render the appellant
Effective assistance of counsel under the sixth
Amendment of the u.s. CONST. at trial Level?

2. Did appellate Counsel Render the appellant effective
Assistance of counsel on his direct appeal under
the appellant's sixth Amendment of the u.s. Const.?

3. Does the 5th; 6th and 14th Amendment under the appellant's
u.s const protects ones constitutional Right at trial
Concerning the appellant's exculpatory evidence
being destroyed? while the trial court ERRED in
there Ruling of the appellant's video-tape shot,
taken from the M.P.D's vehicle stemming from
the police Chase of the petitioner on the night the
offense in question ~~at trial~~ was committed,
posed a federal question of Law.

4.      ~~that~~ the trial court ERRED by sentencing the
defendant to a 20-year term of imprisonment
without stating the Reasons.

5. the trial court ERRED in sentencing the defendant under
the Habitual Felony offender Act Sec. 13A-5-9.

(5)

6.  Does the 4th Amendment apply under the appellant's United States constitution in protecting ones rights to an invalid and faulty arrest warrant and indictment.

7.  Does the 4th Amendment of the United States apply where the appellant's indictment was fatally flawed on its face, thus depriving the courts jurisdiction to render judgment and impose sentence.

WHEREFORE, the appellant respectfully requests this honorable court to set aside its decision affirming the appellant's conviction, and reconsider the appellants own facts and law applicable to this case and such Federal question of law upon the Attorney General and with this court, and upon doing so, reverse, remand with directions and render the appellant's conviction, and in support of this application, the appellant submits the included "Rule 39 K" Motion, brief in support of an amicus curiae and motion in connection concerning a constitutional Question of Law pursuant to Ala. R. App. P. Rule 27 (a)(d), Rule 18, 44 of the Ala. R. App. P. and Rule 29, and his brief in support of this application.

Respectfully Submitted,

Charles Smith #121560
Pro-se
Draper C.C.
Post Office Box 1107
Elmore, Alabama 36025-1107

(7)

# IN THE ALABAMA COURT OF CRIMINAL APPEALS

STATE OF ALABAMA
    APPELLEE,

V.

CHARLES SMITH
    APPELLANT.

CRIM. APPEAL NO. CR-04-0183

## RULE 39 K MOTION

COMES NOW the appellant in the above style cause pro-se Charles Smith and pursuant to Rule 39 K of the Alabama Rules of Appellate Procedures, hereby moves this court to consider the facts as set out in the appellant's "OWN STATEMENT OF FACTS, FEDERAL QUESTION OF LAW IN SUPPORT OF AN AMICUS CURIAE AND ARGUMENT AND BRIEF IN SUPPORT OF APPLICATION FOR REHEARING" during its reconsideration of the "Motion for Rehearing".

Respectfully Submitted

Charles Smith

CHARLES SMITH
# 171560
DRAPER C.C.
P.O. BOX 1107
ELMORE, AL 36025-1107

(8)

## STATEMENT OF THE CASE

This Appeal is from the denial of the Alabama Court of Criminal Appeals Released unpublished Memorandum opinion, dated February 18, 2005; concerning the appellants Rule 32 post-conviction petition in the Montgomery County Circuit court. On July 24, 2002 the appellant was indicted for one felony count: Robbery in the first degree, also inwhich no evidence retrieved by the M.P.D. of any handgun or weapon was never presented at any stages of the appellants pre-trial or trial. The District Attorney's office improperly filed an incorrect "Motion of Discovery" to the circuit court, pursuant to Ala. R. Cim. P., Rule 16.1, incorrectly invoking the enhancement mechanism of title 13A-5-9 and or title 13A-5-6.

The District Attorney also incorretly used the appellants prior convictions without giving or providing the circuit court with case numbers, with the judge who adjudicated the appellants cases, with proper authentications; certified copies of case action summary sheets and or other essential records in order to properly invoke the enhancement rule, as provided by Alabama law.

(1)

See original direct Appeal transcript (cr-02-0327) (c-11-12).

ON October 28,[th] and 29th of 2003, the appellant was tried before a jury with Montgomery County Judge Greenhaw presiding. Note Judge Greenhaw has since retired and HON. Judge Hobbs has taken her position. Prior to trial Charles Smith asked for a continuance because his Attorney failed to file any pre-trial motions for the appellants Defense and where this attorney only spoke with the appellant four days before the appellants trial began. Smith's request was denied without having the appellant fully explain his reasons by allowing the appellant not to have in hearing concerning his former Attorney.

Three witness' testified against the appellant during his trial. None of the three witness' actually saw the appellant's face; which have been anyone who committed the crime. Evidence was retrieved concerning the ski-mask and was never tested by the Ala. Dept. of Forensic ~~Lap~~ Lab; nor did the circuit court allow the Appellant to take a DNA test pursuant to title 36-18-24 and 36-18-25 (e) code of Ala. 1975.

(2)

In the appellants illegal arrest warrant was signed by Arby's manager, Zannetta Roberson; who never testified at the appellants trial. Nor was she working at Arby's on the day the alleged incident took place. Another employee by the name of Lakesha Atkins who's name was printed in the appellants (Grand jury) indictment, who testified at the appellants trial, that was working during the time the crime took place.

In the appellants indictment alleging the person who the crime was committed against stated that she was present; and the person who was Robbed.

And issue was discussed regarding a video tape that was in one of the officer's car, see original direct appeal transcript (cr-02-0327) (❖(R-228). Where the district attorney should have been fully aware; along with the appellant's attorney that all police vehicles are equipped with cameras; esp. in metropolitan areas. Even this evidence may have been withheld by the M.P.D and the prosecutor. Defense counsel made such motion; for the exculpatory evidence of this video-tape to be turned over to the Appellants defense, (R-237) original direct

(3)

appeal transcript (cr-02-0327). And where this evidence was "recycled" "thrown away" as "waste." The trial court considered the evidence and came to the conclusion that there was good reason for withholding evidence from the defense, see original direct appeal transcript (cr-02-0327) (R-235-237).

Charles Smith was found guilty of Robbery in the first degree as charged in the indictment; also having no evidence of any weapon as an exhibit for the state's prosecution and entered the judgment.

The prosecution attempts to give notice of the appellants prior(s) felonies and intent to invoke the Ala. title title 13A-5-9 and title 13A-5-6 code of Ala.1975 enhancement mechanism(s), see original direct appeal (cr-02-0327) (R-269-271). And the appellant was sentenced to twenty years in the Ala D.O.C.

