verdict for my client, because you would find reasonable doubt in this case.

The prosecution is going to get up -- we get one time -- one chance, one shot. And the prosecution is going to get up because they get two opportunities at this. After that, the Judge is going to instruct you. And I believe, after that is done, I think that you're decision will be not guilty for my client. Thank you for your patience and your attentiveness.

MR. POWELL: It's Mr. Durant's position that it's not far-fetched, that someone wearing the exact same thing, that almost look exactly the same as the defendant, gloves were found in his car. He was driving the exact same kind of car. When they searched the car, they found evidence from the robbery. They went back and backtracked the exact route the chase took, found additional evidence, the mask and more bank bags from the robbery. The officers testified that there was no other traffic through the area that night and all of the eyewitness testimony -- now, I never promised anyone to identify him conclusively. I said there were distinctive features, this green scrub shirt. What is the likelihood of two people

1    verdict for my client, because you would find

2    reasonable doubt in this case.

3        The prosecution is going to get up -- we get

4    one time -- one chance, one shot.  And the

5    prosecution is going to get up because they get two

6    opportunities at this.  After that, the Judge is

7    going to instruct you.  And I believe, after that

8    is done, I think that you're decision will be not

9    guilty for my client.  Thank you for your patience

10   and your attentiveness.

11                MR. POWELL:  It's Mr. Durant's

12   position that it's not far-fetched, that someone

13   wearing the exact same thing, that almost look

14   exactly the same as the defendant, gloves were

15   found in his car.  He was driving the exact same

16   kind of car.  When they searched the car, they

17   found evidence from the robbery.  They went back

18   and backtracked the exact route the chase took,

19   found additional evidence, the mask and more bank

20   bags from the robbery.  The officers testified that

21   there was no other traffic through the area that

22   night and all of the eyewitness testimony -- now, I

23   never promised anyone to identify him conclusively.

24   I said there were distinctive features, this green

25   scrub shirt.  What is the likelihood of two people

1   the window.  He knew he needed to get away from
2   those police, because he had just committed a
3   robbery.  This is the evidence that we have before
4   you.  Was there a footprint submitted to forensics
5   for some match, no.  This is not television.  This
6   is real life.  Would it have been nice to have had
7   the patrol video?  Sure, maybe it would have.  Will
8   that raise a question in your mind?  I hope so.
9   Reasonable people, it would.  But there is a
10  distinction between a what if from a footprint or a
11  what if from a video when you've got all of this
12  other physical evidence.
13      Eyewitness testimony.  The police officers who
14  saw him coming out of the business and get in this
15  white jeep.  Now, if you decide the points
16  Mr. Durant made were reasonable doubt, you're the
17  jury, you can do that.  That's why this system in
18  America is so great.  But you've got to ignore all
19  of this physical evidence and accuse those police
20  officers of not telling the truth and committing
21  police misconduct to do that.  Members of the jury,
22  common sense just tells you that didn't happen in
23  this case.
24      This man in this green hospital shirt ran out
25  of an Arby's with bank bags in front of a police

1    officer and they caught him.  You don't need a

2    bunch of crime scene technology like you see on

3    television to figure out that one.  They caught

4    him.  This bank bag was in the car.  He's guilty.

5    Thank you.

6            THE COURT:  Ladies and gentlemen,

7    it's now my duty to explain to you the law that

8    will guide you in your deliberations.  We all

9    appreciate how carefully you've been listening and

10   I know you'll continue to do so.  I'm going to go

11   slow, because, unfortunately, in the State of

12   Alabama, you're not permitted to have a copy of my

13   charge to take with you to the deliberation room.

14   Now, I disagree with the law in that respect, but I

15   must follow it, and so must you.

16       Now, this case is brought to you by an

17   indictment, which charges Charles Smith with armed

18   robbery of LaKeshia Atkins.  I want you to

19   understand from the beginning that the indictment

20   here has no bearing whatsoever on the guilt or the

21   innocence of any person.  It's not evidence in the

22   case.  It's merely the paperwork or legal process

23   by which a case is presented for trial.

