IN THE SUPREME COURT OF ALABAMA

CHARLES SMITH,                )
                              )
        Petitioner,            )
                              )
   vs.                         )  CASE NO.
                              )
STATE OF ALABAMA,              )  CR-04-0183
                              )
        Appellee.              )

---

PETITION FOR WRIT OF CERTIORARI

TO THE

STATE OF ALABAMA
COURT OF CRIMINAL APPEALS

---

ON APPEAL FROM THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

---

PETITION AND BRIEF OF PETITIONER
WITH A RULE 39(k) STATE OF FACTS

EXHIBIT L

Charles Smith,
Petitioner Pro se
Draper C.C.
P.O. Box 1107
Elmore, AL 36025

## TABLE OF CONTENTS

|  | PAGES |
|---|---|
| PETITION FOR WRIT OF CERTIORARI | III |
| COURT OF CRIMINAL APPEALS AFFIRMATION | IV |
| COURT OF CRIMINAL APPEAS DENIAL OF REHEARING | V |
| TABLE OF AUTHORITIES | VI |
| STATEMENT OF THE CASE | VII |
| STATEMENT OF THE ISSUES | 1 |
| STATEMENT OF THE FACT | 2 |
| ARGUMENT | 3 |
| CONCLUSION | 6 |
| CERTIFICATE OF SERVICE | 7 |
| ADVERSE RULINGS | 8 |

IN THE SUPREME COURT OF ALABAMA

| | |
|---|---|
| CHARLES SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| STATE OF ALABAMA | ) |
| | ) |
| Appellee. | ) |

## PETITION FOR WRIT OF CERTIORARI

TO THE JUSTICE OF THE SUPREME COURT OF ALABAMA:

Comes your Petitioner, CHARLES SMITH, in the above-styled cause, pro se, and petitions this Court for a Writ of Certiorari to issue to the Alabama Court of Criminal Appeals pursuant to Rule 39(k), A.R.App.P. and shows the following:

1). The Petitioner was convicted in the circuit court of Montgomery County, Alabama on October 29, 2003 of the offense of robbery in the first degree. The Court of Criminal appeals affrimed the conviction in a memorandum opinion issued on May 23, 2003. An Application for Re-Hearing and Rule 39(k) Motion were filed and Overruled on March 18, 2005.

2). A copy of the opinion of the Court of Criminal appeals is attached, which shows the Case Number to be CR-02-0327.

3). The Court of Criminal Appeals ruling in the instant case is in direct conflict with this Honorable Court's ruling in Ex Parte Rice, 565 So.2d 606, (Ala.1990).

The Petitioner thus contends that the memorandum opinion rendered by the Court of Criminal Appeals in this case is in direct conflict with opinion in the case fited above on the same

III

points, thus, the Court of Criminal Appeals erred in failing to follow these decision and rule.

Petitioner respectfully requests that after a preliminary examination, the Writ of certiorari be granted and that this Honorable Court proceed under its rules to review the matter complained of and to reverse the judgment of the Court of Criminal appeals, and for such other relief as Petitioner may be entitled.

*Charles Smith #129560*
CHARLES SMITH,
Petitioner (Pro se)
Draper Correctional Center
P.O. Box 1107
Elmore, AL 36025

Rel\05\23\2003\Smith

# Court of Criminal Appeals
### State of Alabama
*Judicial Building, 300 Dexter Avenue*
*P. O. Box 301555*
*Montgomery, AL 36130-1555*

**H.W. "BUCKY" McMILLAN**
*Presiding Judge*
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
*Judges*

*Lane W. Mann*
*Clerk*
*Wanda K. Ivey*
*Assistant Clerk*
*(334) 242-4590*
*Fax (334) 242-4689*

## MEMORANDUM

CR-02-0327                                    Montgomery Circuit Court CC-02-920

<u>Charles Smith, alias v. State of Alabama</u>

Cobb, Judge.

    On October 29, 2002, Smith was convicted of first-degree robbery, a violation of § 13A-8-41(a)(1), Ala. Code 1975. The trial court sentenced him, as a habitual offender with one prior conviction, to twenty years in prison. The trial court also applied the twenty-year-minimum-sentence provision in § 13A-5-6(a)(4). Smith did not file any postconviction motions. This appeal followed.

