IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| CHARLES SMITH, SR., #129 560 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-935-T |
| JAMES DELOACH, WARDEN, *et al*., | * |
| Respondents. | * |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Charles Smith, on September 27, 2005. In this petition, Petitioner challenges his conviction for first degree robbery entered against him by the Circuit Court for Montgomery County, Alabama, on October 29, 2002. On November 12, 1992 the trial court sentenced Petitioner to twenty years imprisonment. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction in a memorandum opinion filed May 23, 2003 and issued a certificate of judgment on June 10, 2003. By operation of law, Petitioner's convictions became final on June 24, 2003.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner's conviction became final in 2003- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Petitioner filed a Rule 32 petition with the trial court on January 27, 2004.[2] They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. (Doc. No. 8 at 5-6.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335. n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of first degree robbery in the Circuit Court for Montgomery County, Alabama, on October 29, 2002. On November 12, 2002 the trial court imposed sentence on Petitioner. Petitioner filed a direct appeal. The Alabama

---

[2] This is the date Petitioner signed his Rule 32 petition. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the state petition] was delivered to prison authorities the day [Smith] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

Court of Criminal Appeals affirmed Petitioner's conviction on May 23, 2003 and issued a certificate of judgment on June 10, 2003. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2002 robbery conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[3] Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's robbery conviction became final on June 24, 2003 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 218 days after Petitioner's conviction became final until the filing a Rule 32 petition in the Circuit Court for Montgomery on January 27, 2004. This petition remained pending in the state courts until

---

[3] Respondents' contention that Petitioner's conviction became final on May 9, 2000 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari. Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

April 11, 2005 when the Alabama Supreme Court dismissed Petitioner's petition for writ of certiorari as untimely. The Alabama Court of Criminal Appeals issued a certificate of judgment the same day. Thus, as of the aforementioned date, the petitioner had 147 days of the applicable limitation period remaining within which to file a federal habeas petition. The court therefore concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on September 6, 2005.

Petitioner filed his federal habeas petition on September 27, 2005. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before November 16, 2005 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 27th day of October, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE