IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CHARLES SMITH, SR., #129 560   *

    Petitioner,   *

v.   *   2:05-CV-935-MHT
                                 (WO)

JAMES DELOACH, WARDEN, *et al.*,   *

    Respondents.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Charles Smith, Sr., ["Smith"] on September 27, 2005.[1] In this petition, Smith challenges his conviction for first degree robbery entered against him by the Circuit Court for Montgomery County, Alabama, on October 29, 2002. On November 12, 2002 the trial court sentenced Smith to twenty years imprisonment. The Alabama Court of Criminal Appeals affirmed Smith's conviction in a memorandum released May 23, 2003 and issued a certificate of judgment on June 10, 2003. By operation of law, Petitioner's convictions became final on June 24, 2003. (*See Doc. No. 8, Exhs. A-E.*)

---

[1] Although the present petition was stamped "filed" in this court on October 3, 2005, the petition was signed by Smith on September 27, 2005. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Smith] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes September 27, 2005 as the date of filing.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Smith's conviction became final in 2003- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Smith filed a Rule 32 petition with the trial court. They argue, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Smith filing this federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Smith that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No.* 9.) The order also gave Smith an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Smith filed his response on November 17, 2005. (*Doc. No. 10.*) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

## I. DISCUSSION

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[3] Respondents maintain that Smith's habeas petition is time-barred because it was not filed within the one-year "grace period" allowed under applicable case law.[4] According to Respondents, because

---

[3]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4]Subsection (d) of 28 U.S.C. § 2244 was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Smith's conviction became final in 2003 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Smith was convicted of first degree robbery in the Circuit Court for Montgomery County, Alabama, on October 29, 2002. He appealed this conviction.

The Alabama Court of Criminal Appeals affirmed Smith's conviction in a memorandum filed May 23, 2003. Smith did not file an application for rehearing nor did he request certiorari review of his conviction in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on June 10, 2003. Since Smith did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2002 robbery conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[5] Rule 39(b), *Alabama Rules of Appellate Procedure*;

---

[5]Respondents' contention that Smith's conviction became final on June 10, 2003 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days

*see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Smith's robbery conviction became final on June 24, 2003 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 217 days after Smith's conviction became final until the filing a Rule 32 petition in the Circuit Court for Montgomery on January 27, 2004. This petition remained pending in the state courts until April 11, 2005 when the Alabama Supreme Court dismissed Smith's petition for writ of certiorari as untimely. The Alabama Court of Criminal Appeals issued a certificate of judgment the same day. (*See Doc. No. 8, Exhs. F-N.*) Thus, as of the aforementioned date, Smith had 148 days of the applicable limitation period remaining within which to file a federal habeas petition. The court therefore concludes that the time allowed Smith for the filing of a federal habeas petition expired on September 6, 2005.

---

within which Smith could have filed a petition for writ of certiorari. Upon expiration of the fourteen days within which Smith could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

5

*A. Equitable Tolling*

The law is well settled that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001).

Smith maintains that he is entitled to equitable tolling of the limitation period because 1) the Alabama Supreme Court erred when it dismissed his petition for writ of certiorari on April 11, 2005 as being untimely filed; 2) he did not have a trial transcript during the 217 days in which the limitation period ran; and 3) appellate counsel rendered ineffective assistance by failing to file a petition for writ of certiorari following the appellate court's affirmance of his direct appeal. (*Doc. No. 10*.)

With regard to Smith's first argument in support of equitable tolling, he contends that his petition for writ of certiorari which he filed on April 7, 2005 was timely because he filed a motion for extension of time which was granted. Smith further states "Petitioner responds [sic] brief show the Petitioner filed a motion of reconsideration on 7 April 2005 from the dismissal of Petitioner writ of certiorari was denied." (*Doc. No. 10 at 2-3*.) While the court finds the latter statement unclear in light of the evidence before it,[6] what is not unclear is that Smith fails to demonstrate how or why the Alabama Supreme Court's ruling on his petition for writ of certiorari either warrants equitable tolling of the federal limitation period or impeded his ability to file a timely federal habeas application.