(4)

# STATEMENT OF THE FACTS

The appellant Charles Smith's Rule 32 post-conviction petition was denied by the Alabama Court of Criminal Appeals by an Released unpublished Memorandum opinion dated February 18, 2005.

The appellant submits his own Statement of facts and also request to correct such errors pursuant to the Ala. R. App. P., Rule 40 (e) and Rule 39 (d) (5).

Under the Alabama Rules of Court; under the Ala. R. App. P., Rule 54 (a) (d) and Rule 53 (a) (1). The petition was denied in clear violation under both Rules 54 of Appellate procedure. Also where this Appeals court is in conflict with their own rulings and the Ala. Supreme Court decisions.

Rule 54 (d) of the Ala. R. App. P., clearly states that no unpublished memorandum opinion shall be cited in arguments or briefs and shall not be cited as precedent and "shall have no precedential value", in the state of Alabama.

This very Court of Appeals denied the Appellants Rule 32 post-conviction petition based on the States deputy district attorney (Mr. William I. Powell's) (Motion for summary dismissal) filed with the Montgomery County circuit court and clerks office

ON August 12, 2004; and also allowing this district
Attorney to exhibit the Appellants unpublished
memorandum opinion in its full contents (R-70-74),
concerning the Appellant's direct Appeal. See also the
circuit courts order (R-79-81), stemming from the
denial of the Appellants Rule 32 post-conviction
petition. And where this court of Appeals cited
the exact same argument from the circuit
court (R-79-81). Therefore this Appeals court's
failure to properly Adjudicate the Appellants issues
for review.

Also in this Appeals court's failure to properly
adjudicate any of the Appellants issues, this
court was also in conflict again with their own
ruling and decisions; decided in various citings
of the Alabama court of criminal Appeals and
most of all from the precedential cases and
Ex parte ruling from the Ala. Supreme court.

Under this Appeals court's February 18, 2005
Released unpublished memorandum opinion and
inviolation of the Ala. R. App. P., Rule 54(d). The
Appellant raised seven issues and Appealed
to this court for review. In the Appellants
issue Numbered two (2); on page two and page
three of this unpublished memorandum opinion.

The Appellant has raised an ineffective assistance of counsel claim in which the trial court must properly adjudicate each assertion contained in the Appellants claim for review; "De Novo".

This Appeals court is in conflict with both of their unpublished memorandum opinions in the Appellants issue under his ineffective assistance of counsel claim, see (R-72) "footnotes" of bottom page. This Appeals court clearly states "To the extent that Smith also attempts to argue that trial counsel rendered ineffective assistance during the trial. Smith never presented this argument to the trial court, and therefore, has not preserved it for appellate review." This was the Appellants direct Appeal (unpublished memorandum opinion (cr-02-0327).

But in the Appellants current court of Appeals unpublished memorandum opinion (cr-04-0183) February 18, 2005. This Appeals court decision; Asserting that the Appellants issue was already raised on the Appellants direct Appeal in which precluded him from raising the same grounds for relief under Ala. R. Crim. P., Rule 32.2 (a)(4). Therefore this Appeals court is in conflict with both Appellants unpublished memorandum opinions.

This court of Appeals can not have it both ways, when one of the Appellants unpublished memorandum opinion contradicts or is complete contrary with the other unpublished memorandum opinion. Therefore an evidentiary hearing is necessary pursuant to the Ala. Rules of Criminal procedure.

And if the trial court fails to properly adjudicate the appellants claims under his ineffective assistance of counsel's claim. Then the Appellant May present this claim for the first time in his post-conviction petition.

The Appellant also submitts his own statements of facts concerning his fourth issue presented to this appeals court (R-65). Where the deputy district attorney has asserted that the trial court is unauthorized and or no duty to provide the Appellant with any satisfying reason for their decision in Applying a illegal enhancement mechanism pursuant to title § 13A-5-6 code of Ala. 1975.

This issue was never addressed on the merits in the Appellants direct Appeal unpublished memorandum opinion (cr-02-0327), Therefore this is the Appellants first time raising

(8)

this issue on appeal, and should have been properly addressed by the circuit court. This Appeals court should be fully aware that a appellant may raise this argument concerning an illegal sentence at anytime inwhich has no limitation period.

Both enhancement mechanisms were used against the Appellant concerning title 13A-5-6 and title 13A-5-9 code of Ala. 1975, and where this Appeals court must comply in having to properly administer justice by having the trial court comply with the prerequisite rules concerning prior Notice of the Appellants prior(s) convictions and other prerequisites attached to these rules of the Ala. R. Crim. P.

Therefore the Appellant's United States Constitutional Amendments were clearly violated. And where the Appellant's 5th, 14th and 8th U.S. Const. Amendments were violated.

This issue cannot be waived at any level of the Appellants proceedings by law. And where this Appeals court is obligated to hear and address this issue on the merits.

The Hon. William I. Powell (district attorney), in his "Motion for Summary dismissal" failure to also allege any collateral estoppel and or any rules concerning a procedural bar pursuant to the Ala. R. Crim. P., Rule 32.3 and Rule 32.7 (a) (d); under the Appellants issues four, five and issue seven (R-65-66, 67).

This Appeals court has incorrectly dismiss-ed the Appellant's claims in their unpublish-ed Memorandum opinion on these same issues of four, five and seven, citing no preclusion rule pursuant to the Ala. R. Crim. P. and under the Ala. R. App. P., Rule 53. From their unpublished opinion of February 18, 2005.

The appellant Request for this Appeals court to take judicial Notice of their own record in there unpublished memorandum opinion (cr-04-0133, pages three through page five.

And lastly concerning the Appellants fifth and seventh issue.

The appellants fifth claim was also denied without this courts adjudication and solely relying on the deputy district attorney's

Motion's Summary dismissal, filed to the circuit clerks office and granted in the states favor against the appellant. Also failure to cite any preclusion rule pursuant to the Ala. R. Crim. P.

And where this appeals court incorrectly dismissed the appellant's petition in failing to also cite any preclusion pursuant to the Alabama Rules of court, Ala. R. Crim. P. And thus allowing the circuit court to improperly make an erroneous ruling and clearly abusing there discretion in properly administering justice to the appellant. Thus grossly violating the appellants 5TH, 14TH and 8TH US. constitutional amendments because of the circuit courts failure to properly comply with the governing statutes pursuant to the Alabama code of 1975 in titles 13A-5-10.1, title 12-21-70 and title 13A-5-9; along with the Ala. R. Crim. P., Rule 26.6 (a) (b) (1-3) (i-iv).