24       Now, as to this charge, the defendant has

25   plead not guilty.  A plea of not guilty places the

1    burden on the State of Alabama to prove by the

2    evidence presented, the guilt of defendant beyond a

3    reasonable doubt.  So, before a conviction can be

4    had, each of you must be satisfied beyond a

5    reasonable doubt of his guilt.  Otherwise, he's

6    entitled to an acquittal.

7        In addition, the defendant is presumed to be

8    innocent.  And that presumption attends him until

9    his guilt is established from the evidence beyond a

10   reasonable doubt.  This presumption of innocence is

11   evidence in the case and is to be considered by you

12   with all the other evidence.  It's a fact which is

13   to be considered by you and goes with you -- goes

14   with the defendant to your verdict unless the

15   evidence convinces you beyond a reasonable doubt of

16   the proof of each and every element of the offense

17   here.

18       Now, we've all mentioned reasonable doubt.

19   It's a relative term.  It's not easy to define.

20   But, basically, a reasonable doubt, it's a fair

21   doubt.  It's based upon reason and common sense

22   arising from the evidence.  In short, it's a doubt

23   for which you can assign a reason that comes from

24   the evidence.  Now, a reasonable doubt may arise

25   not only from the evidence produced, but also from

1    a lack of evidence or any part of the evidence.

2    Again, the burden is on the State to prove the

3    defendant guilty beyond a reasonable doubt of each

4    of the elements of the offense, which I'll explain

5    to you in a moment here.

6        Now, the law tells us this about the term

7    reasonable doubt.  It's not just a mere possible

8    doubt.  In other words, it's not a mere guess,

9    surmise, or capricious doubt.  The doubt which

10    would justify an acquittal, it must be an actual

11    doubt.  The reasonable doubt which entitles an

12    accused to an acquittal, it's not fanciful, vague,

13    conjectural or speculative, but it's a reasonable

14    doubt arising from the evidence and remaining after

15    a careful consideration of the testimony and

16    evidence such as men and women such as you would

17    consider under all the circumstances.

18        Now, the State is not required to convince you

19    of defendant's guilt beyond all doubt or to a

20    mathematical certainty.  Again, it's simply beyond

21    a reasonable doubt.  I told you earlier that you're

22    the sole judges of the evidence, and I'm going to

23    remind or explain to you again what is and what is

24    not evidence.  First, as I just said, the

25    indictment here, it is not evidence.  In addition,

1     the arguments, statements, assertions of the

2     attorneys, that is not evidence.  Rulings made by

3     the Court during the course of the trial, that is

4     not evidence.  Evidence is simply the testimony of

5     witnesses under oath from the witness stand.  It's

6     any exhibits or documents that were actually

7     admitted into evidence, and it's also any

8     presumptions of law that I've given you, such as

9     the presumption of innocence.

10         I'll add, there is also what is termed

11    circumstantial evidence.  And there are really two

12    kinds of evidence.  It can be direct evidence or

13    indirect evidence.  And indirect evidence is often

14    referred to as circumstantial evidence.  Now, some

15    of the evidence in this case would be considered to

16    be circumstantial.  Circumstantial evidence is

17    defined as proof positive or circumstances of fact

18    that tend to prove the existence of the facts

19    sought to be proved.  It is inferences drawn from

20    the evidence and physical facts.  In other words,

21    it's what, again, could be referred to as indirect

22    proof.  When part or all of the evidence relied

23    upon is circumstantial, the chain of circumstances

24    must be so complete and of such a character as so

25    to convince you of defendant's guilt beyond a

e by

t is

ny of

   It's


   as



y two

or

often

   some

ered to

is

fact



   from

ords,

direct

ied

tances

as so

a

reasonable doubt.  But if the circumstances permit
an inference considered -- consistent with
innocence, then it would not support a conviction.