    The facts adduced at trial indicate that, on April 28, 2002, a masked man wearing a hospital-scrub shirt and white gloves forced an Arby's Restaurant employee to open the restaurant's safe and give him money. The robber put a gun to another employee's head and forced him to place the money in three bank bags. After collecting the money, the robber quickly left the restaurant and drove away in a white Jeep Cherokee.

    Officer E.L. Johnson was driving past Arby's and saw a person running across the parking lot with something in his hand. Officer Johnson turned around and pulled into the

STATE'S EXHIBIT A

IV

parking lot, but had lost sight of the person. One of the Arby's employees shouted at Officer Johnson, "He's in the white truck." (R. 122.) Officer Johnson exited the parking lot onto the highway and attempted to catch up to the Jeep Cherokee.

After a high-speed chase, the Jeep Cherokee was stopped and Smith was found to be the driver, with one of the Arby's bank bags found in the car. Officers searched the chase route and found the other two Arby's bank bags and a mask. No weapon was ever recovered.

On appeal, Smith raises three issues. We address each in turn.

I.

First, Smith argues that the trial court erroneously denied his two motions for judgment of acquittal. Specifically, he takes issue with the fact that, because he wore a mask and the eyewitnesses did not see his face, the majority of the evidence against him was circumstantial.

"'[C]ircumstantial evidence' is often the only evidence there is and may support a conviction. See Cumbo v. State, 368 So. 2d 871 (Ala.Cr.App.), writ denied, 368 So.2d 877 (Ala. 1979). Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused. When reviewing a sufficiency of the evidence claim, we view the evidence in the light most favorable to the state. Johnson v. State, 611 So. 2d 457 (Ala.Cr.App.1992)."

Bush v. State, 611 So. 2d 1205 (Ala. Crim. App. 1992).

The testimony of the eyewitnesses, who identified Smith's clothing, the bank bags, and Smith's moustache, when combined with the officer's testimony that he saw Smith running from Arby's and eventually found Smith to be wearing the same clothes described by the eyewitnesses, and the evidence found in Smith's car and on the chase route, although circumstantial, certainly point to Smith's being the masked, armed robber on the day in question. Therefore, the State presented sufficient evidence to prove that Smith was the robber in this case, and his sufficiency-of-the-evidence argument on appeal is without merit.

2

## II.

Second, Smith argues that the trial court erroneously denied his motion for a continuance and his request for new counsel.[1] At trial, the following exchange occurred:

"[THE COURT]: What did you want to tell the court?

"[THE DEFENDANT]: Oh, yes. I'm not ready to go to court, because I feel like I have a bond trust [sic] -- bridge trust [sic] in my attorney. I would like to get me another attorney.

"[THE COURT]: Mr. Smith, we're -- you're going to trial today. Mr. Durant is a -- he's a very good attorney. He'll represent you well. And we aren't going to wait just to -- when the jury is standing out there ready to be brought in. So if you're asking for a motion for a continuance, that's denied. And motion for another attorney, that's denied."

(R. 6-7.)

As the State points out,

> "When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel. If the defendant can establish 'good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead . . . to an apparently unjust verdict,' the court must substitute new counsel. However, the mere loss of confidence in his appointed counsel does not establish 'good cause.' Defendant

---

[1] To the extent that Smith also attempts to argue that trial counsel rendered ineffective assistance during the trial. Smith never presented this argument to the trial court, and, therefore, has not preserved it for appellate review.

3

> must have some well founded reason for believing that the appointed attorney cannot or will not competently represent him. . . . The defendant cannot insist upon new counsel because he doesn't like the appointed counsel's 'attitude,' association with the prosecutor, or approach on matters of strategy. While ideally a 'relationship of trust and confidence' should exist between accused and his attorney, the Sixth Amendment, the Supreme Court has noted, guarantees only competent representation, not 'a meaningful attorney-client relationship.'"
>
> "2 W. LaFave & J. Israel, Criminal Procedure § 11.4 at 36-37 (1984).
>
> "...'The right to chose counsel is a shield and part of an accused's due process rights. It should not be used as a sword with the purpose of obstructing the orderly procedure of the courts or to interfere with the fair administration of justice. Tate v. State, 346 So.2d 515, 521 (Ala. Cr. App. 1977)." Richardson v. State, 476 So.2d 1247, 1248 (Ala. Cr. App. 1985) (wherein the court found no error in denying motion to substitute counsel on the day of trial).

Robinson v. State, 581 So. 2d 1197, 1200 (Ala. Crim. App. 1990).