Secondly, Smith contends that he is entitled to equitable tolling of the limitation period inasmuch as he did not have a copy of his trial transcript during the time between the conclusion of his direct appeal proceedings and the filing of his Rule 32 petition. Even though Smith was not in possession of his trial transcript for the period of time he alleges, he has failed to set forth any "extraordinary circumstances" which prevented the filing of a timely habeas petition. *See Donovan v. Maine,* 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript no basis for equitable tolling of one-year limitation period); *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) (same); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th

---

[6]The evidence of record reflects that the Alabama Court of Criminal Appeals granted Smith an enlargement of time to submit his application for rehearing. (*See Doc. No. 8, Exh. J at 63-65.*) There is no evidence, however, which reflects that Smith requested either an enlargement of time to file a petition for writ of certiorari or that he filed a motion for reconsideration from the denial of his certiorari petition as untimely.

Cir. 2001) ("Possession of a transcript, however, is not a condition precedent to the filing of [a petition for post-conviction relief]"; *see also Pacheco v. Artuz,* 193 F. Supp.2d 756, 760 (S.D.N.Y.2002) (the § 2244(d)(1)(D) time bar runs "'from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim.'"); *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D.La. 2000) (transcript unnecessary to prepare habeas petition); *Fadayiro v. United States,* 30 F. Supp.2d 772, 779-780 (D.N.J. 1998) (delay in receiving transcripts not sufficiently extraordinary to justify application of equitable tolling); *United States v. Van Poyck,* 980 F. Supp. 1108, 1110-1111 (C.D.Cal. 1997) (delay in receipt of transcript not an "extraordinary circumstance[ ]" sufficient to justify equitable tolling). In light of the foregoing, the court concludes that Smith's lack of access to his trial transcript does not establish an extraordinary circumstance sufficient to justify equitable tolling.

Finally, Smith argues that he is entitled to equitable tolling as a result of appellate counsel's failure to present claims for relief during the direct appeal process and specifically, in a petition for writ of certiorari.[7] This argument in support of equitable tolling is likewise

---

[7] Smith is advised that the State of Alabama authorizes appointment of counsel for a convicted defendant who files a first appeal as of right following his conviction. *See Johnson v. State*, 584 So.2d 881, 883 (Ala. Crim. App. 1991). This right to appointed counsel, however, is not further extended for a defendant who seeks either discretionary review in the Supreme Court of Alabama or a writ of certiorari in the United States Supreme Court. *Ross v. Moffit*, 417 U.S. 600, 610-12, 615-18 (1974); *Wainwright v. Torna*, 455 U.S.

unavailing as the actions of counsel about which Smith complains fail to establish any impediment to the filing of a timely habeas petition in this court.

*B. Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A period of 217 days of the tolling period ran uninterrupted between June 24, 2003 and the filing of Smith's Rule 32 petition on January 27, 2004. When the Rule 32 proceedings were completed on April 11, 2005 with the issuance of a certificate of judgment, another 168 days of the limitation period elapsed before Smith filed the instant petition on September 27, 2005. Put another way, when Smith' post-conviction proceedings were completed on April 11, 2005, he had 148 days left, or until September 7, 2005, to file a timely habeas corpus petition with this court. Smith filed the instant federal habeas petition on September 27, 2005. Under the facts and circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired, at the latest, on September 7, 2005. The limitation period, therefore, lapsed prior to Smith filing this federal action.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

---

586, 587 (1982) ("a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or application for review in the [United States Supreme] Court."); *see also Cunningham v. State*, 611 So.2d 510, 511 (Ala. Crim. App. 1992).

for habeas corpus relief filed by Charles Smith, Sr., be DENIED and DISMISSED with prejudice as Smith failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

It is further

ORDERED that on or before November 6, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done, this 24th day of October 2007.

                                       /s/Terry F. Moorer
                                     TERRY F. MOORER
                                     UNITED STATES MAGISTRATE JUDGE