And where this Appeals court is in complete error by allowing the circuit court's failure to remand this appellant for resentencing

(11)

for failing to properly comply with the Rules of court, and where the Ala. Statute under titles 13A-5-10, 13A-5-10.1, 12-21-70 and finally title 13A-5-9; all in the code of Ala. 1975. The circuit court "must" meet all of these Ala. statutes in order to activate the enhancement mechanisms; in which this Appeals court have overlooked in the district Attorney's motion to dismiss and the circuit court's order denying the appellants post-conviction petition.

And finally in the deputy district attorney's motion to dismiss; along with the approval's circuit judge's "order" denying the appellants post-conviction petition. In this Appeals court's released unpublished memorandum opinion (Feb 18, 2005), the state fails to also cite any preclusion pursuant to the Ala. R. Crim. P., along with this Appeals court's Negligence to also adjudicate this issue concerning any preclusion as to why this claim should be dismissed, and the other factors also involved, that the deputy

district attorney violated concerning the Appellant's post-conviction.

This Appeals court has erred in relying on the state's bare-bone conclusion relating to this issue. This Appeal court has a strong obligation to have the deputy district attorney along with the circuit court to properly administe justice and properly comply with the Alabama Rules of court.

Any claims concerning an illegal and in-valid indictment in connection with an illegal arrest warrant is not precluded and thus amounts to a jurisdictional issue; in which this Appeals court must address on its merits. Therefore a evidentiary hearing is necessary to determine each material fact relating to the issue at-hand. And for this Appeals court to make a final decision upon the circuit courts findings of fact and or the courts specific findings of fact relating to the appellant's issues.

Therefore the appellant's own statement

(13)

of the facts inwhich he now submits to
this Appeals court. Request this Appeals court
to correct the errors stemming from the
district attorney's misconduct in misapplying
the ALA. R. Crim. p. and ~~cite~~ citing the Appellants
unpublished Memorandum opinion in his
brief and motion to Summary dismissal
of the appellants post-conviction petition.
   And where the circuit court denied the
appellant's claims based on the exact same
reasons from the district attorney's motion
in the circuit courts order (R-63-68)(R-78-
81. Also contained in this Appeals court's
unpublished memorandum opinion dated
February 18, 2005 (pages 1-5).

## SUMMARY OF THE ARGUMENT

Did trial counsel render the appellant effective assistance of counsel under the Sixth Amendment of the United States Constitution, at trial level?

## ARGUMENT

The trial court erred in denying the petitioner's motion for New counsel and for a continuance thus depriving him of effective assistance of trial counsel and did trial counsel render the appellant effective assistance of counsel under the 6TH Amendment of the United States Constitution, at trial level?

First the appellant asserts that the Montgomery County district attorney has waived the right to argue this claim upon there "Motion for summary Dismissal" filed with the circuit court and the circuit clerk of Montgomery county circuit court under

this Appeals court's ruling of <u>Owens v. State,</u>
659 so.2d 977 at p. 978-979 (Ala. Crim. App.
1994). Where the prosecutor failure to properly
respond within 30-days, pursuant to the
Ala. R. Crim. P., Rule 32.7 (a). The prosecutor
first filed there "states answer and motion
for extension of time" on May 11, 2004. (R-61-
62). The circuit court requested the prosec-
utor to file there response from the "court's
order" on April 14, 2004, (R-60). No Order
was granted to the prosecutor for an add-
itional 90-days. Therefore the states argu-
ment is waived for review.

In the appellant's brief to this appeals
court. A **FEDERAL QUESTION** is involved concern-
ing this issue at hand, and did trial counsel
render the appellant "effective assistance
of counsel"; "under the appellant's <u>sixth</u>
<u>amendment of the United States Constitution</u>"?
Eventhough this part of this issue was not
presented in the appellants original brief on
appeal to this court. Where a federal question
is involved, this appeals court must address
the issue for review; under <u>Ex parte Duncan,</u>
456 so.2d 362 at p. 364-65 (Ala. 1984).

(6)

The appellant asserts during the beginning stages of his pre-trial proceedings (At preliminary hearing), the appellants attorney denied him, his <u>Sixth amendment</u> under the appellant's United States Constitution for failure to demand a preliminary hearing, pursuant to the <u>Ala.R.Crim.P.</u>, Rule 5, Rule 5.1 (a)(2)(b).

The appellant was arrested on          and indicted by the "Grand Jury" on 7-19-02. On June 14, 2002, no preliminary hearing was requested by the appellant's attorney. The appellant was Represent by his attorney before 30 days, before the preliminary Hearing. No motion was filed on the appellant's behalf; nor did the appellant waive such right to waive this proceeding pursuant to the <u>Ala.R.Crim.P.</u>, Rule 5.1 (a)(2)(b). This was well before the 30 days of an arrest. There was no pre-trial motions file before or after the proceedings, pursuant to the <u>Ala.R.Crim.P.</u>, Rule 15.3 (a)(1-2)(b).

This malevolence and Negligence greatly prejudiced the appellant in preserving any pre-trial issues for appeal and pursuant to the <u>Ala.R.Crim.P.</u>, Rule 15.6 (a)(b)(c)(d)(e); <u>Ala.R.Crim.P.</u>, Rule 15.7 (a)(b)(e)(f) and (G).

and especially Ala.R.Crim.P., Rule 15.1 (b) and Rule 15.2 (a) (b); esp., in subsection (c), also under the Federal Rules of Criminal procedure; Rule 12 (b) (2). Therefore trial counsel can not properly prepair the appellant's defense before his trial. McMann v. Richardson, 397 U.S. 759, # 771 n. 14 (1970); the right to effective assist-ance also applies to both retained and appointed counsel, Cuyler v. Sullivan, 446 U.S. 335, 344-45 (1980); Strickland, 466 U.S. 668, 687 Id. at 689 (1984) Pavel v. Hollins, 261 F.3d 210, 228 (2d Cir. 2001), where counsel's failure to prepair defense and call witness, and where appellant's Constitutional amendments under the United States violated even by an isolated error of counsel under United States v. Cronic, 466 U.S. 648, 657, n 20, 80 L. Ed 2d 657, 104 S. Ct. 2039 (1984).