   Also, with regard to the evidence, there's
been some testimony regarding the reliability of
identification.  And it's been raised as an issue
in the case and it deserves your attention when
evaluating the credibility of any witness
testifying to the identification.  And you're to
consider it as you would the testimony of all the
other witnesses.  In addition, you're to consider
whether a witness had an adequate opportunity to
observe the person.  You should consider the
circumstances under which the person observed the
person at the length of time.  You can take such
factors as the length of time that a person had to
observe the person, the visibility, the distance,
the lighting conditions.  You can consider those
factors.  If you have a reasonable doubt as to the
identity of the defendant as the person who
committed the offense, then you would not be able
to find the defendant guilty as charged.

   Just as you're the judges of the evidence,
you're also the sole and exclusive judges of the
credibility of the witnesses and the weight that

```
1    reasonable doubt.  But if the circumstances permit

2    an inference considered -- consistent with

3    innocence, then it would not support a conviction.

4         Also, with regard to the evidence, there's

5    been some testimony regarding the reliability of

6    identification.  And it's been raised as an issue

7    in the case and it deserves your attention when

8    evaluating the credibility of any witness

9    testifying to the identification.  And you're to

10   consider it as you would the testimony of all the

11   other witnesses.  In addition, you're to consider

12   whether a witness had an adequate opportunity to

13   observe the person.  You should consider the

14   circumstances under which the person observed the

15   person at the length of time.  You can take such

16   factors as the length of time that a person had to

17   observe the person, the visibility, the distance,

18   the lighting conditions.  You can consider those

19   factors.  If you have a reasonable doubt as to the

20   identity of the defendant as the person who

21   committed the offense, then you would not be able

22   to find the defendant guilty as charged.

23        Just as you're the judges of the evidence,

24   you're also the sole and exclusive judges of the

25   credibility of the witnesses and the weight that
```

1    should be given their testimony.  In passing on the
2    credibility of a witness, you have the right to
3    consider such factors as any bias, interest, or
4    prejudice that may have been exhibited to you while
5    that person was testifying.  You also can consider
6    the demeanor of a witness on the witness stand.
7    That is, how did they appear to you when they were
8    testifying?  You all can consider the basis for
9    their testimony.  That is, how did they know the
10   facts to which they testified?  Did they have an
11   opportunity to observe, hear, just how did they
12   know those facts?  Furthermore, you may accept or
13   reject any part of the testimony of a witness and
14   accept only the testimony you consider worthy of
15   belief.
16       Now, in this case, the defendant has testified
17   in his own behalf, and he has a perfect right to do
18   so.  And you cannot capriciously disregard his
19   testimony anymore than that of any other witness.
20   The law is that you must take his testimony in the
21   case and consider it along with all the other
22   evidence in the case.  But while you are
23   considering or evaluating his testimony, you may
24   also take into consideration his interest in the
25   outcome of the case.

1      Now, there was some evidence that the

2    defendant had a prior conviction.  However, you may

3    consider that only in assessing his credibility in

4    this case.  You cannot assume that just because he

5    may have been convicted of a prior offense that he

6    may have committed this offense.  That's not

7    permissible, as you may only consider a prior

8    conviction in evaluating credibility.

9      Now, as to this particular charge, the

10   defendant is charged with robbery in the first

11   degree.  Under the law of Alabama, a person commits

12   the crime of robbery in the first degree if in the

13   course of committing a theft, he uses or threatens

14   the imminent use of force against the person of the

15   owner of the property or any person present with

16   the intent to overcome that person's physical

17   resistance or physical power of resistance, and, in

18   so doing, he is armed with a deadly weapon.

19      So, in order to convict the defendant, the

20   State would have to prove beyond a reasonable doubt

21   each of these elements of robbery in the first

22   degree.  First of all, that the defendant here,

23   Charles Smith, committed or attempted to commit

24   theft -- and, here, it's theft of property.  It was

25   currency -- lawful currency.  Second, that in the

1    course of committing the theft, the defendant

2    either used force against a person -- and, here,

3    it's particularly charged with LaKeshia Atkins, who

4    was the manager of the establishment; that the

5    defendant either used force against her with the

6    intent to overcome her physical resistance or

7    physical power to resist or threaten imminent use

8    or force against the person or any other person

9    present with intent to compel acquiescence to the

10   taking of the property.  And, third, that the

11   defendant was armed with a deadly weapon.