Smith's objection at trial did not specify any particular reason for wanting a new attorney other than a mere loss of confidence, if anything. He did not allege that counsel was affected by a conflict of interest, or that he and counsel had had a complete breakdown of communication or an irreconcilable conflict. Although Smith offers on appeal several reasons for wanting a new attorney, those reasons were not timely presented to the trial court. Additionally, those reasons are general and insufficient to establish the need for new counsel -- a lack of sufficient communication with the client and a failure to submit pretrial motions. From aught that appears in the record, there was no reason to move the trial court for new counsel, except to delay the proceedings. Therefore, the trial court's denial of Smith's motion was correct, and his argument is without merit.

4

## III.

Finally, Smith argues that the trial court erroneously ruled "there was no problem in the recycling of potential exculpatory evidence (the video tape)." (Appellant's brief on appeal.) During trial, one of the police officers involved in chasing Smith as he fled the scene of the robbery testified that the video camera in his car filmed the chase. Defense counsel demanded the tape. The prosecutor stated that he had never heard of such a tape. After a hearing, the trial court found that the tape had been inadvertently erased and recycled at the police department, and there was no reversible error because of the inadvertent recycling.

As he did at trial, Smith claims on appeal that the video tape "could have contained exculpatory evidence." (Appellant's brief on appeal.) He does not specify what this exculpatory evidence would have consisted of. Essentially, Smith claims a violation of Brady v. Maryland, 373 U.S. 83 (1963).

In Davis v. State, 720 So. 2d 1006, 1026 (Ala. Crim. App. 1998), this Court stated:

> "'"In order to establish a Brady violation, appellant must prove: '(1) The prosecution's suppression of evidence; (2) The favorable character of the suppressed evidence for the defense; (3) The materiality of the suppressed evidence.'" Knight v. State, 478 So. 2d 332, 335 (Ala.Cr.App. 1985). Impeachment evidence, as well as exculpatory evidence, falls within the Brady rule. See Giglio v. United States, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972).'"

Smith has not established, and the record does not reflect, that the prosecution suppressed any evidence. Smith has not established, or even alleged, the favorable character of the suppressed evidence for the defense. Therefore, he has not established a Brady violation, and his argument is without merit.

For the reasons stated above, the judgment of the trial court is affirmed.

AFFIRMED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.

5

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Sonja McKnight
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

March 18, 2005

CR-04-0183

Charles Smith v. State of Alabama   (Appeal from Montgomery Circuit Court: CC02-920.60)

## NOTICE

You are hereby notified that on March 18, 2005 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

                                                   **Lane W. Mann, Clerk**
                                                   **Court of Criminal Appeals**

cc: Hon. Melissa Rittenour, Circuit Clerk
    Charles Smith, Pro Se
    J. Thomas Leverette, Asst. Atty. Gen.

TABLE OF AUTHORITIES

CASES                                                          PAGES

Johnson v. State, 564 So.2d 1019 (Ala.Cr.App. 1998)              3

Benefield v. State, So.2d 583 So.2d 1370 (Ala.Cr.App.1991)       3

Ex Parte Rice, 656 So.2d 606 (Ala. 1990)                        III

Brady v. Maryland, 10 L.Ed.2d 215 (1963)                         4


STATUTES

Alabama Code section 13A-8-41

Alabama Rules of Criminal Procedure, Rule 32.9(d)

VI

## STATEMENT OF THE CASE

a. <u>Nature if the case</u>.

This is the appeal of the trial Court's denial of Appellant's Petition For Post-conviction Relief pursuant to Rule 32, A.R.Cr.P.

b. <u>Course of Proceedings</u>.

The Appellant was indicted for the offense of robbery in the first degree by a true bill of the Montgomery County Grand Jury, Summer Term, 2002. (CR-05), the Appellant filed his written Plea of Not Guilty and Waiver of Arraignment. The Appellant was represented at that time by Hon. Charles Law (CR-11) On appeal the Appellant was represented by the Hon.Kelly Vickers (CR-11).Post-conviction proceeding pro se.

c. <u>Disposition in the Court below</u>.

On the 12th day of November, 2004, the Appellant was sentenced by the trial Court to a term of twenty (20) years in the state pentientiary, (CR-05). After the Appellant's conviction was affirmed on appeal he filed the Petition for rule 32 Relief. The State responsed to Appellant's Petition by filing a Motion To Dismiss, without exhibits or affidavits (CR-63).