The appellant also strongly asserts that by counsel's ineffectiveness to properly prepair, and investigate and retrieve any evidence to present at a preliminary hearing. The errors of counsel greatly prejudiced the appellant under his Confrontation clause of his Sixth amend, U.S. Const.

(18)

The appellant asserts even before his trial started, counsel was ineffective by failing to file any pre-trial motions, discovery motions, 4th amendment violations concerning the appellant's United States Constitution, motion to quash the appellant's defective indictment; also in violation of an invalid arrest warrant. So that all claim and issues may be preserved for a motion for new trial and later; for the appellant's appellate review, pursuant to Ala. R. Crim. P., Rules 6.1 (a), Rule 15; Rule 15.1, Rule 15.2 (a) (b) (c) (d), Rule 15.3 (a), Rule 15.4 (a) (1) (2), Rule 15.4 (a) (c), Rule 15.5 (a), Rule 15.6 (a) (b) (c) (e), Rule 16, Rule 16.1 (a) (1) (2) (c) (1) (d) (f).

Therefore absolutely no pre-trial motions were filed by his trial attorney in prepairing for his trial nor conducting any investigations for the appellant's exculpatory evidence in favor for the defense before or at trial level. Thus the appellant was denied his sixth amend. under his United States Constitution, also violating the appellant's 5th and 14th U.S. Const. amend.

during the appellants trial, defense counsel's failure to make specific objections first by filing pretrial motions of the prosecutor's misconduct where the state must prove "Good faith" in destroying evidence from the M.P.D so-called recycled video tape filmed from the police vehicle during the chase of the appellant.

Also where there were more than one police officer chasing the appellant in separate police vehicles and where other police vehicles also filmed the incident while chasing the appellant's white jeep. See appellant's original brief to the appeals court dated March 10, 2003 (criminal appeals case number CR-02-0327). appellant also request that this Appeals court take ~~judicial Notice of there own record~~, concerning this brief to this court (direct appeal brief pages 4-5.)

Therefore the appellant could not have received a fair trial for failure of trial counsel to properly make specific objections. And where trial counsel's failure to properly object to the prosecutor's misconduct

in timely disclosing exculpatory evidence; in which was exposed during the appellant's trial. Where the states witness' admitted during the middle of trial, that the appellant was being filmed during the chase and that this video tape was destroyed.

This is where the appellant's trial attorney should have made proper objection and moved the trial court along with the prosecutor for a continuance; until the prosecution produce evidence from the other police witness' who testified that they were also chasing the appellant and that they too were filming the allege incident. See appellant's original direct appeal transcript and brief from the appellant on pages 84, 109, 142, 156, 162, 174, 228 and 237 of original direct appeal (case No CR-02-0327). The appellant request this Appeals court to take judicial Notice of there own record, pursuant to Ala. R.E., Rule 201 (a)(c)(d)(f).

Therefore the prosecutor is subject to guidelines under the United States Supreme court under Duncan (Exparte) 456 so. 2d 362 at p. 364-365 (Ala 1984); citing United States v. Agurs, 427 U.S. 97, 107, 96 S. ct. 2392, 2399, 49 L.Ed 2d 342 (1976); esp at Exparte Duncan,

456 so.2d 362 at p. 365 (Ala. 1984); Also citing <u>United States v. McPartlin</u>, 595 F.2d 1331 (7th cir.), cert. denied, 444 U.S. 833, 100 S.ct. 65, 62 L.Ed 2d 43 (1979) and <u>United States v. Ellsworth</u>, 647 F.2d 957 (9th cir. 1981), and finally <u>Berger v. United States</u>, 295 U.S. 78, 88, 55 S.ct. 629, 633, 79 L.Ed 1314 (1935).

Therefore is counsel had made proper investigations by filing such motions then the appellant would not have been prejudiced through out his trial. No evidence was presented or exhibited for the appellant's defense and for the prosecutor's case. The so-called photos that was present by the prosecutor and presented at trial were in "Black and white" and could not be properly viewed.

Trial counsel was also ineffective for also failing to file a written motion, concerning his objection for a "Motion for judgment of acquittal" and counsel's failure to properly state the grounds for which counsel's claim stands upon; by correctly citing case authorities, Ala State statutes and Ala Rules of court, where the appellant's rights under

his Alabama Constitution and rights afforded
to him under his United States Constitution.

The appellant also asserts that his trial coun-
sel's failure to file any motions; allowing the
appellant to take a D.N.A. test concerning
the evidence retrieved from the police Dept.
Under Section 36-18-24, section 36-18-25 (e)
code of Ala. 1975. Where this statute is "Manda-
tory" that all defendants accused of a
felony; the circuit court "must" take a D.N.A
test of a defendant. This law came became
active May 6, 1994.

Trial counsel's failure to file any motion
for a new trial alleging any errors from
the circuit court and prosecutor. And where
the appellant's trial issues would be pre-
served for appellate review. Therefore greatly
prejudiced the appellant in perfecting his
direct appeal.

Where trial counsel's failure to properly
make specific objections in a motion to the
circuit court in the Montgomery police department
violating the appellants "chain of custody" where
no evidence concerning any states exhibits

were ever presented to the trial court, there-
fore violating the appellant's Due Process
clause under his 5TH and 14TH U.S. Const.
Amendments, and where the appellant's
confrontation clause was also violated
under his sixth amend of the U.S. Const.

The appellants appellate counsel raised
arguments concerning the appellant's
trial counsel in her direct appeal brief
to this court, dated March 10, 2003; under
the issue two, pages 14-15 C Ala. Crim. App.
Case No. 02-0327. The plain errors of this
trial counsel violated the appellant's
sixth amend. of his United States Constitut-
ion.

And finally where trial counsel was in-
effective for failing to have the prosecutor
produce proper certified copies of his
(the appellant's) prior convictions; where the
appellant's Due Process of law clause
was violated in the states failure to pro-
duce original, certified copies that must
meet the Alabama attestation requirements
pursuant to § 12-21-70, § 13A-5-10; 13A 5-
10.1; 13A-5-5 code(s) of Ala. 1975.