12       Now, the person commits the crime of theft of

13   property if he knowingly obtains or exerts

14   unauthorized control over the property of another

15   with the intent to deprive the owner of that

16   property.  And a deadly weapon is a firearm or

17   anything designed or adapted for the purpose of

18   inflicting death or serious physical injury.  A

19   person acts intentionally with respect to a result

20   or to conduct when its purpose is to cause that

21   result or to engage in that particular conduct.  A

22   person acts knowingly with respect to conduct or to

23   a circumstance when he is aware that his conduct is

24   of that nature or that the circumstances exist.

25       Now, there's also been some evidence offered

1    that the defendant fled from the scene of the

2    crime.  If you find from the evidence that the

3    defendant fled from the scene of the robbery, then

4    you may consider that evidence as attempting to

5    show his consciousness of his guilt.

6        Now, if you find, from the evidence, that the

7    State has proven beyond a reasonable doubt each of

8    the elements of the offense of robbery in the first

9    degree as charged, then you would find the

10    defendant guilty of that.  On the other hand, if

11    you find that the State has failed to prove one or

12    more of the elements of the offense of robbery in

13    the first degree, then you cannot find the

14    defendant guilty as charged.

15        In a moment, you'll be beginning your

16    deliberations.  In passing on the evidence, you

17    have the right to use your knowledge of people in

18    their affairs.  This is the tool that is given you,

19    in which some of us simply call your common sense.

20        Also, in arriving at your verdict, you must

21    not permit sympathy, prejudice, or emotion to

22    influence you.  Furthermore, you must not base your

23    verdict upon any preconceived idea of what would be

24    a popular or unpopular verdict.  In other words,

25    your verdict must strictly be based on the evidence

presented and the law that applies.

Also, in order to reach a verdict, all twelve of you must reach the same verdict. In other words, there can be no split verdict. It must be unanimous. In a moment, when you go back to the jury deliberation room, one of the first things you need to do is to select one person to act as your foreperson or your spokesperson. Now, that person will have no greater weight in your deliberations than anyone else, but will simply act as your foreperson.

You need to discuss the case, and if you have any questions, there's paper and pencil back there. Have the foreperson write out the question, sign it, and then, if it's a question of law, I will answer it. However, if it's a question of fact, I cannot assist you, as you're the sole and exclusive judges of the facts. Once you've reached a verdict, have the foreperson sign the verdict form and -- there are two doors -- and there's really another door, I'll ask you to knock on if you have any questions or want to take a break or anything, because we'll be doing some other things in the courtroom.

But once you've reached a verdict, let us

1    know, and you'll be brought back into the

2    courtroom, and it will be read in open court.  The

3    verdict form, as well as the exhibits will go back

4    with you to the deliberation room.  Now, with

5    regard to the verdict form, you have a choice --

6    and there's a place -- it's really

7    self-explanatory.  It's, we, the jury, find the

8    defendant guilty of robbery in the first degree as

9    charged in the indictment.  Or we, the jury, find

10   the defendant not guilty.

11       The attorneys are real good about letting me

12   know if I've misstated something or need to charge

13   you further on anything.  What says the State?

14                   MR. POWELL:  State satisfied, Your

15   Honor.

16                   MR. DURANT:  Satisfied.

17                   THE COURT:  I'm going to have you --

18   the law clerk take you back to the deliberation

19   room.  You are in charge of your own time now.  If

20   you want to take a break, you can do so.  And you

21   have your own thermostat back there.  Sometimes

22   it's too hot or too cold in the courtroom.  But the

23   verdict form will go back with you -- and it might

24   take a few minutes -- not that long -- to get the

25   exhibits to also take back with you.  And there are

1  two restrooms back there, and he'll show you the

2  other door if you need anything or have a question

3  or have a verdict to knock on.