On the 5th day of October, 2004, the trial Court dismissed the Appellant's Petition without holding an evidentiary hearing of any kind. (CR-78). The trial Court's dismissal was based in part on the assumption that the Appellant had incorrectly alleged in his Petition

VII

issues of denial of new counsel deprived him of effective assistance of counsel, that were raised and addressed at trial and on appeal. (CR-79). No such allegation is found in Appellant's Petition, and the Order is therefore factually incorrect. (CR-79).

STATEMENT OF THE ISSUES

I.
THE TRIAL COURT ERRED IN NOT GRANTING
AN EVIDENTIARY HEARING ON PETITIONER'S
PETITION FOR RULE 32

II.
THE TRIAL AND APPELLATE COURTS MISCONSTRUED
THE FACTS AND ISSUES INVOLVED WHEN IT AFFIRMED
THE TRIAL COURT'S ORDER DENYING PETITIONER'S PETITION

## STATEMENT OF THE FACTS

The Petitioner pursuant to Rule 39(k) of the Alabama Rules of Appellate Procedure requires that this Court accept the Statement of Facts as presented in his original brief as true and correct in this, his Petition for Writ of Certiorari.

2

Order dismissing the Appellant's Petition is therefore deficient in that respect.

### ARGUMENT II.
### THE TRIAL AND APPELLATE COURTS MISCONSTRUED THE FACTS AND ISSUES INVOLVED WHEN IT AFFIRMED THE TRIAL COURT'S ORDER <u>DENYING APPELLANT'S PETITION</u>

Holding in their motion to dismiss that appellant's claim of the trial court being in error in denying appellant's motion for new counsel and for a continuance deprived appellant of effective assistance of trial counsel, is preculded pursuant to Rule 32.2.(a)(4). The Appellant pointed out in his appeal that his counsel's conduct deprived him of several available grounds of defense, i.e. the state's suppression of requested evidence of a video tape showing an alleged 100 miles pre hour chase, alleged by the state, that is favorable to the Appellant, and in violation Brady v. Maryland, 373 U.S. 83, 83 S.ct. 1194, 10 L.Ed.2d 215 (1963) (TR-237), without an objection from trial counsel, and that trial counsel on the day of trial did not have any facts of the case in his file, and only wanted to withdraw, due to a conflict of interest, but Ordered by the Court to continue representing appellant. (CR-6-7).

This Court should also note that the trial Court's Order also

4

contains a factually erroneous statement which also justifies the reversal and remanding of this case. the trial Court stated:

> 'That: [t]his issue was raised and addressed on direct appeal and the defendant's conviction was affirmed .. therefore defendant is precluded from raising these same grounds in a Rule 32 Petition ..."' (CR-64,79).

The above statement misstates the Appellant's petition, the contents of his Petition for Rule 32 relief, and appears to reflect a fundamental misunderstanding of the Appellant's facts and claims. This Appellant alleged in his opposition to the State's Motion To Dismiss that there was an actual conflict of interest existed between his attorney and himself, and but for that conflict of interest suppressed evidence by the State would have been objected to; also the indictment would have been objected to on the basis that it expose the Appellant to danger of a second trial on the same charge. Trial counsel also failed to properly and expressly reserve the right to raise the suppression issue and the indictment issue on appeal.

5

## CONCLUSION

The trial Court's failure to specifically address the merits of the Appellant's factual allegations and the factully incorrect statements contained in the trial Court's Order dismissing the Petition warrant the reversal of that Order, and the remanding of the case for further proceedings.

6

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Petition for Writ of Certiorari and Brief on the Honorable Troy King, Attorney General for the State of Alabama, and the Alabama Supreme Court of Alabama, by placing copies of the same in the United State mail, postage prepaid properly addressed on this 7th day of April, 2005:

Honorable Troy King
Attorney General, State of Alabama
Alabama State House
11 South Union Street
Montgomery, Ala 36130

In the Supreme Court of Alabama
300 Dexter Avenue
Montgomery, Alabama 36104-3741

APPENDIX 1

ADVERSE RULINGS
OF THE TRIAL COURT

1. Denial of Appellant's [Motion For New Counsel based on a conflict of interest.](CR-06) or (TR.270).

2. Dismissal of Appellant's Petition for Rule 32 Relief. (CR-78).

8