(24)

And where the prosecutor must retrieve any prior felony convictions from the `clerks' office under §13-21-70 Code of Ala. 1975; esp from another jurisdiction and or county of the state. Brooks v. State 520 So. 2d 195, 200 (Ala. Crim. App. 1987); Carlisle v. State, 533 So. 2d 645 649 (Ala. Crim. App. 1987).

And where trial counsel was ineffective for failure to file any motions stating that the prosecutor's failure to file there motion properly; inwhich was filed improper under Ala. R. Crim. P., Rule 16.1. The appellant assents that Rule 16.1 is for the appellant and his attorney's filing and for requesting physical evidence, documents etc., ~~for~~ from the prosecutor.

And where the prosecutor improperly used a prior without giving the appellants "case number" and whether appellant was represented by counsel. Trial counsel's failure to make any specific objections or file any pre-trial motions alleging the appellants Due Process right owed to him under his 5th and 14th U.S. Const Amend. Therefore allowing the trial court to illegally enhance

his sentence. The appellant request this appeals court to also take judicial notice under *Ala.R.E.* rule 201 and in the appellant's sentencing phase; in his trial transcript proceedings on (pages 269, 271-272) of the appellant's direct appeal (case No. 02-0327). *Esslinger v. Davis*, 44 F.3d 1515, 1529-30 (11th Cir. 1995); *Jones v. White*, 992 F.2d 1548 at p. 1569-1571 (11th Cir. 1993).

And where the United States court of appeals under *Wainwright v. Sykes*, 433 U.S. 53 L.Ed. 2d 594, 97 S.Ct. 2497; held that an act or omission by counsel which shows ignorance or oversight may satisfy the "cause" requirement. Therefore trial counsel grossly prejudiced the appellant by having his sentence illegally enhanced by the sentencing court and thus violated the appellant's United States Constitutional amendments due to him at trial and thereafter.

Finally the appellant asserts that he first met trial counsel four days prior to his trial in representing the appellant

## SUMMARY OF THE ARGUMENT

Did appellate counsel also render the appellant effective assistance of counsel under the sixth Amendment of the United States Constitution at the appellant's Direct appeal level? for failing to properly raise ineffectiveness of trial counsel?

## ARGUMENT

Did appellate counsel render the appellant effective assistance of counsel on his Direct Appeal under the appellants sixth Amendment of the United States Constitution?

The appellant raises this issue pursuant to Alabama's 'stare decisis' of ~~Duncan~~ Ex Parte Duncan, 456 so. 2d 362 at 364-365 (Ala, 1984). Where an application for rehearing may be granted based on a United States Constitutional violation and where a "Federal Question" is involved. Parrish, 242 Ala. 7, 5 so. 2d 828 (1941) and Duke v State, 287 Ala. 538, 263 So. 2d 170 (1971) where this appeals court has a duty to insure that justice is served and fundamental rights are not indiscriminately.

The appellant asserts that his appellate counsel was ineffective for failure to perfect the appellant's appeal because this attorney did not file a "Motion for New trial" alleging appellant's former trial counsel's ineffectiveness at pre-trial stages and at trial stage.

In the appellant's direct appeal brief filed with this appeals court on March 10, 2003. This appellate counsel acknowledged in her argument that trial counsel failure to file any motions on the appellants behalf, see Appellants direct appeal brief (page 15-16) of the appellants March 10, 2003 brief (cr-02-0327). This is also the appellate counsel issue Number two " The trial court erred in denying the appellant's request for new counsel and a continuance". The appellant request for this court to take judicial Notice of there own record.

In the appellant's direct appeal brief, Former appellate counsel argued in the Number two issue of her brief that trial counsel was ineffective and denied the appellant's sixth Amendment under his United States Constitution for the following reasons:

i) Trial counsel did not communicate

(28)

With the appellant until four
days before trial.

2) That trial counsel did not provide
copies of the discovery as requested.

3) appellate counsel has noted that
trial counsel never submitted any
motions whatsoever - not even a
motion for a discovery and specif-
ically no request or motion for
exculpatory evidence. (Appellate
counsel refers this Appeals court
to the (clerk's record).

4). Where the appellant expressed to
the court that trial counsel was
not prepared and that the appellant
needed more time so that trial
counsel could properly prepair
for trial.

5) And where appellate counsel stated that
the appellants trial counsel had the appellant
to reveal his felony prior convictions.

(29)

Although former appellate counsel admitts that the appellant is entitled to a evidentiary hearing on former appellant's trial counsel also in which appellate counsel also admitts that the appellant's trial counsel did not render the appellant "effective assistance of counsel" under the United States Constitution. Appellate counsel also rendered the appellant "effective assistance of counsel" as well, because she failed to properly file any motion for a new trial alleging @ trial counsel's deficiencies, his isolated errors, under United States v. Cronic, 466 U.S. 648, 657, n 20, 80 L.Ed 2d 657, 104 S. ct. 2039 (1984); Strickland v. Washington, 466 U.S. at 693-696, 80 L.Ed 2d 674, 104 S.ct. 2052. And where both prongs under "cause" and "prejudice" is clearly recognized in the appellants former appellate counsel's direct appeal brief dated March 10, 2003. (Court of Crim Appeals case Number 02-0327).

Therefore this appeals court is obligated to administer Justice, Ex Parte Duncan, 456 So.2d 362 At p. 364-365 (Ala. 1984).

(39)

Furthermore the appellant is entitled to have by this appeals court an evidentiary hearing under this courts ruling of <u>Quineton v. State</u>, 671 So. 2d 109 at p. 110 (Ala. Crim. App. 1995) and <u>Alderman v. State</u> 647 So. 2d at p. 31.


## <u>CONCLUSION</u>

Therefore this case is due to be remanded back to the trial court and for this appeals court to address the appellant's Federal Question of Law as to the trial court and the appellant's appellate counsel violating the appellant's Sixth Amendment under the United States Constitution.

## SUMMARY OF THE ARGUMENT

Does the 5th, 6th and 14th Amendments under the appellant's United States Constitution protect's ones right at trial concerning the appellant's exculpatory evidence being destroyed and later revealed during ones trial?

## ARGUMENT

Does the 5th, 6th and 14th Amendments under the appellant's United States Constitution protect's ones constitutional right at trial concerning the appellant's exculpatory evidence being destroyed? while the trial court erred in there ruling of the appellant's video-tape shot, taken from the M.P.D.'s vehicle stemming from the police chase of the petitioner on the night the offense in question was committed, posed a federal question of law.