4                    (Jurors deliberating.)

5                    (In the presence of jury.)

6                    THE COURT:  I understand you have

7  reached a verdict.  Does the foreperson want to

8  read the verdict?

9                    THE JUROR:  We, the jury, find the

10  defendant guilty of robbery in the first degree as

11  charged in the indictment.

12                    THE COURT:  Okay.  Do you want the

13  jury poled?

14                    MR. DURANT:  Yes.

15                    THE COURT:  I'm going to ask each of

16  you the same question, if you'll just answer.  Is

17  this your verdict?

18                    THE JUROR:  Yes.

19                    THE JUROR:  Yes.

20                    THE JUROR:  Yes.

21                    THE JUROR:  Yes.

22                    THE JUROR:  Yes.

23                    THE JUROR:  Yes.

24                    THE JUROR:  Yes.

25                    THE JUROR:  Yes.

1          THE JUROR:  Yes.

2          THE JUROR:  Yes.

3          THE JUROR:  Yes.

4          THE JUROR:  Yes, ma'am.

5          THE COURT:  And let the Record show

6    that all the jurors showed it was their verdict.

7    And, in accordance with the verdict, the Court will

8    adjudicate the defendant guilty as charged.  And

9    we'll address sentencing in just a moment.

10        On behalf of everyone, I want to tell you how

11   much we appreciate you serving.  I hope this will

12   be a good week for you and that you make some

13   friends along the way.  The good news is that

14   you're excused the rest of the day.  But if you'll

15   call code-a-phone tomorrow, they'll let you know

16   what to do about tomorrow.  But you're excused at

17   this time.

18              (Out of the presence of the jury.)

19          THE COURT:  I'm going to set

20   sentencing for November 12th.

21          MR. POWELL:  Your Honr, at this

22   time, the State puts the defendant on notice of one

23   prior and moves to invoke the gun enhancement as

24   well.

25          THE COURT:  Yes.

1          THE JUROR:  Yes.

2          THE JUROR:  Yes.

3          THE JUROR:  Yes.

4          THE JUROR:  Yes, ma'am.

5          THE COURT:  And let the Record show

6   that all the jurors showed it was their verdict.

7   And, in accordance with the verdict, the Court will

8   adjudicate the defendant guilty as charged.  And

9   we'll address sentencing in just a moment.

10          On behalf of everyone, I want to tell you how

11   much we appreciate you serving.  I hope this will

12   be a good week for you and that you make some

13   friends along the way.  The good news is that

14   you're excused the rest of the day.  But if you'll

15   call code-a-phone tomorrow, they'll let you know

16   what to do about tomorrow.  But you're excused at

17   this time.

18          (Out of the presence of the jury.)

19          THE COURT:  I'm going to set

20   sentencing for November 12th.

21          MR. POWELL:  Your Honr, at this

22   time, the State puts the defendant on notice of one

23   prior and moves to invoke the gun enhancement as

24   well.

25          THE COURT:  Yes.

1                    (End of trial proceedings.)

2                    (Tuesday, November 12, 2002.)

3                    THE COURT:  Charles Smith.

4     Mr. Smith, you're here today for sentencing.  And

5     the State had given notice of both, the weapon

6     enhancement and I think one prior; was that

7     correct?

8                    MR. POWELL:  Correct, Your Honor.

9                    THE COURT:  So, is there anything

10    you want to say before the Court pronounces

11    sentence?

12                   THE DEFENDANT:  No, ma'am.

13                   THE COURT:  What was the prior?

14                   MR. POWELL:  Robbery in the first

15    degree, Judge, from Birmingham.