Where the essence of this argument in which was partly raised in the appellant's Rule 32 petition was denied by the Criminal Court of Appeals by a released unpublished memorandum opinion dated February 18, 2005.    (32)

And the remainder of the appellant's argument posed a federal question of law to this appeals court.

The appellant strongly asserts that his 5th and 14th Amendment (Due Process of law) of the United States Constitution was violated by the "states" prosecution and trial court in denying the appellant a fair trial, stemming from the exclusion of the appellant's exculpatory evidence during the trial.

In Ex Parte Duncan, 456 So. 2d 362 At p.364-365 (Ala. 1984). The Ala. Supreme Court address' the defendants right to a fair trial attached to the U.S. Const Amend of ones Due Process right, and where the prosecution must afford the accused exculpatory evidence most favorable to his defense.

The appellant asserts that he was chased by a squad of Montgomery police cars; at the time of the incident. And where one of the police officer testified at the appellant's trial (for the state's witness) that The officer Corporal Johnson was the one who followed the appellant's white jeep; after the robbery,

(33)

see appellant's direct appeal brief, page five,
in the (Statement of the case), taken from the
appellant's transcript of page 105.

Another officer testified that he found bank
bags along the route of the car chase. This
was corporal Roberts testimony, Taken from
the appellants trial transcript, page 156. An-
other officer (Sargeant Higgins) also testif-
ied that he found a ski-mask on the same
route and finally Detective Butterbaugh
testified that he retrieved the evidence in
the appellants Jeep which included the cash
supposedly taken from Arby's; see pages
162, 174, 181 and 183. Taken also from the
appellant's direct appeal brief located also
in the (statement of the case) The appellant
request this appeals court to take judicial
Notice of there own record pursuant to Ala.R.
E. Rule 201 (a) (d) (f)

Now the appellant asserts that Most or
all of the Montgomery police officers who
testified at the appellants trial was driving
different vehicles on or at the appellants
car chase; in order to retrieve their evidence.

(34)

Therefore at some time or point, these separate vehicles during the chase filmed the event and of the appellant throwing the evidence out of his car.

The appellant asserts that there is no way "anyone" driving a vehicle at a hundred mile an hour at (top) speed is able to operate a speed of this amount and throw out the car window evidence; while driving at one hundred mile an hour. No evidence was presented by the prosecutor in proving the appellant was a professional race-car driver.

And secondly there had to have been more than one police vehicle equipped with car camera's who witness the car chase; as each of the officers testified in retrieving the evidence on route.

In EX PARTE DUNCAN, 456 SO.2d 362 At P. 365. The Ala. Supreme Court cites United States v. Agurs 427 U.S. 97, 107, 96 S.Ct. 2392, 2397, 47 L.Ed. 2d 342 (1976) Where that court held "The duty arises in the absence of a specific request because of the

exculpatory character of the evidence which, if suppressed, would render a fair trial impossible and a Constitutional violation inevitable. To allow the conviction of appellant to stand when the state has withheld exculpatory evidence, such as in this case, regardless of the reason involved, would be a travesty of justice."

Therefore the appellant does strongly asserts that his Due Process of Law was violated under his 5th and 14th US. Const Amend. Also where the appellant's Confrontation Clause under his 6th Amend. U.S. Const was also strongly violated because prosecutor hadn't allowed the opportunity for this certain exculpatory evidence in connection with the M.P.D officers who was on the same route; during the appellants chase and at the appellants trial; testifying to there events were suppressed to some point during cross-examination. Therefore the appellant had no opportunity to make any meaning investigation.

Evidence was brought out in the appellants trial. Where the prosecutor in his questioning of one of the M.P.D. officers.

became or was revealed that one of the
police who filmed the chase lost or re-
cycled the video tape film inside the
police car. See appellant's direct appeal brief
(brief filed with this court on March 10, 2003),
page six (6) in the (Statement of the case);
See also appellants direct appeal brief
(statement of the facts) page 8, last
paragraph. And where testimony from Det.
Butterbaugh informed the court that the
video tape was not collected and was
recycled, the next morning of the appellants
trial.

    Where this evidence came to late prevent-
ing the appellant from receiving a fair trial,
United States v. McPartlin, 595 F.2d 1321
(7th Cir.), cert. denied, 444 U.S. 833, 100
S.Ct. 65, 62 L.Ed. 2d 43 (1979). Therefore
the conduct of the prosecutor is subject
to guidelines the U.S. Supreme Court has
framed and where the prosecution is not that
it shall win a case, but that justice shall
be done. Ex Parte Duncan 456 so.2d 362
At p. 365; also citing Berger v. United States
295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed
1314 (1935).

Therefore the appellant request that this appeals court rule in the appellant's favor and under there own rulings cited in <u>Haynes v State</u>, 293 Ala. 221, 301 so. 2d 208 (1974) and <u>Duke v State</u>, 288 Ala. 538, 263 So 2d 170 (1971). Where a federal question of law exist and is involved; even when an appellant raises issues that was not originally raised in his brief. This appeals court shall address a appellant's issues to insure that justice is served and fundamental rights are not indiscriminately. Even if there is no written opinion, <u>State v Parrish</u>, 242 Ala. 7, 5 So. 2d 873 (1941).

## <u>Conclusion</u>

Therefore the appellant request that his conviction be vacated and remanded back to the circuit court for further instructions in a withdrawn opinion; opinion substituted in granting the appellant's application for rehearing.

# SUMMARY OF THE ARGUMENT

Where the prosecutor and the trial court's failure to meet the prerequisite rules concerning the Alabama's enhancement mechanism(s), requirements. The prosecutor and the trial court used a unofficial document by the Alabama prison system to validate the appellants prior felony conviction during the sentencing phase. Therefore violating the appellants 5TH and 14TH US Const. Amend.

## ARGUMENT

The trial court erred by sentencing the defendant to a 20-year term of imprisonment without stating the reasons.