16                   MR. DURANT:  Judge, it's been --

17    Judge, I think that was ten years ago.  It's been

18    quiet some time.  I'll ask the Court to -- I'll ask

19    the Court to follow the recommendation --

20                   THE COURT:  Well, I heard the

21    evidence in this case, and -- not -- and, although,

22    there was only one victim named in the indictment.

23    In my opinion, there were three victims --

24                   MR. POWELL:  Yes, Judge.

25                   THE COURT:  -- and it was a serious

1    situation.  At this time -- let me see.  Where --

2    did you bring --

3              MS. STRICKLAND:  No, ma'am, it

4    wasn't there.  I had put it on your desk.

5              MR. JOHNSON:  Would you like to look

6    at mine?

7              THE COURT:  Yeah, let me just

8    look -- I needed to look at one thing.

9        I'm going to sentence you to --

10       Do you have your prior?

11             MR. POWELL:  Yes, Your Honor.  But

12   this is what we have.  We were unable to, I

13   believe, get a prior certified from the clerk's

14   office in Birmingham.  But we're able to get this

15   document pursuant to DOC.

16       I'll show that to Mr. Durant.

17             THE COURT:  Is it certified?

18             MR. POWELL:  It is certified, Judge.

19   But regardless, a weapon enhancement is going to

20   trump the Habitual Felony Offender Act in this

21   case.  We're looking at a range of twenty to life,

22   so that's --

23             THE COURT:  Well, I'm going to

24   sentence you to twenty years.  Order DOC to give

25   sixty-day notice prior to any EOS.

1          Is there restitution?

2                    MR. POWELL:  Your Honor, we're

3     showing restitution for missed work for one of the

4     employees in the amount of sixty-two dollars and

5     ninety-six cents.  But we would -- I believe all

6     the money was recovered.  If you remember, most of

7     the bank bags were recovered.  But if you would

8     leave it open and let me double check with Arby's

9     and make sure.

10                   THE COURT:  And I'll need to know

11    what -- who the -- who it goes to.

12                   MR. POWELL:  Shontrice Roberson.

13                   THE COURT:  Shawn Roberson?

14                   MR. POWELL:  Shontrice.

15                   THE COURT:  Okay.

16                   MR. POWELL:  S-h-o-n-t-r-i-c-e.

17    Roberson, Shontrice.

18                   THE COURT:  I didn't quiet spell it

19    right on here.

20         Fifty dollars Crime Victim, court costs,

21    two-hundred dollars attorney's fees.  I am going to

22    impose a fine of two-thousand dollars, order one

23    half of any monies earned paid toward your

24    court-ordered monies.

25         You do have a right to appeal.  If you cannot

1    afford a transcript or an attorney, that can be

2    provided for you.

3        In addition, you'll be given credit for any

4    time actually served as allowed by law.  Okay.

5                MR. DURANT:  Judge, I think --

6    Mr. Smith wants to appeal, he says.

7                THE COURT:  Well, I just -- are you

8    giving oral notice of appeal?

9                THE DEFENDANT:  Yes.

10                THE COURT:  Okay.  This one needs to

11    be done over.  It's -- okay.  That's all.

12                (Court adjourned.)

13

14

15            *  *  *  *  *  *  *  *  *  *

16            END OF PROCEEDINGS

17            *  *  *  *  *  *  *  *  *  *

18

19

20

21

22

23

24

25

# REPORTER'S CERTIFICATE

STATE OF ALABAMA

TALLAPOOSA COUNTY


I, Meridith Newman, Court Reporter and Commissioner for the State of Alabama at Large, hereby certify that on Monday, October 28 and Tuesday, November 12, 2002, I reported the TESTIMONY AND PROCEEDINGS in the matter of the foregoing cause, and that the foregoing pages contain a true and accurate transcription of said proceedings.

I further certify that I am neither of kin nor of counsel to any of the parties to said cause, nor in any manner interested in the results thereof.

This 23rd day of January, 2003.


*Meridith Newman*

Meridith Newman, Court Reporter
Commissioner for the State of
Alabama at Large

MY COMMISSION EXPIRES:  12/30/2005