In this issue to the appeals court, this appellant asserts that the state has waived there right to argue this issue under Owens vs. State 659 So. 2d 977 At p. 978-979 (Ala. Crim. App. 1994); where the prosecutor failure to properly Respond to the appellants Rule 32 post-conviction petition pursuant to the Ala. R. Crim. P. Rule 32.7 (a)., (R-60). The prosecutor acting for the state attempts to file a "States answer and motion for extension of time" (R-61-62). Also requesting for a 90 day

extension. This motion was filed with the circuit clerks office on May 11, 2004. The circuit court of Montgomery county; Never granted the states omnibus motion for an extension. No courts "ORDER" was filed to the clerks office granting the states request; and the appellant never received an "Order" from the circuit court granting the request from the state. Therefore the state has waived any argument pursuant to the <u>Ala. R. Crim. P.</u>, Rule 32.7 (a)

In the appellants argument and brief to this court. The appellant's <u>5</u>[TH] and <u>14</u>[TH] <u>United State constitional amendments</u> by the prosecutor's and trial court's failure to properly comply with the Ala. Rules of court and the states stare decisis rulings of the Ala. Supreme court.

Eventhough the prosecutor gave prior notice to invoke the enhancement mechanism under title <u>13A-5-6 code of Ala. 1975</u>; and after the jury gave their verdict. The prosecutor acting for the state filed a incorrect motion requesting to invoke such rule, inwhich the trial court should not have granted. In that motion the prosecutor filed. The state's failure to

properly submit the appellant's prior felony conviction by first providing the trial court with a `case number'(s) inwhich the state intends to use for enhancement purposes. Inwhich there were no case numbers at all to support any of the appellants prior felony convictions.

The prosecutor admits, during the appellants sentencing phase, that the prior was not a certified prior from the clerks office. Alabama law clearly states under Alabama statute § 12-21-70 code of Ala. 1975, 13A-5-10.1 code of Ala.1975, the state must present certified copies of case action summary sheets, docket sheets and or other court records of the clerks office in proving ones prior felony conviction. Brooks v. State, 520 so. 2d 195, 200 (Ala. Crim. App. 1987), therefore Alabama courts must meet the "attestation requirements"; Carlisle v. State, 533 so. 2d 645, 649 (Ala. Crim. App. 1987) and Jones vs. White 992 F. 2d 1548 At 1570 and 1571 (11ᵗʰ Cir. 1993).

Mere notice to invoke the states enhancement mechanism is not enough

to satisfy the requirements under §13A-5-10.1 code of Ala. 1975. The appellant request this appeals court to take judicial Notice of the appellants direct appeal (cr-02-0327)(R-269-271), this is located in the appellants transcript of his original direct appeal.

Also where the prosecutor's "Notice of discovery", This motion only applies to the defendant in requesting for such physical evidence in the possession of the prosecutor and or the state. And where the prosecutor also gave Notice to invoke the sentencing enhancement under the states title 13A-5-9 code of ala. 1975. The appellant request this Appeals court to take judicial Notice of there own record on the appellant's direct appeal of the clerks record (c-11-13) and (appellants sentencing phase (r-270-271), in the appellants direct appeal under (cr-02-0327). Therefore this prosecutor's invalid motion to invoke the states enhancement and failure to adhere to the required administrative duties and rules of the court, Ala. statutes and other governing rules has violated the appellants 5TH and 14TH U.S. Const amend.

42

## CONCLUSION

Upon the states failure to properly com-
ply with the Alabama Code, 1975; statutes
under proving the appellants prior
felony conviction. The state and prosec-
utor must provide the court with
certified copies of the appellants
priors; along with other requirements.
Therefore a re-sentencing in the appell-
ants case is need to correct the trial
Courts errors. And where the state can NO
longer apply both 13A-5-9 and 13A-5-6
Code of Ala. 1975 in the appellants
case.

# SUMMARY OF THE ARGUMENT

Where the appellants sentencing phase concerning the prior conviction that was improperly used against him. There was no record or the record is silent as to the prosecutor's exhibit of the appellant's prior conviction and where there were no certified copies offered in the sentencing phase; in violation of the appellant's 5th and 14th US const. amend.

# ARGUMENT

The trial court erred in sentencing the defendant under the Habitual Felony Offender Act, Section 13A-5-9.

In this issue to the appeals court, the appellant asserts that the state and prosecutor has waived there right to argue this issue to this appeals court; under Owens vs. State, 659 So. 2d 977 at p. 978-979 (Ala. Crim. App. 1994). The prosecutor's failure to properly respond within the prescribed time pursuant to the Ala. R. Crim. P., Rule 32.7(a). (R-60).

The prosecutor filed a "states answer and motion for extension of time" (R-61-62) also

requesting for a 90 day EXTENSION. The circuit court's judge Never granted the prosecutor's EXTENSION by filing an "ORDER" giving the state additional time. Therefore the prosecutor has waived there right to present their argument to this court for review.

The appellant request this appeals court to take judicial Notice of there own record See also (R-60-62) (R-63-69).

IN the appellants prior Released unpublished memorandum of May 23, 2003 (cr-02-0327). This appeals court has clealy stated in there memorandum (first paragraph) (R-70), that the appellant was sentenced under both sentencing enhancement Mechanism(s) of Section 13A-5-6 and 13A-5-9 code of Ala. 1975. The prosecutor gave prior Notice in there "Notice of Discovery-Motion); in-which has already stated that this motion is incorrect and inaccurate. There motion is only ment for the defendant in filing for physical and tangible objects pursuant to Ala. R. Crim. P., Rule 16.1, 16.1(a)(1-2)(b)(i) etc.

Just as the Ala. States enhancement Mechanism requirements, the state; along

With the trial court 'must' meet all requirements in proving the appellants prior felony convictions under Ala. Statutes 13A-5-10, 13A-5-10.1, 12-21-70 Code of Ala. 1975; esp. under 13A-5-10 (a). Gibbin Brokerage Co. vs. Northwest Acceptance Corp., 465 So. 2d 1161 (Ala. Civ. App. 1985); Ervin v. State, 630 So. 2d 115 (Ala. Crim. App. 1992); Carlisle v. State, 533 So. 2d 645 (Ala. Crim. App. 1987) and Jones vs. White, 992 F. 2d At 1572-1573, 1548 (11ᵀᴴ Cir. 1993) also in Jones, 992 F. 2d at 1569, 1570 (11ᵀᴴ Cir. 1993), and Petite v. State, 520 So. 2d 307 (Ala. Crim. App. 1987) where the state still must serve proper notice of a document entitled ~~that the~~ HFOA Notice and must also list case numbers pursuant to the Ala. R. Crim. P., Rule 26.6 (b) (3). See also Huff v. State, 452 So. 2d 1352 at 1355 (Ala. Crim. App. 1984) which also includes certified copies of priors and a pre-sentence Report in which the appellant has never had before and during his sentencing phase.

   Therefore this prosecutor and state has never presented any evidence to this appeals court nor the circuit court.

(46)

also in concluding with the appellants issue, the state and the trial court is unauthorize to use any documents from any prison institutions without providing the attestation of the clerk and seal of the court and most of all a certificate from the judge, chief judge or presiding magistrate.

## CONCLUSION

The appellant's relief ~~is~~ lies in being resentenced as a first offender as the result of the sentencing court violating the appellants Due Process of Law and equal protection under his 5th and 14th U.S. Const. Amendment.

# SUMMARY OF THE ARGUMENT

Does the 4th Amendment under the appellant's United States Constitution protect ones right to an invalid and faulty arrest warrant and indictment? Where the trial court had no jurisdiction to impose the appellants sentence.

# ARGUMENT

Does the 4th Amendment apply under the appellant's United States constitution in protecting ones rights to an invalid and faulty arrest warrant and indictment?

The appellant has raised this issue in-part in this appeals court but posed a federal Question of Law concerning ones right in applying the U.S. const. 4th Amend., when a invalid and faulty arrest warrant and indictment exsist.

(48)

First the appellant asserts that his arrest warrant was faulty and invalid because the Montgomery police department retrieved no gun (weapon) into evidence.

Several M.P.D's testified in the appellant's trial concerning what evidence they retrieved while chasing the appellants jeep at 100 M.P.H.. Although some of the witness' at Arby's said in there statements to the police, that the appellant robbed them with a weapon or a gun. See appellant's original direct appeal brief, dated march 10, 2003 and argued by counsel Kelly Vickers on page 4-5 in the (statement of the case).

Still no gun was ever found in the appellants possession nor in the appellants jeep. Therefore the arrest warrant was invalid on its face. Also where no gun was retrieved on the route of the car chase.

Therefore the appellants 4th amend. under the United States Constitution was violated by the M.P.D.

(49)

The prosecutor also failed to prove the Ala Statute under first degree Robbery; without producing the gun, by the M.P.D. under Title 13A-8-41 code of Ala. 1975.

Also the appellant asserts that the arrest warrant is invalid because the M.P.D's failure to charge the offense also under the statute's "subsection" which is required by Ala law. Therefore also making the indictment invalid and faulty on its face.


## CONCLUSION


Therefore absence of the gun and failure to prove first degree by the state. This indictment must be vacated under the United States constitution and in violation of the appellants 5th and 14th Due Process of law and equal protection of the law.

(50)

# SUMMARY OF THE ARGUMENT

Does the 4th Amendment of the United States Constitution apply to and invalid and fatally flawed indictment?

# ARGUMENT

Does the 4th Amendment of the United States apply where the appellant's indictment was fatally flawed on its face, thus depriving the court's jurisdiction to render judgment and impose sentence.

The appellant asserts that his indictment is fatally flawed on its face in violation of the appellants 4th, 5th and 14th U.S. Const. Amend.

The appellant also asserts that his indictment is invalid because there were two different names; one different name in the arrest warrant - warrant affidavit and another name of a person on the indictment.

(51)

The appellant also asserts that the name that was signed on the warrant of arrest, and arrest warrant is an employee who did not work that day of the incident took place. Furthermore it was her off day and she did not come on her job on the day of the allege crime.

The woman who's name was printed on the indictment was not the person who the crime was alleged. The person who alleged to be robbed by the appellant was not printed in the indictment. Nor did that person sign the complaint in the warrant of arrest; Nor the arrest warrant. This individual's name is not the person in the indictment as printed.

The Grand jury gave different variations of in which there were three different female names. A different female name for the arrest warrant. A different female name for the warrant of arrest. And finally a different female name printed in the indictment. Therefore making the charging instruments invalid, defective and fatally flawed.

(52)

The prosecutor's failure to file any motions pursuant to Ala. R. Crim. P., Rule 13.5(b); to correct the females name. Therefore the indictment must be dismissed.

## CONCLUSION

The appellant's relief lies in the indictment being dismissed and for a evidentiary hearing on the merits of this issue.

(53)

# ORAL ARGUMENT NOT REQUESTED

The appellant request Not
to give any oral ARGUMENT
iN this proceeding. There-
for the issues are simple
for this court to rule oN

(54)

## CERTIFICATE OF SERVICE

I hereby certify that on this 10TH day of March, 2005 I CHARLES SMITH did serve a copy of the foregoing brief, 39K motion and Application for Rehearing on the following, by placing the same in the United States Mail, First class, postage prepaid and addressed as follows:

THE Honorable Troy King
Office of the Attorney General
State of ALABAMA
11 South UNION Street
Montgomery, Ala 36130

Respectfully Submitted
Charles Smith, pro se
#129560 3-126
P.O. Box 1107
Elmore, Alabama
      36025-1107

(55)

Mr. Charles Smith
#129560 CELL-3 BED 126
DRAPER C.C.
Post Office Box 1107
ELMORE, ALABAMA 36025-1107
February 28, 2005

Leverette
72155

HONORABLE LANE W. MANN
Clerk
ALABAMA Court of Criminal Appeals
Post Office Box 301555
Montgomery, ALABAMA 36130-1555

RE:    Charles Smith v. State
       Criminal Appeals Number 04-0183
       Date Due after Extension- March 12, 2005

Dear Mr. Mann:

    Pursuant to the provisions of Rule 31(d),
A.R.A.P., the Appellant respectfully requests
that an extension of seven additional days
be allowed for the filing of its Application
for Rehearing and brief. Due to the current
circumstances I have not had the sufficient
time to properly prepair for the Appellants
brief upon the due date. Therefore I am
Requesting for the additional seven days.
    I am, this date of Feb 28, 2005; Mailing a
copy of this Request for an Extension of time
to the Attorney General; (Assistant) Mr. TROY KING
and J. Thomas Leverette.

                            Sincerely Yours,
CC: Ala. Attorney General        Charles Smith
    TROY KING

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

*72155 Leverette*

**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-04-0183

Charles Smith v. State of Alabama  (Appeal from Montgomery  Circuit Court:
CC02-920.60)

## ORDER

It is hereby ORDERED that the application for rehearing and supporting brief will be accepted if filed by March 11, 2005.

**Done this the 1st day of March, 2005.**

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Charles Smith, Pro Se
    J. Thomas Leverette, Asst. Atty. Gen.